ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
      – and –
PAUL J. GELLER
STUART A. DAVIDSON (*pro hac vice*)
MARK DEARMAN
JASON H. ALPERSTEIN
120 East Palmetto Park Road
Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
jalperstein@rgrdlaw.com

LABATON SUCHAROW LLP
JOEL H. BERNSTEIN
MICHAEL W. STOCKER (179083)
CORBAN S. RHODES
ROSS M. KAMHI
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
jbernstein@labaton.com
mstocker@labaton.com
crhodes@labaton.com
rkamhi@labaton.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 16-MD-02752-LHK |
| BARBARA STRAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>YAHOO! INC.,<br><br>                              Defendant. | Case No. 5:16-CV-06990-LHK<br><br>CLASS ACTION<br><br>AMENDED COMPLAINT FOR GROSS NEGLIGENCE; BAILMENT; BREACH OF IMPLIED CONTRACT; BREACH OF EXPRESS CONTRACT; VIOLATION OF KANSAS CONSUMER PROTECTION ACT (KAN. STAT. ANN. §50-623, *ET SEQ.*); VIOLATION OF KANSAS SECURITY BREACH LAW (KAN. STAT. ANN. §50-7a02, *ET SEQ.*); AND DECLARATORY RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Barbara Stras ("Plaintiff"), individually and on behalf of all other similarly situated Yahoo Mail Plus and Yahoo Ad-Free Mail (collectively, "Yahoo Ad-Free Mail") users by her undersigned attorneys, brings this amended class action complaint against defendant Yahoo! Inc. ("Yahoo," the "Company" or "Defendant") based on personal knowledge as to herself and upon information and belief as to all other matters based on the investigation of counsel.

## NATURE OF THE ACTION

1.       Defendant Yahoo is a leading Internet company that provides Internet-based services to hundreds of millions of users on a regular and consistent basis. As part of its business, Yahoo collects and stores large volumes of sensitive personal information about its users, including the users' names, email addresses, telephone numbers, birth dates, passwords and security questions linked to a users' account. Yahoo requires all of this information in order to create an account.

2.       Despite the fact that it requires, collects and stores sensitive personal information for hundreds of millions of users, the Company has failed to adequately protect its users or itself from data breaches. Indeed, Yahoo's security systems have been breached in the past, and the Company has demonstrated that it cannot adequately secure the personal information of its users.

3.       Despite Yahoo's promises to "take[] your privacy seriously," to "limit access to personal information about you to employees who we believe reasonably need to come into contact with that information to provide products or services to you or in order to do their jobs," and to "have physical, electronic, and procedural safeguards that comply with federal regulations to protect personal information about you," Yahoo failed to live up to those promises when it failed to adequately protect is users' personal information.

4.       Specifically, on September 22, 2016, Yahoo issued a press release in which it announced that a "recent investigation" confirmed that sensitive personal account information associated with at least ***500 million user accounts*** "was stolen from the company's network in late 2014 by what it believes is a state-sponsored actor" (the "2014 Data Breach").  The stolen information included users' "names, email addresses, telephone numbers, dates of birth, hashed

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                                                   - 1 -

1  passwords . . . and, in some cases, encrypted or unencrypted security questions and answers."

2  Reports indicate that *this data breach was the largest from a single site in history*.

3        5.     Then, on December 14, 2016, Yahoo issued a press release in which it announced

4  another, even larger data breach.  Indeed, the press release revealed that "an unauthorized third party,

5  in August 2013, stole data associated with *more than one billion user accounts*" (the "2013 Data

6  Breach"), and explained that the 2013 Data Breach "is likely distinct from the incident the company

7  disclosed on September 22, 2016," *i.e.*, the 2014 Data Breach.  The information stolen as part of the

8  2013 Data Breach "included users' names, email addresses, telephone numbers, dates of birth,

9  hashed passwords . . . and, in some cases, encrypted or unencrypted security questions and answers."

10  Reports indicate that the 2013 Data Breach *was the largest from a single site in history—more than*

11  *double the size and scope of the 2014 Data Breach, which had been the largest such breach at the*

12  *time it was announced.*

13        6.     As a result of Defendant's failure to establish and implement basic data security

14  protocols, contrary to Yahoo's guarantees, its users' personal information is now in the hands of

15  criminals and/or enemies of the Unites States, subjecting Plaintiff and the Class (as defined below)

16  to the serious risk of identity theft in a wide variety of forms.

17        7.     Worse yet, Yahoo was so grossly negligent in securing its users' personal information

18  that it appears to have taken years to uncover and disclose the existence and extent of these security

19  breaches.   The gross mismanagement of these highly sensitive situations is compounded by

20  conflicting statements from Yahoo about when the Company first because aware of the breaches.

21  First, Yahoo has said that it did not even discover either the 2013 Data Breach or the 2014 Data

22  Breach until years after both incidents occurred. Indeed, Yahoo's initial statement about the 2014

23  Data Breach indicated that it was not discovered until the summer of 2016, and its recent statement

24  about the 2013 Data Breach is that it was not discovered until late November 2016.  In other words,

25  by one account, Defendant's misconduct was so bad that it evidently allowed unauthorized and

26  malicious access to Plaintiffs' and the Class members' personal information on Defendant's

27

28

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK     - 2

1   computer systems to continue unimpeded for ***nearly two years*** (with respect to the 2014 Data

2   Breach) and for ***approximately three years*** (with respect to the 2013 Data Breach), respectively.

3         8.      However, Yahoo later admitted in a recent United States Securities and Exchange

4   Commission ("SEC") filing that at least some employees at Yahoo ***were aware of a major hacking***

5   ***incident in 2014***.[1]  Moreover, circumstantial evidence further suggests that certain Yahoo insiders

6   did know of the 2014 Data Breach long before it was disclosed, but hid it from the public until after

7   a $4.8 billion sale of the Company to Verizon Communications Inc. ("Verizon") was announced in

8   July 2016.  Verizon has stated that it did not learn of the breach until September 20, 2016, and

9   commentators have noted that "Verizon might want to lower the price it is paying because it wasn't

10   notified of the hack sooner and doesn't yet know the full liability Yahoo and Verizon would face

11   from victims of the hack."  However, countless media outlets have reported that Yahoo Chief

12   Executive Officer Marissa Mayer knew about the breach in July 2016, before telling Verizon that the

13   Company had not been the subject of a breach.

14         9.      Following the December 14, 2016 announcement of the 2013 Data Breach, reports

15   have indicated that Verizon is considering backing out of its planned acquisition of Yahoo.

16         10.     Plaintiff and Class members must now take matters into their own hands to protect

17   themselves from fraud.  Indeed, although the Company has stated that the "ongoing investigation"

18   suggests that the stolen information did not include payment card data or bank account information,[2]

19   Yahoo has nevertheless encouraged its users to consider placing a "security freeze" (also known as a

20   "credit freeze") on their credit file.  A security freeze is designed to prevent potential creditors from

21   accessing an individual's credit file at the consumer reporting agencies without the individual's

22   consent, and, according to Yahoo's notice to its users, costs roughly between $5 and $20 per freeze.

23   Yahoo has offered no financial assistance to its users.

24

25

26   [1]   *See* Yahoo! Inc. SEC Quarterly Report (Form 10-Q) (filed Nov., 9, 2016), https://www.sec.gov/Archives/edgar/data/1011006/000119312516764376/d244526d10q.htm (last visited Dec. 16, 2016, 3:40 p.m.).

27   [2]   Plaintiff does not state this as a definitive fact.

28   AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK     - 3

11.     Moreover, Plaintiff and the Class of Yahoo Ad-Free Mail users she seeks to represent have **paid Yahoo for premium email service** based on, among other things, the promise by Yahoo to adequately secure their personal, private information.  Plaintiff would not have paid Yahoo for premium email service had she known that Yahoo would recklessly fail to secure her personal data that is now in the hands of criminals.

12.     Plaintiff brings this class action lawsuit against Yahoo on her own behalf and on behalf of all other similarly situated Yahoo Ad-Free Mail users for failing to adequately safeguard her and the Class' personal information.  Plaintiff seeks judgment requiring Yahoo to remedy the harm caused by its misconduct, which includes compensating Plaintiff and Class members for the resulting account fraud and for all reasonably necessary measures Plaintiff and Class members have had to take in order to identify and safeguard the accounts put at risk by Yahoo's grossly negligent security.  Plaintiff further seeks a declaratory judgment declaring unenforceable the limitation of liability clause in Yahoo's Terms of Service.

## INTRADISTRICT ASSIGNMENT

13.     A substantial part of the events or conduct that give rise to the claims in this action occurred in the County of Santa Clara, and as such this action is properly assigned to the San Jose Division of this Court.

## PARTIES

14.     Plaintiff Barbara Stras is a natural person and a resident and citizen of Kansas.  Ms. Stras is one of the approximately 500 million Yahoo users whose personal information was stolen in connection with the 2014 Data Beach and one of the approximately 1 billion Yahoo users whose personal information was stolen in connection with the 2013 Data Breach because Yahoo was reckless in failing to secure such information, and is a member of the Class of Yahoo Ad-Free Mail users who paid Yahoo for premium email service.

15.     Defendant Yahoo is a Delaware corporation and a citizen of California, headquartered at 701 First Avenue, Sunnyvale, California 94089.  Yahoo does business throughout the State of

1    California and the United States.  Yahoo maintains a substantial portion of its computer systems in

2    California.

3                       **JURISDICTION AND VENUE**

4         16.      Jurisdiction is proper in this Court pursuant to the United States Class Action Fairness

5    Act, 28 U.S.C. §1332(d), because: (i) the proposed Class consists of well over 100 members; (ii) the

6    parties are minimally diverse, as members of the proposed Class are citizens of a state different from

7    Defendant's home state; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive

8    of interests and costs.

9         17.      This Court has personal jurisdiction over Plaintiff because Plaintiff submits to the

10    Court's jurisdiction.  This Court has personal jurisdiction over Yahoo because it maintains its

11    principal headquarters in California, regularly conducts business in California and has sufficient

12    minimum contacts in California.  In addition, Plaintiff's claims arise out of Defendant conducting

13    and transacting business in California, and many of the actions giving rise to the Complaint took

14    place in this District.

15         18.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because Yahoo is a

16    resident of this District and is subject to this Court's personal jurisdiction.  Yahoo is registered to

17    conduct business throughout California, regularly conducts business in this District and maintains an

18    office in this District.  In addition, the causes of action arose, in substantial part, in this District.

19                         **FACTUAL ALLEGATIONS**

20    **Company Background**

21         19.      Yahoo is a Delaware corporation that operates a host of Internet websites and

22    services, including web portal, search engine and email service, among others.

23         20.      Yahoo's security systems have been breached before. In July 2012, a group of

24    hackers based in Eastern Europe breached Yahoo's security measures and extracted email addresses

25    and passwords that were stored unencrypted within a Yahoo database.  The hackers then posted

26    these login credentials online, in an effort to expose Yahoo's lax security measures.

27

28

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK      - 5 -

21. Yahoo guarantees its users that it will take certain specific steps to protect the personal, private information Yahoo requires an individual provide the Company in order to create an account. Specifically, Yahoo promises on its website and in its Privacy Policy:

- to "take[] your privacy seriously";

- to "limit access to personal information about you to employees who we believe reasonably need to come into contact with that information to provide products or services to you or in order to do their jobs"; and

- to "have physical, electronic, and procedural safeguards that comply with federal regulations to protect personal information about you."

**The 2014 Data Breach**

22. According to Yahoo, it first learned of a potentially massive data breach at some point during the summer of 2016, when hackers posted to underground online forums certain data that they claimed was obtained from Yahoo. It was not clear whether the data came from Yahoo itself (as opposed to a third-party service), and so Yahoo launched an investigation, but was unable to confirm whether the stolen data had originated from a breach at Yahoo.

23. Although the Company says that it did not find evidence that the stolen data came from its own systems, it did find evidence of a far more serious breach: according to Yahoo, in 2014, a state-sponsored actor stole account information associated with approximately 500 million Yahoo users.

24. On September 22, 2016, Yahoo issued a press release announcing that its internal investigation had confirmed that account information associated with ***at least 500 million user accounts*** had been stolen. The press release stated, in part, as follows:

> A recent investigation by Yahoo! Inc. has confirmed that a copy of certain user account information was stolen from the company's network in late 2014 by what it believes is a state-sponsored actor. The account information may have included names, email addresses, telephone numbers, dates of birth, hashed passwords (the vast majority with bcrypt) and, in some cases, encrypted or unencrypted security questions and answers. The ongoing investigation suggests that stolen information did not include unprotected passwords, payment card data, or bank account information; payment card data and bank account information are not stored in the system that the investigation has found to be affected. Based on the ongoing investigation, Yahoo believes that information associated with at least 500 million user accounts was stolen and the investigation has found no evidence that the state-sponsored actor is currently in Yahoo's network. Yahoo is working closely with law enforcement on this matter.

Yahoo is notifying potentially affected users and has taken steps to secure their accounts. These steps include invalidating unencrypted security questions and answers so that they cannot be used to access an account and asking potentially affected users to change their passwords. Yahoo is also recommending that users who haven't changed their passwords since 2014 do so.

Yahoo encourages users to review their online accounts for suspicious activity and to change their password and security questions and answers for any other accounts on which they use the same or similar information used for their Yahoo account. The company further recommends that users avoid clicking on links or downloading attachments from suspicious emails and that they be cautious of unsolicited communications that ask for personal information. Additionally, Yahoo asks users to consider using Yahoo Account Key, a simple authentication tool that eliminates the need to use a password altogether.

Online intrusions and thefts by state-sponsored actors have become increasingly common across the technology industry. Yahoo and other companies have launched programs to detect and notify users when a company strongly suspects that a state-sponsored actor has targeted an account. Since the inception of Yahoo's program in December 2015, independent of the recent investigation, approximately 10,000 users have received such a notice.

25.     Numerous articles discussing the 2014 Data Breach immediately followed.  Indeed, *The New York Times* published an article that same day, titled "Yahoo Says Hackers Stole Data on 500 Million Users in 2014," which quoted security experts who explained that the Yahoo data breach could have major consequences:

"The stolen Yahoo data is critical because it not only leads to a single system but to users' connections to their banks, social media profiles, other financial services and users' friends and family," said Alex Holden, the founder of Hold Security, which has been tracking the flow of stolen Yahoo credentials on the underground web. "This is one of the biggest breaches of people's privacy and very far-reaching."[3]

26.     Other reports indicate that this was the largest data breach from a single site in history.

27.     The consequences of the 2014 Data Breach will be significant, and the breach demonstrates that the Company has, by acting with reckless disregard for the security of its users' personal information that it promised to protect, utterly failed to implement reasonable security measures to protect its users' sensitive personal information, despite the Company being the target of

---

[3]     Nicole Perlroth, *Yahoo Says Hackers Stole Data on 500 Million Users in 2014*, N.Y. TIMES (Sept. 22, 2016), http://www.nytimes.com/2016/09/23/technology/yahoo-hackers.html?_r=o (last visited Dec. 16, 2016, 4:24 p.m.).

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 7 -

1217050_1

1  data breaches in the past.  As a result of Defendant's reckless conduct and failure to establish and

2  implement basic data security protocols, despite its knowledge and the warnings of prior data

3  breaches, its users' personal information is now in the hands of criminals, subjecting Plaintiff and the

4  Class to the serious risk of identity theft in a wide variety of forms.

5       28.  What is worse, despite the fact that the attack took place in late 2014, Yahoo was so

6  reckless in securing its users' personal information that it initially told the public that it did not even

7  discover the 2014 Data Breach until the summer of 2016 – ***nearly two years after the attack***.  This is

8  an unusually long time to identify a hacking incident.  Indeed, according to the Ponemon Institute,

9  which tracks data breaches, the average time it takes organizations to identify a data breach is 191

10  days after the date of the breach, and the average time to contain a breach is 58 days after its

11  discovery.[4]

12       29.  However, on November 9, 2016, Yahoo admitted in its Form 10-Q filing with the

13  SEC that its employees ***were aware*** of a major hacking incident in 2014.  Yet, for two years, Yahoo

14  stood silent while its users' personal information was in the hands of criminals and being used to

15  ruin the lives of thousands if not millions.

16  **The 2013 Data Breach**

17       30.  On December 14, 2016, Yahoo announced the 2013 Data Breach. According to

18  Yahoo, in November 2016, law enforcement provided the Company with data files that a third party

19  claimed was Yahoo user data. Yahoo analyzed this data with the assistance of outside forensic

20  experts, and discovered that an unauthorized third party, ***in August 2013***, stole data associated with

21  more than one billion user accounts, *i.e.*, the 2013 Data Breach. Although the Company was unable

22  to identify the source of the 2013 Data Breach, Yahoo explained that it "is likely distinct form the

23  [2014 Data Breach]."

24       31.  The press release issued on December 14, 2016 stated, in part, as follows:

25      Yahoo! Inc. has identified data security issues concerning certain Yahoo user
    accounts. Yahoo has taken steps to secure user accounts and is working closely with

26      law enforcement.

---

[4]  *Id.*

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                                    - 8 -

1217050_1

As Yahoo previously disclosed in November, law enforcement provided the company with data files that a third party claimed was Yahoo user data. The company analyzed this data with the assistance of outside forensic experts and found that it appears to be Yahoo user data. Based on further analysis of this data by the forensic experts, Yahoo believes an unauthorized third party, in August 2013, stole data associated with more than one billion user accounts. The company has not been able to identify the intrusion associated with this theft. Yahoo believes this incident is likely distinct from the incident the company disclosed on September 22, 2016.

For potentially affected accounts, the stolen user account information may have included names, email addresses, telephone numbers, dates of birth, hashed passwords (using MD5) and, in some cases, encrypted or unencrypted security questions and answers. The investigation indicates that the stolen information did not include passwords in clear text, payment card data, or bank account information. Payment card data and bank account information are not stored in the system the company believes was affected.

Yahoo is notifying potentially affected users and has taken steps to secure their accounts, including requiring users to change their passwords. Yahoo has also invalidated unencrypted security questions and answers so that they cannot be used to access an account.

Separately, Yahoo previously disclosed that its outside forensic experts were investigating the creation of forged cookies that could allow an intruder to access users' accounts without a password. Based on the ongoing investigation, the company believes an unauthorized third party accessed the company's proprietary code to learn how to forge cookies. The outside forensic experts have identified user accounts for which they believe forged cookies were taken or used. Yahoo is notifying the affected account holders, and has invalidated the forged cookies. The company has connected some of this activity to the same state-sponsored actor believed to be responsible for the data theft the company disclosed on September 22, 2016.

Yahoo encourages users to review all of their online accounts for suspicious activity and to change their passwords and security questions and answers for any other accounts on which they use the same or similar information used for their Yahoo account. The company further recommends that users avoid clicking links or downloading attachments from suspicious emails and that they be cautious of unsolicited communications that ask for personal information. Additionally, Yahoo recommends using Yahoo Account Key, a simple authentication tool that eliminates the need to use a password on Yahoo altogether.

32. Numerous articles discussing the data breach immediately followed. Indeed, *The New York Times* published an article that same day titled "Yahoo Says 1 Billion User Accounts Were Hacked," which discussed how the revelation of the 2013 Data Breach further revealed Yahoo's lax security measures:

Security has taken a back seat at Yahoo in recent years, compared to Silicon Valley competitors like Google and Facebook. Yahoo's security team clashed with top executives, including the chief executive, Marissa Mayer, over the cost and customer inconvenience of proposed security measures.

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 9 -

1

And critics say the company was slow to adopt aggressive security measures, even after a breach of over 450,000 accounts in 2012 and series of spam attacks — a mass mailing of unwanted messages — the following year.

2

3

"What's most troubling is that this occurred so long ago, in August 2013, and no one saw any indication of a breach occurring until law enforcement came forward," said Jay Kaplan, the chief executive of Synack, a security company. "Yahoo has a long way to go to catch up to these threats."5

4

5

33.     The article also revealed that, in response to the discovery of the 2013 Data Breach, Yahoo was requiring "all of the affected users to change their passwords and it is invalidating unencrypted security questions — steps that it declined to take in September," when it announced the 2014 Data Breach.6

6

7

8

9

34.     An article published on Time, Inc.'s *Money* magazine website further discussed the significance of the attack:

10

11

Most alarming of all, the breaches may have put information related to national security at risk. Bloomberg reported that upward of 150,000 U.S. government and military employees — including members of the FBI, CIA, White House, and others working with extremely sensitive information — are among those affected by the Yahoo hack, because they gave Yahoo their work email addresses as backups in case they were ever locked out of their Yahoo accounts. Now that information is in the hands of cybercriminals.

12

13

14

15

"It's a leak that could allow foreign intelligence services to identify employees and hack their personal and work accounts, posing a threat to national security," the Bloomberg article noted.

16

17

35.     Other articles discussed the likely impact of this new revelation on Verizon's planned acquisition of Yahoo. Indeed, *The Wall Street Journal* published an article on December 14, 2016 titled "Yahoo Discloses New Breach of 1 Billion User Accounts," which speculated that the disclosure of the 2013 Data Breach would further jeopardize the Verizon acquisition, and revealed that Verizon learned of the 2013 Data Breach weeks before it was announced:

18

19

20

21

22

The new disclosure could jeopardize Verizon's $4.83 billion acquisition of Yahoo's core internet business, a deal announced in July and expected to close in early 2017. In October, Verizon signaled it could consider the 2014 breach a material event that could allow it to change the deal terms.

23

24

25

26

27

---

5 Vindu Goel and Nicole Perlroth, *Yahoo Says 1 Billion User Accounts Were Hacked*, N.Y. TIMES (Dec. 14, 2016) http://www.nytimes.com/2016/12/14/technology/yahoo-hack.html (last visited Dec. 16, 2016, 4:33 p.m.).

6 *Id.*

28

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                                              - 10 -

The companies were discussing the impact of that first breach when the second was discovered. Verizon learned of the latest breach in the past few weeks, a person familiar with the matter said. The company still has all options on the table, including renegotiating the deal's price or walking away, the person said.

36.     Reports indicate that the 2013 Data Breach was the largest data breach from a single site in history, more than double the size and scope of the 2014 Data Breach, which at the time it was announced had been the largest such breach.

37.     The consequences of the 2013 Data Breach will be significant, and the breach demonstrates that the Company has, by acting with reckless disregard for the security of its users' personal information that it promised to protect, utterly failed to implement reasonable security measures to protect its users' sensitive personal information, despite the Company being the target of data breaches in the past.  As a result of Defendant's reckless conduct and failure to establish and implement basic data security protocols, despite its knowledge and the warnings of prior data breaches, its users' personal information is now in the hands of criminals, subjecting Plaintiff and the Class to the serious risk of identity theft in a wide variety of forms.

38.     What is worse, despite the fact that the 2013 Data Breach took place in 2013, Yahoo was so grossly negligent in securing its users' personal information that it did not even discover the incident until late November 2016. In other words, Defendant's misconduct was so bad that it evidently allowed unauthorized and malicious access to Plaintiffs' and the Class members' personal information on Defendant's computer systems to continue unimpeded for ***approximately three years***. Indeed, according to the Ponemon Institute, which tracks data breaches, the average time it takes organizations to identify a data breach is 191 days after the date of the breach, and the average time to contain a breach is 58 days after its discovery.[7]

**Yahoo's Recommended Security Steps**

39.     In Yahoo's September 22, 2016 and December 14, 2016 press releases announcing the 2014 Data Breach and the 2013 Data Breach, the Company provided a link to a Yahoo Account Security Notice.

---

[7] Nicole Perlroth, *Yahoo Says Hackers Stole Data on 500 Million Users in 2014*, N.Y. TIMES (Sept. 22, 2016).

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                                    - 11 -

40.     After following the link provided in the press release, Yahoo also provided a page detailing Account Security Issue Frequently Asked Questions ("FAQs").  The FAQs provided additional background on the data breach and offered suggestions on how Yahoo users could secure their account.

41.     One recommendation was that users place a "security freeze" (also known as a "credit freeze") on their credit files.  A security freeze is designed to prevent potential creditors from accessing an individual's credit file at the consumer reporting agencies without the individual's consent, and costs roughly between $5 and $20 per freeze.  The Company provided instructions on how to implement a security freeze and provided additional details on what the security-freeze process entails, but offered no financial assistance.

## PLAINTIFF'S EXPERIENCES

42.     Plaintiff has been a Yahoo user continually since before 2005, and was a paid Yahoo Ad-Free Mail user at the time of the data breaches.  Plaintiff has been damaged as a result of both the 2014 Data Breach (announced on September 22, 2016) and the 2013 Data Breach (announced on December 14, 2016).

43.     Plaintiff's Yahoo Ad-Free Mail account has been hacked by criminals, and she has a reasonably held belief that her identity has been compromised and that she is at an increased risk for credit and identity theft.

44.     Had Yahoo not concealed from the public, Plaintiff and the other Class members that it failed to employ reasonable and adequate security measures to protect its customers' personal information, Plaintiff and the other Class members, as reasonable consumers of Yahoo Ad-Free Mail, would not have paid Yahoo for the premium email service, would not have paid the same amount for the Yahoo Ad-Free Mail and/or would not have provided their personal information to Yahoo in the first instance.

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                              - 12 -

1

**CLASS ACTION ALLEGATIONS**

2      45.      Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure

3   23 ("Rule 23") on behalf of herself and a class of other similarly situated individuals (the

4   "Nationwide Class"), as defined specifically below:

5          **All Yahoo Ad-Free Mail users within the United States whose personal
         information was accessed following the data breach that Yahoo announced in a
6         press release on September 22, 2016, and/or the data breach that Yahoo
         announced in a press release on December 14, 2016.**

7

8      46.      Plaintiff also brings this action under the statutory and common law of the state of

9   Kansas (the "Kansas Class") on behalf of herself and a class of other similarly situated individuals,

10   as defined as:

11         **All Yahoo Ad-Free Mail users within the state of Kansas whose personal
         information was accessed following the data breach that Yahoo announced in a
         press release on September 22, 2016, and/or the data breach that Yahoo
12        announced in a press release on December 14, 2016.[8]**

13      47.      Excluded from the Class is Defendant; any person who is an officer, director, partner,

14   or controlling person of Defendant, including any of its subsidiaries or affiliates; any entity in which

15   Defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns of

16   any such excluded person or entity.

17      48.      Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites

18   for suing as a representative party pursuant to Rule 23.

19      49.      **Numerosity**.  Yahoo has stated publicly that approximately 500 million of its users

20   were affected by this data breach, and according to public records there were more than 80 million

21   Yahoo users in the United States alone during 2014 when the 2014 Data Breach occurred, many

22   thousands of which, and more likely hundreds of thousands of which, were Yahoo Ad-Free Mail

23   users.  Joinder is therefore impracticable and the numerosity requirement of Rule 23 is easily

24   satisfied here.

25

26

---

27   [8]     Unless otherwise noted, the Nationwide Class and the Kansas Subclass are collectively referred
     to as the "Class."

28
AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 13 -

50.     **Commonality**.  Plaintiff's and Class members' claims raise predominately common factual and legal questions that can be answered for all Class members through a single class-wide proceeding. For example, to resolve any Class member's claims, it will be necessary to answer the following questions, and the answer to each of these questions will necessarily be the same for each Class member.

(a)     whether Defendant owed a duty of care to Plaintiff and the Class with respect to the security of their personal information;

(b)     whether Defendant acted with reckless disregard for the safety and security of the personal information it promised to protect by failing to establish appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of records and to protect against known and anticipated threats or hazards to the security and integrity of these records;

(c)     whether the Defendant's conduct was reckless or intentional;

(d)     whether Defendant acted appropriately in securing Plaintiff and Class members' personal information;

(e)     whether Defendant violated the consumer protection law of Kansas; and

(f)     whether Plaintiff and Class members are entitled to damages, declaratory and/or injunctive relief.

51.     **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class. Among other things, Plaintiff and Class members provided personal information that was stored on Defendant's systems because they are users of the paid Yahoo Ad-Free Mail service. In addition, Plaintiff's claims are typical of Class members' claims as each arises from the same data breaches and the same alleged reckless conduct on the part of Yahoo in handling the Class members' personal information.

52.     **Adequacy**.  Plaintiff will adequately represent the proposed Class members.  Plaintiff has retained counsel competent and experienced in class action and privacy litigation and intend to pursue this action vigorously.  Plaintiff has no interests contrary to or in conflict with the interests of Class members.

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                                    - 14 -

53.     In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual members and a class action is superior to individual litigation. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## COUNT I

### Gross Negligence
(On Behalf of Plaintiff and the Nationwide Class)

54.     Plaintiff incorporates the above allegations by reference.

55.     Plaintiff brings this action on behalf of herself and the Nationwide Class against Yahoo.

56.     By maintaining their personal information in a database that was accessible through the Internet, Yahoo owed Plaintiff and Class members a duty of care to employ reasonable Internet security measures to protect this information.

57.     Defendant, with reckless disregard for the safety and security of users' personal information it was entrusted with, breached the duty of care owed to Plaintiff and the Class by failing to implement reasonable security measures to protect its users' sensitive personal information. In failing to employ these basic and well-known Internet security measures, Yahoo departed from the reasonable standard of care and violated its duty to protect Plaintiff's and Class members' personal information.  Defendant further breached its duty of care by allowing the breaches to continue undetected and unimpeded for nearly two years after (with respect to the 2014 Data Breach) and for approximately three years (with respect to the 2013 Data Breach) the hackers first gained access to Defendant's systems, respectively.  Finally, Defendant also breached its duty of care by failing to conduct reasonable and prompt investigation upon notice of data breaches, and thereafter give prompt notice to affected individuals, in violation of KAN. STAT. ANN. §50-7a02, *et seq.* ("Kansas Security Breach Law").

58.     The unauthorized access to Plaintiff's and Class members' personal information was reasonably foreseeable to Yahoo, particularly considering that the method of access is widely known

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                                           - 15 -

1   in the computer and data security industry, and that it has long been standard practice in the Internet

2   technology sector to encrypt personal information, including critical login credentials.

3       59.    Neither Plaintiff nor other Class members contributed to the security breaches or

4   Yahoo's employment of insufficient security measures to safeguard personal information.

5       60.    As a direct and proximate cause of Yahoo's reckless conduct, Plaintiff and Class

6   members suffered injury through the public disclosure of their personal information, the

7   unauthorized access to Internet accounts containing additional personal information, through the

8   heightened risk of unauthorized persons stealing additional personal information, and by paying

9   Yahoo for a Yahoo Ad-Free Mail service which they would not have otherwise paid for, or would

10   have surely paid less for, had they known that their personal information would not be protected.

11   Plaintiff and Class members have also incurred the cost of taking measures to identify and safeguard

12   accounts put at risk by disclosure of the personal information stolen from Yahoo, including placing a

13   security freeze on their credit file.

## COUNT II

### Bailment
(On Behalf of Plaintiff and the Nationwide Class)

16

17       61.    Plaintiff incorporates the above allegations by reference.

18       62.    In exchange for payment to Yahoo for Yahoo Ad-Free Mail, Plaintiff and members of

19   the Class delivered their personal information to Yahoo for the exclusive purpose of creating a

Yahoo account.

20

21       63.    In delivering their personal and financial information to Yahoo, Plaintiff and Class

22   members intended and understood that Yahoo would adequately safeguard their personal

information.

23

24       64.    Yahoo accepted possession of Plaintiff's and Class members' personal information

for the purpose of creating a Yahoo Ad-Free Mail user account.

25

26       65.    By accepting possession of Plaintiff's and Class members' personal information in

27   exchange for a fee for Yahoo Ad-Free Mail, Yahoo understood that Plaintiff and Class members

28

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK      - 16 -

1   expected Yahoo to adequately safeguard their personal information. Accordingly, a bailment (or

2   deposit) was established for the mutual benefit of the parties.

3         66.     During the bailment (or deposit), Yahoo owed a duty to Plaintiff and Class members

4   to exercise reasonable care, diligence, and prudence in protecting their personal information.

5         67.     Yahoo breached its duty of care by failing to take appropriate measures to safeguard

6   and protect Plaintiff's and Class members' personal information, resulting in the unlawful and

7   unauthorized access to and misuse of their personal information.

8         68.     Yahoo further breached its duty to safeguard Plaintiff's and Class members' personal

9   information by failing to timely and accurately notify them that their information had been

10   compromised as a result of the Yahoo data breaches.

11         69.     As a direct and proximate result of Yahoo's breach of its duty, Plaintiff and Class

12   members suffered consequential damages that were reasonably foreseeable to Yahoo, including, but

13   not limited to, the damages set forth herein.

14         70.     As a direct and proximate result of Yahoo's breach of its duty, the personal

15   information of Plaintiff and Class members entrusted to Yahoo during the bailment (or deposit) was

16   damaged and its value diminished.

17                                    **COUNT III**

18                          **Breach of Implied Contract**
                    (On Behalf of Plaintiff and the Nationwide Class)
19
         71.     Plaintiff incorporates the above allegations by reference.
20
         72.     When Plaintiff and members of the Class paid for a Yahoo Ad-Free Mail account and
21
22   provided their personal information to Yahoo in order to create that account, Plaintiff and members

23   of the Class entered into implied contracts with Yahoo pursuant to which Yahoo agreed to safeguard

24   and protect such information and to timely and accurately notify Plaintiff and Class members that

25   their data had been breached and compromised.

26         73.     Yahoo solicited and invited Plaintiff and members of the Class to create a Yahoo Ad-

27   Free Mail account with Yahoo and required the provision of very personal, private information in

28

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                        - 17 -

1    order to do so. Plaintiff and members of the Class accepted Yahoo's offer and obtained accounts that

2    were active and in-use during the period of the Yahoo data breach.

3         74.    The provision of personal information to Yahoo by Plaintiff and members of the

4    Class was made pursuant to the mutually agreed upon implied contract with Yahoo under which

5    Yahoo agreed to safeguard and protect Plaintiff's and Class members' personal information, and to

6    timely and accurately notify them that such information was compromised and breached.

7         75.    Plaintiff and Class members would not have paid for a Yahoo Ad-Free Mail account,

8    or would have paid less for such an account, and provided and entrusted their personal information

9    to Yahoo in order to open a Yahoo Ad-Free Mail account in the absence of the implied contract

10   between them and Yahoo.

11        76.    Plaintiff and members of the Class fully performed their obligations under the implied

12   contract with Yahoo.

13        77.    Yahoo breached the implied contracts it made with Plaintiff and Class members by

14   failing to safeguard and protect the personal information of Plaintiff and members of the Class and

15   by failing to provide timely and accurate notice to them that their personal information was

16   compromised in and as a result of the Yahoo data breaches.

17        78.    The losses and damages sustained by Plaintiff and Class members as described above

18   were the direct and approximate result of Yahoo's breaches of the implied contracts between Yahoo

19   and Plaintiff and Class members.

20                                    **COUNT IV**

21                           **Breach of Express Contract**
                          (On Behalf of Plaintiff and the Nationwide Class)

22        79.    Plaintiff incorporates the above allegations by reference.

23        80.    Yahoo offered services to consumers pursuant to a Privacy Policy.

24        81.    Plaintiff and the Class are subject to an agreement with Yahoo called the Terms of

25   Service. Yahoo incorporates its Privacy Policy into the terms of the Terms of Service, which are also

26   incorporated into the Additional Terms of Service for Yahoo Mail Plus and Yahoo Ad-Free Mail.

27   As a condition of opening a Yahoo Ad-Free Mail account, Plaintiff and the Class are subject to the

28

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 18 -

1  terms of the Terms of Service, the Additional Terms of Service for Yahoo Mail Plus and Yahoo Ad-

2  Free Mail, and the Privacy Policy and incorporated therein.

3       82.     The Terms of Service provides: "Registration Data and certain other information

4  about you are subject to our applicable privacy policy."

5       83.     The Privacy Policy states that Yahoo will:

6    • "limit access to personal information about you to employees who we believe
        reasonably need to come into contact with that information to provide products or
7       services to you or in order to do their jobs"; and

8    • "have physical, electronic, and procedural safeguards that comply with federal
        regulations to protect personal information about you."
9

10      84.     Plaintiff and the Class were made subject to the uniform, common terms of the above

11 agreements and documents.

12      85.     Plaintiff and members of the Class fully performed their obligations under the above

13 agreements and documents.

14      86.     Yahoo breached the Terms of Service, Additional Terms of Service for Yahoo Mail

15 Plus and Yahoo Ad-Free Mail, and Privacy Policy.  Contrary to the terms of the agreements, and by

16 engaging in the conduct set forth in this Complaint, Yahoo did not protect its customers' personal

17 information from unauthorized access and use and Yahoo did not use measures, including computer

18 safeguards and secured files and buildings, to protect Plaintiff's and Class members' personal

19 information from unauthorized access and use.

20      87.     Plaintiff and the Class had active Yahoo Ad-Free Mail accounts during the period of

21 the Yahoo data breaches. Their Yahoo accounts were compromised in and as a result of the Yahoo

22 data breaches.  Plaintiff and members of the Class suffered damages and losses as described herein.

23      88.     The damages and losses sustained by Plaintiff and members of the Class are the direct

24 and proximate result of Yahoo's breaches of the Terms of Service, Additional Terms of Service for

25 Yahoo Mail Plus and Yahoo Ad-Free Mail, and Privacy Policy.

26                              **COUNT V**

27                   **Violation of Kansas Consumer Protection Act**
                     **KAN. STAT. ANN. §50-623,** *et seq.*
28                   (On Behalf of Plaintiff and the Kansas Class)

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 19 -

1      89.     Plaintiff incorporates the above allegations by reference.

2      90.     Yahoo is a "supplier" under the Kansas Consumer Protection Act ("KCPA"), KAN.

3  STAT. ANN. §50-624(l).

4      91.     Kansas Class members are "consumers," within the meaning of KAN. STAT. ANN.

5  §50-624(b), who purchased Yahoo Ad-Free Mail from Yahoo.

6      92.     The sale of Yahoo Ad-Free Mail to the Kansas Class members was a "consumer

7  transaction" within the meaning of KAN. STAT. ANN. §50-624(c).

8      93.     The KCPA states that "[n]o supplier shall engage in any deceptive act or practice in

9  connection with a consumer transaction," KAN. STAT. ANN. §50-626(a), and that deceptive acts or

10  practices include: (1) knowingly making representations or with reason to know that "(A) Property

11  or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or

12  quantities that they do not have"; "(D) property or services are of particular standard, quality, grade,

13  style or model, if they are of another which differs materially from the representation"; "(F) property

14  or services has uses, benefits or characteristics unless the supplier relied upon and possesses a

15  reasonable basis for making such representation"; "(2) the willful use, in any oral or written

16  representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact"; and "(3) the

17  willful failure to state a material fact, or the willful concealment, suppression or omission of a

18  material fact." *Id.*  The KCPA also provides that "[n]o supplier shall engage in any unconscionable

19  act or practice in connection with a consumer transaction." KAN. STAT. ANN. §50-627(a).

20      94.     In the course of its business, Yahoo concealed and suppressed material facts

21  concerning the adequacy of Yahoo's ability to secure users' personal information.  Plaintiff and

22  Kansas Class members had no way of discerning that Yahoo's representations were false and

23  misleading.  Plaintiff and Kansas Class members did not and could not unravel Yahoo's deception

24  on their own.

25      95.     Yahoo thus violated the KCPA by, at minimum: employing deception, deceptive acts

26  or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact

27

28

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                              - 20 -

1    with intent that others rely upon such concealment, suppression or omission, in connection with the

2    sale of Yahoo Ad-Free Mail accounts to consumers.

3        96.    Yahoo engaged in misleading, false, unfair or deceptive acts or practices that violated

4    the KCPA by failing to disclose and actively concealing the inadequate security measures in place to

5    protect personal information provided to Yahoo by users.

6        97.    Yahoo's actions as set forth above occurred in the conduct of trade or commerce.

7        98.    Yahoo knew the true nature of its unsecure network when it was hacked several years

8    before 2014, and has admitted as such.

9        99.    Yahoo intentionally and knowingly misrepresented material facts regarding its ability

10   to adequately safeguard and secure users' personal information with intent to mislead Plaintiff and

11   the Kansas Class in connection with their purchase of Yahoo Ad-Free Mail accounts.

12       100.    Yahoo knew or should have known that its conduct violated the KCPA.

13       101.    Yahoo owed Plaintiff a duty to disclose security risks of its network because it

14   possessed exclusive knowledge that its network was unsecure and vulnerable to outside hackers.

15       102.    Yahoo concealed the security risks of its network, resulting in substantial loss of

16   private information and money by Plaintiff and the Kansas Class.

17       103.    Yahoo's concealment of the unsecured nature of its network and inability to

18   safeguard personal information were material to Plaintiff and the Kansas Class.

19       104.    Yahoo's unfair or deceptive acts or practices were likely to and did in fact deceive

20   reasonable consumers, including Plaintiff, about the true nature of its unsecured network.

21       105.    Plaintiff and the Kansas Class suffered ascertainable loss and actual damages as a

22   direct and proximate result of Yahoo's misrepresentations and its concealment of and failure to

23   disclose material information.  Plaintiff and the Kansas Class members who created Yahoo Ad-Free

24   Mail accounts, paid Yahoo money for those accounts, and provided their personal information to do

25   so would not have created a Yahoo Ad-Free Mail account at all if the true nature of Yahoo's network

26   had been disclosed.

27

28

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 21 -

106.     Yahoo had an ongoing duty to all Yahoo account holders to refrain from unfair and deceptive practices under the KCPA.  All Yahoo Ad-Free Mail account holders in Kansas suffered ascertainable loss in the form of having paid money for Yahoo Ad-Free Mail that they would not otherwise have paid had they known the truth about Yahoo's unsecured network or having paid more money than they should have for Yahoo Ad-Free Mail accounts, as well as loss of use of their personal information and payment of money for credit and/or identity protection as a result of Yahoo's deceptive and unfair acts and practices made in the course of Yahoo's business.

107.     As a result of Yahoo's violations of the KCPA, Plaintiff and the Kansas Class have suffered injury-in-fact and/or actual damage.

108.     Pursuant to KAN. STAT. ANN. §50-634, Plaintiff and the Kansas Class seek monetary relief against Yahoo measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $10,000 for each Plaintiff and each Kansas Class member

109.     Plaintiff also seeks an order enjoining Yahoo's unfair, unlawful, and/or deceptive practices, declaratory relief, attorneys' fees, and any other just and proper relief available under KAN. STAT. ANN. §50-623, *et seq.*

**COUNT VI**

**Violation of Kansas Security Breach Law**
**KAN. STAT. ANN. §50-7a02,** *et seq.*
(On Behalf of Plaintiff and the Kansas Class)

110.     Plaintiff incorporates the above allegations by reference.

111.     The Kansas Legislature has enacted a security breach statute, KAN. STAT. ANN. §50-7a02, *et seq..*  This statute requires that any person or business conducting business within the state of Kansas that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the system to any resident of Kansas whose personal information was acquired by an unauthorized person, and further require that the disclosure of the breach be made in the most expedient time possible and without unreasonable delay.

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                                                          - 22 -

112.    Although the Kansas Security Breach Law's enforcement provision provides that "the attorney general is empowered to bring an action . . . to address violations of this section," it also states that the enforcement provisions are "not exclusive."  KAN. STAT. ANN. §50-7a02(g).

113.    The Yahoo data breaches constituted a breach of the security system of Yahoo within the meaning of the Kansas Security Breach Law, and thus, the data breached was protected and covered by the Kansas Security Breach Law.

114.    Plaintiff and Kansas Class members' names, phone numbers, email addresses, passwords, and other stolen information constitute personal information under and subject to the Kansas Security Breach Law.

115.    Yahoo unreasonably delayed in informing the public, including Plaintiff and members of the Kansas Class, about the breach of security of Plaintiff's and Kansas Class members' confidential and non-public personal information after Yahoo knew or should have known that the data breaches had occurred.

116.    When the Yahoo data breach began in 2013 (with respect to the 2013 Data Breach) and in 2014 (with respect to the 2014 Data Breach), upon the hackers logging onto Yahoo's computer network, despite Yahoo employees having knowledge of the attack, Yahoo did not disclose or notify the public of the data breaches.

117.    Indeed, Yahoo took no action and did not disclose or notify the public of the data breach until September 2016 (with respect to the 2014 Data Breach) and December 2016 (with respect to the 2013 Data Breach).

118.    Yahoo failed to disclose to Plaintiff and members of the Kansas Class without unreasonable delay and in the most expedient time possible, the breach of security of Plaintiff's and members of the Kansas Class' personal information when Yahoo knew or reasonably believed such information had been compromised.

119.    On information and belief, no law enforcement agency instructed Yahoo that notification to Plaintiff and members of the Kansas Class would impede investigation.

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 23 -

120.     Plaintiff and Class members suffered harm directly resulting from Yahoo's failure to provide and the delay in providing Plaintiff and members of the Kansas Class with timely and accurate notice as required by the Kansas Security Breach Law.

121.     Plaintiff and members of the Kansas Class suffered the damages alleged above as a direct result of Yahoo's delay in providing timely and accurate notice of the data breaches.

122.     Had Yahoo provided timely and accurate notice of the Yahoo data breach, Plaintiff and members of the Kansas Class would have been able to avoid and/or attempt to ameliorate or mitigate the damages and harm resulting in the unreasonable delay by Yahoo in providing notice.

123.     Yahoo's failure to provide timely and accurate notice of the data breach violated the Kansas Security Breach Law.

124.     Plaintiff and members of the Kansas Class seek all remedies available under the Kansas Security Breach Law, including, but not limited to: (a) damages suffered by Plaintiff and members of the Kansas Class as alleged above, (b) equitable relief, including injunctive relief, and (c) reasonable attorney fees and costs, as provided by law.

## COUNT VII

### Declaratory Relief
(On Behalf of Plaintiff and the Nationwide Class)

125.     Plaintiff incorporates the above allegations by reference.

126.     There is an active case and controversy among Plaintiff on the one hand, and Yahoo on the other.

127.     Pursuant to 28 U.S.C. §2201, Plaintiff seeks a declaration as to the following:

(a)     That, to the extent Plaintiff's claims herein are covered by Yahoo's Terms of Service, Section 20 of Yahoo's Terms of Service, purporting to limit Yahoo's liability for, *inter alia*, "unauthorized access to . . . your data," is unenforceable because it is against public policy and both procedurally and substantive unconscionable; and

(b)     That, to the extent Plaintiff's claims herein are covered by Yahoo's Terms of Service, Section 20 of Yahoo's Terms of Service is unenforceable because it violates CAL. CIV. CODE §1668 and/or CAL. COM. CODE §2719.

1217050_1

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                                                     - 24 -

1    128.    Plaintiff is in doubt as to whether Yahoo's Terms of Service apply to her claims and

2  whether, if so, the limitation of liability clause therein is lawful and enforceable under California

3  law.

4    129.    There is a bona fide dispute between the parties hereto, and Plaintiff has and does

5  raise justiciable issues as to the existence or non-existence of her rights, powers, obligations, and

6  legal relations with Yahoo by virtue of the Terms of Service, this complaint, and the applicable

7  statutes and rules of this state.

8    130.    Plaintiff is in doubt as to her rights, powers, obligations, and legal relations and there

9  is an actual and present need for a declaratory judgment as to the issues set forth herein.

10                          **PRAYER FOR RELIEF**

11    WHEREFORE, Plaintiff Barbara Stras, on behalf of herself and the Nationwide Class and

12  Kansas Class, respectfully requests that this Court enter an Order:

13    A.    Certifying this case as a class action on behalf of the Class defined above, appointing

14  Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

15    B.    Awarding damages, including, but not limited to, compensatory, statutory, and

16  punitive damages, to Plaintiff and Class members in an amount to be determined at trial;

17    C.    Awarding injunctive and other equitable relief as is necessary to protect the interests

18  of the Class;

19    D.    Declaring unenforceable Section 20 of Yahoo's Terms of Service;

20    E.    Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys'

21  fees;

22    F.    Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent

23  allowable; and

24    G.    Awarding such other and further relief as equity and justice may require.

25

26

27

28

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 25 -

1

**JURY TRIAL**

2          Plaintiff demands a trial by jury for all issues so triable.

3     DATED:  December 19, 2016                ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
4                                             PAUL J. GELLER
                                              STUART A. DAVIDSON (*pro hac vice*)
5                                             MARK DEARMAN
                                              JASON H. ALPERSTEIN

6

7                                                      *s/ Stuart A. Davidson*
8                                                  STUART A. DAVIDSON

9                                             120 East Palmetto Park Road, Suite 500
                                              Boca Raton, FL  33432
10                                            Telephone:  561/750-3000
                                              561/750-3364 (fax)
11
                                              ROBBINS GELLER RUDMAN & DOWD LLP
12                                            SHAWN A. WILLIAMS
                                              Post Montgomery Center
13                                            One Montgomery Street, Suite 1800
                                              San Francisco, CA  94104
14                                            Telephone:  415/288-4545
                                              415/288-4534 (fax)
15
                                              LABATON SUCHAROW LLP
16                                            JOEL H. BERNSTEIN
                                              MICHAEL W. STOCKER
17                                            CORBAN S. RHODES
                                              ROSS M. KAMHI
18                                            140 Broadway, 34th Floor
                                              New York, NY  10005
19                                            Telephone:  212/907-0700
                                              212/818-0477 (fax)
20
                                              *Attorneys for Plaintiff Barbara Stras*
21

22

23

24

25

26

27

28

AMENDED COMPLAINT FOR GROSS NEGLIGENCE, BAILMENT, VIOLATION OF KANSAS
CONSUMER PROTECTION ACT, KANSAS SECURITY BREACH LAW, AND DECLARATORY
RELIEF - Case Nos. 16-MD-02752-LHK, 5:16-CV-06990-LHK                    - 26 -