**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Linda M. Fong (SBN 124232)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*
*lfong@kaplanfox.com*
*mgeorge@kaplanfox.com*
*mchoi@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (admitted *pro hac vice*)
Jeffrey P. Campisi (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*ffox@kaplanfox.com*
*jcampisi@kaplanfox.com*
*dstraite@kaplanfox.com*

*Attorneys for Plaintiff Dr. Gerald Cleaver*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 5:16-md-02752-LHK<br><br>**BRIEF IN RESPONSE TO MOTIONS FOR APPOINTMENT OF PLAINTIFFS' LEAD COUNSEL**<br><br>Hearing Date: February 9, 2017<br>Hearing Time: 1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:  Hon. Lucy H. Koh |

## I. INTRODUCTION

Plaintiff Dr. Gerald Cleaver, by and through his attorneys of record, and pursuant to this Court's order dated December 13, 2016, hereby responds to the January 5, 2017 motions of Gayle M. Blatt, Stuart A. Davidson, Karen Hanson Riebel, Ariana J. Tadler, and John A. Yanchunis jointly (ECF No. 19) (the "Joint Application"); Jennifer L. Joost (ECF No. 23) (the "Joost Application"); and Mark M. Seltzer (ECF No. 24) (the "Seltzer Application") for appointment as lead plaintiffs' counsel in this action. Kaplan Fox filed its motion the same day (ECF No. 21) (the "Kaplan Fox Application").

As demonstrated in its application, Kaplan Fox believes that it is best suited to lead this action, and if the Court determines that a multi-firm structure is best, we would be willing and able to work with any of the individuals and firms who seek leadership, and have successfully worked with many in the past. As noted below, however, the Joint Application proposes a five-applicant structure that may not be necessary in a relatively straight-forward data breach case against a single defendant and it does not articulate why five firms are superior to a single firm (or small group) assisted by a steering committee.

## II. KAPLAN FOX IS BEST ABLE TO LEAD THIS MDL

Kaplan Fox is extremely well-qualified to lead this MDL. As set forth in our initial application, the Kaplan Fox attorneys who would work on this matter have deep experience in consumer class actions generally as well as the data privacy issues implicated by this case. Indeed, Frederic Fox (a senior partner), Laurence King (founder of Kaplan Fox's consumer practice and resident in the District), David Straite, Linda Fong, Mario Choi and Matthew George recently led another data privacy case against Yahoo to a successful conclusion before this Court after securing class certification and completing all summary judgment and *Daubert* briefing. *In re: Yahoo Mail Litig.*, 5:13-cv-4980-LHK (N.D. Cal.) ("*Yahoo Mail*"). This team has been reassembled for this case.

While other applicants have similar experience prosecuting class actions generally, Kaplan Fox has some of the broadest experience with and knowledge of data privacy law specifically. For example, as noted in the Kaplan Fox Application, attorneys at the firm have led or co-led *In re: Facebook Internet Tracking Litigation*, 5:12-md-2314-EJD (N.D. Cal.); *In re: LinkedIn User Privacy*

*Litigation*, 12-cv-3088-EJD (N.D. Cal.); *In re Home Depot, Inc. Customer Data Security Breach Litigation*, 1:14-md-2583-TWT (N.D. Ga.) (financial institution track); and *In re 21st Century Oncology Customer Data Security Breach Litigation*, 8:16-md-2737-MSS-AEP (M.D. Fla.).  In *In re Google Inc. Cookie Placement Consumer Privacy Litigation*, 12-md-2358-SLR (D. Del.), Kaplan Fox partner David Straite was on the appellate team that secured important pro-privacy rulings on standing and invasion of privacy under California law.  In *Rodriguez v. Universal Property & Casualty Insurance Company*, 16-cv-60442-JIC (S.D. Fla.), Kaplan Fox filed one of the first (if not the first) data privacy cases under seal to prevent a potentially catastrophic breach.  Just this week the court re-affirmed an earlier ruling (and denied a motion for interlocutory appeal) affirming privacy rights under a federal statute and state common law, and affirming Article III standing post-*Spokeo* related to the failure to provide promised data security.  *See* Order dated January 10, 2017, *Universal Property* (ECF No. 72).  And Kaplan Fox is currently leading two appeals addressing several issues of first impression involving data privacy, consumer protection laws, and standing.  *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 13-7418-CCC (D.N.J.) and *Mount v. PulsePoint, Inc.*, 1:13-cv-6592-NRB (S.D.N.Y.).

Kaplan Fox's substantial data privacy experience weighs heavily in favor of Kaplan Fox's appointment, either as sole lead counsel or as a member of a group of counsel selected by the Court.  *See, e.g., In re Terazosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding "experience in, and knowledge of, the applicable law in this field" to be the "most persuasive" 23(g) factor); *accord, Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel").  The experience summarized above is amplified by the efforts of Kaplan Fox attorneys outside the courtroom, including authoring articles and participating on data-privacy-specific CLE panels, as noted in the Kaplan Fox Application.

Similarly, while some have identified sufficient resources to litigate this case against a well-resourced opponent, only Kaplan Fox has offered to self-host the document production on premises that will save the class significant expenses.  Kaplan Fox attorney Matthew George was also plaintiffs' designated e-discovery liaison in *Yahoo Mail* and efficiently coordinated e-discovery with

Yahoo over two years without requiring Court intervention in any discovery disputes. In short, while the impressive group of attorneys applying for lead counsel can assemble the necessary skills in a group, Kaplan Fox best demonstrates that it alone could meet the Court's chief criteria for appointment.

### III.   IF A MULTI-LEAD STRUCTURE IS APPROPRIATE THE COURT SHOULD EVALUATE EACH FIRM INDIVIDUALLY AND APPOINT KAPLAN FOX LEAD OR CO-LEAD COUNSEL

As noted above, Kaplan Fox does not oppose leadership roles for any firm or individual seeking a role in this case, and we recognize that if the Court believes a multi-firm structure could benefit the class, the Court should evaluate each firm's application separately and keep the structure lean to increase efficiency. For example, in *In re Anthem Data Breach Litig.*, No. 15-MD-02617-LHK (N.D. Cal.), a case involving numerous defendants, this Court only appointed two co-lead firms supported by a steering committee of two additional firms, and three of these firms were located in the Northern District. *Anthem* (ECF No. 284). Similarly, in *In re Adobe Sys. Privacy Litig.*, No. 5:13-cv-05226-LHK (N.D. Cal.). this Court appointed sole-lead counsel supported by a steering committee. *Adobe* (ECF No. 34).

By contrast, the Joint Application proposes a five-member Executive Committee. Perhaps implicitly recognizing the inefficiency of the proposal, the group has admirably pre-identified some specific tasks that would be assigned to each firm. For example, the applicants propose assigning e-discovery to one firm, and brief writing to another firm, and pleadings to yet another. *See* Joint Application at 4-5. But the application never explains why any one firm is incapable of two of these tasks, or even all of them. Naturally, the management of any case could be divvied up among five lead firms but the Joint Application never articulates why that many is necessary in this relatively straightforward data breach case against a single defendant. And the Joint Application did not file a proposed order with its motion as required by the Local Rules, which makes it unclear how they would delegate the specific duties of the Executive Committee, how they would coordinate and assign work with the many other firms in the litigation, and they did not disclose the nature of any agreements to distribute work among the various firms voicing their support for the Joint Application. While Kaplan Fox recognizes that private ordering amongst plaintiffs' counsel may be

1  helpful in some circumstances, Kaplan Fox believes each firm should be evaluated on its own merits
2  and that it is uniquely suited to lead the case here, supported by other firms as the Court deems
3  appropriate.[1]

4  A sampling of the cases cited in the Joint Application illustrate the point. For example, in *In re Incretin-Based Therapies Prods. Liability. Litig.*, 3:13-md-02452-AJB-MDD (S.D. Cal. 2015), the court appointed more than a dozen firms to leadership roles, but only three firms led the action. *Incretin* (ECF No. 157). In *In re Hydroxycut Marketing and Sales Practices Litig.*, No. 09-2087-BTM-KSC (S.D. Cal.), a dozen firms were appointed to leadership rules, but only two firms co-lead the action. *Hydroxycut* (ECF No. 112). In *In re Home Depot, Inc. Customer Data Sec. Breach Litig.*, No. 14-02583-TWT (N.D. Ga.), the court created a "consumer" track and a "financial institution" track and allocated more than 20 firms among them. *Home Depot* (ECF No. 60, 62). But each track was led by only three co-lead firms. A leaner structure led by Kaplan Fox, with its extensive expertise in data breach cases, its successful experience litigating against Yahoo, and its Northern District presence and familiarity is sufficient here.

15  / / /
16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /

---

[1] Kaplan Fox also notes that at least one firm in the Joint Application is counsel in a related state-court proceeding, but does not specify whether it will also seek lead appointment to manage litigation that may have competing interests. *See Gujarathi v. Yahoo, Inc.,* Case No. 37-2016-00033494-CU-MT-CTL (Calif. Super. Ct., San Diego County), Complaint attached as Exhibit A. Kaplan Fox has been actively monitoring state court proceedings, has experience with Judicial Council Coordinated Proceedings in California, and will coordinate with counsel in those matters as appropriate to ensure efficiency in discovery, avoid inconsistent rulings, and protect the interests of the class(es) in the MDL.

## IV. CONCLUSION

Kaplan Fox respectfully requests that its Application be granted and the firm be appointed lead plaintiffs' counsel in this action. Should the Court deem a multi-firm structure appropriate, Kaplan Fox will work with additional co-lead counsel and/or a steering committee as deemed appropriate by the Court, each of whose qualifications should be independently evaluated.

DATED: January 12, 2017

**KAPLAN FOX & KILSHEIMER LLP**

By:     */s/ Laurence D. King*
       Laurence D. King (SBN 206423)

Linda M. Fong (SBN 124232)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*
*lfong@kaplanfox.com*
*mgeorge@kaplanfox.com*
*mchoi@kaplanfox.com*

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (admitted *pro hac vice*)
Jeffrey P. Campisi (admitted *pro hac vice*)
David A. Straite (admitted *pro hac vice*)
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  212-687-1980
Facsimile:   212-687-7714
*ffox@kaplanfox.com*
*jcampisi@kaplanfox.com*
*dstraite@kaplanfox.com*

*Attorneys for Plaintiff Dr. Gerald Cleaver*