1  Lee A. Cirsch (SBN 227668)
   Lee.Cirsch@capstonelawyers.com
2  Robert K. Friedl (SBN 134947)
   Robert.Friedl@capstonelawyers.com
3  Trisha K. Monesi (SBN 303512)
   Trisha.Monesi@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:   (310) 556-4811
6  Facsimile:   (310) 943-0396

7  Attorneys for Plaintiff
   Amy Vail
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12 | IN RE: YAHOO! CUSTOMER DATA | Case No.:  16-MD-02752-LHK
   | SECURITY BREACH LITIGATION |
13

14                                              **RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS' COUNSEL**

Plaintiff Amy Vail, through her undersigned counsel, respectfully submits this statement in response to the various motions for appointment as lead plaintiffs' counsel and, specifically, in support of the Joint Application For Appointment of Plaintiffs' Executive Committee (ECF No. 19) (the "Joint Application")[1] in the above-captioned action.

## I. INTRODUCTION

On September 22, 2016, Yahoo! Inc. ("Yahoo" or "Defendant") announced that beginning in late 2014, hackers stole copies of 500 million Yahoo users' private information (the "2014 Data Breach"), resulting in a myriad of damages, including, but not limited to, identity theft, depletion of and/or denied access to account funds, and payments for credit and computer monitoring.  On December 14, 2016, Yahoo disclosed that a second, larger data breach implicating more than one billion user accounts had been discovered (the "2013 Data Breach") (together with the 2014 Data Breach, the "Yahoo! Data Breaches").

As a result of these announcements, a number of putative class actions were filed in federal courts across the country, as well as in California state courts. On September 26, 2016, Plaintiff Edward McMahon, *McMahon v. Yahoo! Inc.,* Case No. 5:16-cv-05466-LHK (N.D. Cal.), filed a Motion for Consolidation and Transfer before the JPML. *See In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, MDL No. 2752 (ECF No. 1). On December 1, 2016, on behalf of Plaintiff McMahon, and with the consent of all other parties whose cases were before the JPML, John Yanchunis of Morgan & Morgan presented oral argument before the JPML, seeking centralization of the related Yahoo! Data Breach cases in the Northern District of California before this Court.  The request was granted on December 7, 2016. *In re Yahoo!*

---

[1] Pursuant to Federal Rule of Civil Procedure 23(g)(3), and this Court's Order dated December 13, 2016 (ECF No. 2) ("Order"), counsel for a large majority of plaintiffs in this MDL submitted a Joint Application for appointment as a five-member "executive committee", comprised of the following attorneys: John A. Yanchunis (Chairperson) of Morgan & Morgan, P.A. ("Morgan & Morgan"); Ariana J. Tadler of Milberg LLP ("Milberg"); Stuart A. Davidson of Robbins Geller Rudman & Dowd LLP ("Robbins Geller"); Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield LLP ("Casey Gerry"); and Karen Hanson Riebel of Lockridge Grindal Nauen P.L.L.P. ("Lockridge") (collectively, the "Executive Committee").

**RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS' COUNSEL**

*Inc. Customer Data Sec. Breach Litig.*, MDL 2752, 2016 WL 7221722, at *1 (J.P.M.L. Dec. 7, 2016).

In its Order dated December 13, 2016, the Court directed plaintiffs' counsel to file applications for leadership positions on or before January 5, 2017. (ECF No. 2). On January 5, 2017, the Executive Committee submitted the Joint Application. (ECF No. 19). The Executive Committee submitted declarations with the Joint Application demonstrating that the proposed leadership structure brings before the Court a diversity of experience and reputation both at the national and local level, with extensive additional resources necessary for an action of this magnitude.

## II.  PLAINTIFF VAIL AND HER COUNSEL SUPPORT THE APPOINTMENT OF THE EXECUTIVE COMMITTEE AS LEAD PLAINTIFFS' COUNSEL IN THIS ACTION

Rule 23 of the Federal Rules of Civil Procedure sets forth the standard for appointment of interim class counsel. Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g)(4). Rule 23(g) requires the court to consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. See Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Where more than one applicant seeks appointment as class counsel, the court must appoint the applicant "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

As required by Rule 23(g)(1)(A), and as detailed in the Joint Application, the members of the proposed Executive Committee have excellent credentials and more-than-sufficient experience to serve in leadership roles in this litigation. Plaintiff Vail and her counsel believe

that the Executive Committee attorneys and their respective law firms are thoroughly qualified for leadership positions due to their comprehensive experience as class action and multidistrict litigation counsel, as well as their knowledge of issues relevant to data breach litigation. The proposed leadership structure strategically combines firms that have extensive experience in data breach and privacy litigation, e-discovery, and complex consumer class actions, which will ensure the streamlined and efficient prosecution of this action.  In addition, the geographic diversity of putative class members warrants leadership that is similarly geographically diverse, which would be accomplished by appointing the proposed leadership structure.  The Executive Committee will be able to formulate litigation plans to manage all aspects of MDL case management, including discovery, briefing on substantive motions, and administrative matters, and has the ability and desire to delegate responsibilities to other plaintiffs' counsel in this litigation in order to ensure that the work performed is efficiently and effectively completed.

III.   CONCLUSION

For the above reasons, Plaintiff Vail respectfully requests that the Court appoint the following Executive Committee as lead plaintiffs' counsel in this litigation:

   a. **John A. Yanchunis** (Chairperson) of Morgan & Morgan, P.A.;
   b. **Ariana J. Tadler** of Milberg LLP;
   c. **Stuart A. Davidson** of Robbins Geller Rudman & Dowd LLP;
   d. **Gayle M. Blatt** of Casey Gerry Schenk Francavilla Blatt & Penfield LLP; and
   e. **Karen Hanson Riebel** of Lockridge Grindal Nauen P.L.L.P.

Dated:  January 12, 2017                    Respectfully submitted,

By: /s/ Lee A. Cirsch
Lee A. Cirsch
Robert K. Friedl
Trisha K. Monesi

Attorneys of record for Plaintiff Amy Vail

**RESPONSE TO MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS' COUNSEL**