Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150

[Additional Counsel listed on Signature Page]

*Attorneys for Plaintiffs Aman Abye and Louisa Ritsick*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 16-MD-02752-LHK<br><br>**PLAINTIFFS AMAN ABYE AND LOUISA RITSICK'S RESPONSE RE APPLICATIONS BY CERTAIN PLAINTIFFS' COUNSEL FOR CASE LEADERSHIP POSITIONS**<br><br>Date: February 9, 2017<br>Time: 1:30 p.m.<br>Location: Courtroom 8<br>Judge: Hon. Lucy H. Koh |

In our application for leadership, we proposed that Marc M. Seltzer and Susman Godfrey L.L.P. be appointed to lead these class actions. Susman Godfrey's attorneys, and in particular Marc Seltzer, have decades of experience serving as lead counsel in successful class action cases. He has been appointed to serve as lead or co-lead counsel in many high-profile class actions litigated in California courts, including *Korean Air Passenger Antitrust Litigation*, *White v. NCAA* (which was the first antitrust class action ever in which the NCAA agreed to compensate former student-athletes), and the landmark *Toyota* MDL. In *Toyota*, Judge Selna appointed Mr. Seltzer to serve as one of three co-lead counsel for the class, commenting later that "Class counsel has consistently demonstrated extraordinary skill and effort."[1]

Mr. Seltzer has also led our firm's efforts in other complex class action cases, such as the *In Re Automotive Parts Antitrust Litigation*, where partial settlements totaling more than $620 million dollars have been achieved. In addition to Mr. Seltzer, Steven Sklaver, who is among the Susman Godfrey lawyers prosecuting this litigation, also has extensive class action experience. He was the sole lead counsel in a seminal insurance policyholder class action in the Southern District of New York and achieved what the Court described as what "may be the best settlement pound for pound for the class that I've ever seen." *See Fleisher et al. v. Phoenix Life Ins. Co.*, Case No. CV 11-8405 (CM) (Sept. 9, 2015 Hr'g Tr. at 3).[2] The other Susman Godfrey lawyers working on this case have similarly extensive experience representing plaintiff classes in high-profile litigation. *See* ECF No. 24, at 4-7. It is for this reason, among others, that just this week *Law360* named Susman Godfrey its 2016 Class Action Practice Group firm of the year – an award given to only five law

---

[1] *In re Toyota Motor Corp. Unintended Acceleration Mktg. Sales Practices, & Prods. Liab. Litig.*, Case No. CV 10-ML-2151 (C.D. Cal.), ECF No. 3933 at 12.

[2] A copy of the hearing transcript is available here: http://www.susmangodfrey.com/media/1334/phoenix-closing_transcript.pdf

1  firms in the nation.[3]

2  With its many years of class-action experience on both the plaintiff and defense side, and 115 lawyers nationwide, Susman Godfrey has the experience and the financial and personnel resources to litigate vigorously and effectively on behalf of the class in this litigation.

6  The more fundamental decision facing the Court is one of efficiency: whether to appoint a single firm, or small set of firms as co-lead counsel, or to adopt the leadership structure jointly proposed by twenty-five law firms, and designate a five-firm Executive Committee which will "welcome and seek the participation of the other firms that have filed cases in this litigation." ECF No. 19 ("Joint Application") at 8. While we believe that Susman Godfrey can handle this litigation efficiently and by itself, if the Court believes it is appropriate to appoint one or more other firms as co-lead counsel we are prepared to work cooperatively with other counsel as we have done in many other cases.[4] We, however respectfully submit that a five-firm Executive Committee, with its members designated to deal with different, but apparently overlapping functions, would be both unnecessary and unwieldy for the following reasons.

18  *First*, there is no alleged intra-class conflict of the sort that may justify litigation by committee. *Second*, the prospect of parceling out work to a large number of law firms may lead to inefficiencies. Susman Godfrey, by contrast, has made efficient, results-oriented litigation a hallmark of its practice, aimed at streamlining discovery and motion practice with a sharp focus on gathering the

---

[3] *See* https://www.law360.com/articles/878947/law360-names-practice-groups-of-the-year

[4] We wish to note that we do not question the qualifications of the other applicants and have worked cooperatively with a number of the law firms that have requested to be appointed to the leadership in this case.

4716645v1/015461

2

Case No. 5:16-md-02752
**RESPONSE RE APPLICATIONS FOR CASE LEADERSHIP POSITIONS**

1  evidence necessary for trial.

2  *Third*, Susman Godfrey has an established track record of deploying the resources necessary for its clients to achieve maximal recovery against large corporate defendants – no more, and no less. Our expertise has allowed us to achieve the best outcomes for clients without incurring unnecessary expense.

### I. Litigation by Committee Is Unnecessary

The Manual for Complex Litigation notes that litigation committees "are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Manual for Complex Litig.* (4th Ed.) § 10.221. The Joint Application fails to identify any conflict or diverse interest among the class members that would justify a large committee of counsel. *See Newberg on Class Actions* § 7:31 (4th ed. 2002) ("[T]he court must be satisfied that there is a clear need to authorize multiple classes and class counsel to avoid confusion and to assure that prosecution of class claims will proceed efficiently without giving rise to requests for excessive attorneys' fees from unnecessary duplication of work . . . ."). Rather, the Joint Application argues that a large committee structure is needed because of the scope of the action and the geographic diversity of the putative class members. *See* Joint Application at 3. None of these considerations supports a large committee structure.

While significant resources are needed to litigate against Yahoo! Inc., Susman Godfrey has those resources. Susman Godfrey has successfully litigated class actions as lead or co-lead counsel against the likes of Toyota Motor Corp. ($176 billion market capitalization), AT&T ($243 billion market capitalization), and Google (i.e., Alphabet, $572 billion market capitalization). We have proven our ability to go toe to toe with the most well-heeled defendants and defense firms in a wide array of cases without having to assemble armies of lawyers in order to prevail.

With regard to the geographic diversity of users, while the data breach affected as many as 1.5 billion accounts and users in, presumably, all 50 states, the

1  common questions at the core of this litigation are relatively straightforward: Did
2  Yahoo owe a duty to its users with respect to their data? Was Yahoo negligent or
3  reckless in its data security practices? Did the Terms of Use and Privacy Policy form
4  a contract, and was that contract breached? What is the appropriate measure of
5  damages for users whose information was exposed, and what remedies should be
6  available to users who have suffered identity theft or other financial loss as a result
7  of the breach? The application of the relevant law to these issues will undoubtedly
8  be vigorously contested, but that fact does not require co-lead counsel from all fifty
9  states. Indeed, only a single firm has appeared on behalf of Yahoo in this matter.

## II.  Litigation by Committee Will Lead to Inefficiency

The most important consideration for the Court in designating a structure for lead counsel is "achieving efficiency and economy without jeopardizing fairness to the parties." *Manual for Complex Litig.* § 10.221. "Committees of counsel can sometimes lead to substantially increased costs," *id.*, and the Joint Application does little to suggest that such would not be the case here.

The Joint Application proposes different law firms to oversee discovery, client interaction, pleading, and briefing. Given the likely overlap between these tasks, the proposed committee structure designates a fifth firm simply to coordinate the tasks of the other firms, along with the twenty other firms the committee expects to include in the litigation. The negotiation of this complicated committee structure has already required "a teleconference, an in-person meeting . . . and subsequent telephone calls and meetings." Joint Application at 2. The Joint Application is vague, however, as to how the appointment of the committee will streamline the litigation and avoid duplication of effort.

By contrast, Susman Godfrey's application lays out five specific protocols we will adopt to ensure efficient litigation, along with three additional protocols to be adopted in the event the Court appoints co-lead counsel. *See* ECF No. 24 at 9-10. While we welcome working with other counsel in prosecuting the litigation, we

firmly believe that a leaner leadership structure would best serve the interests of the class and efficiency.

### III. Susman Godfrey Has the Resources and Experience to Vigorously and Efficiently Pursue the Clients' Interests

Susman Godfrey possesses the requisite expertise to lead this action. Susman Godfrey's track record in other complex litigation demonstrates that it can be counted on to dedicate the time and resources required of interim class counsel under Rule 23(g). This history of success includes both significant settlements such as in *Clark v. AdvanceMe, Inc*, Case No. CV 08-3540 (C.D. Cal.), a class action brought in Los Angeles federal court challenging financial arrangements with retail merchants under California's laws against usury and trial victories such as *Universal Service Fund Telephone Billing Practices Litig.* (D. Kan.), a class action brought on behalf of telephone customers challenging the lawfulness of certain monthly line-item charges, which was tried to a verdict. *See* 619 F.3d 1188 (10th Cir. 2010).

Accordingly, because appointing Marc Seltzer and Susman Godfrey as interim class counsel will satisfy the requirements of Fed. R. Civ. P. 23(g) and will promote the orderly and efficient resolution of these actions, plaintiffs Aman Abye and Louisa Ritsick respectfully request that the Court grant their motion.

Dated: January 12, 2017

*/s/ Marc M. Seltzer*
Marc M. Seltzer (54534)
mseltzer@susmangodfrey.com
Steven G. Sklaver (237612)
ssklaver@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150

Arun Subramanian
asubramanian@susmangodfrey.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Seth D. Ard
sard@susmangodfrey.com
Lucas Issacharoff
lissacharoff@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Fax: (212) 336-8340

Matthew R. Berry
mberry@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1291 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Fax: (206) 516-3883

*Attorneys for Plaintiffs Aman Abye and Louisa Ritsick*