John A. Yanchunis
(admitted *pro hac vice*)
jyanchunis@ForThePeople.com
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: 813/223-5505
813/223-5402 (fax)

*Attorneys for Plaintiffs and the Putative Class*

Ann Marie Mortimer (SBN 169077)
amortimer@hunton.com
Jason J. Kim (SBN 221476)
kimj@hunton.com
Kirk A. Hornbeck (SBN 241708)
khornbeck@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Samuel A. Danon
(admitted *pro hac vice*)
sdanon@hunton.com
John J. Delionado
(admitted *pro hac vice*)
jdelionado@hunton.com
**HUNTON & WILLIAMS LLP**
1111 Brickell Ave., Ste. 2500
Miami, FL 33143
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

*Attorneys for Defendant Yahoo! Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: YAHOO! CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 16-MD-02752-LHK<br><br>STIPULATED [PROPOSED] ORDER UNDER FEDERAL RULES OF EVIDENCE 502(d) AND (e) |

**1.     PURPOSE**

This Order under Federal Rules of Evidence 502(d) and (e) reflects the Parties' agreement to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively, "Document(s)") against claims of waiver.

**2.     CLAWBACK NOTICE**

In the event that a producing party claims that it inadvertently produced Documents subject to a legally recognized claim of privilege or work-product protection, it shall provide written notice of the claim to the receiving party (a "Clawback Notice"), identifying the subject Documents.

**3.     COVERED DOCUMENTS**

(a) For purposes of this Order, "Covered Documents" include:

 (i) Documents specified in a Clawback Notice that were produced fewer than thirty (30) days prior to receipt of the Clawback Notice by the receiving party; and

 (ii) Documents specified in the Clawback Notice up to 5% of the Documents in the production to which the Clawback Notice relates.

(b) The producing party is not obligated to provide any explanation or evidence regarding the reasonableness of efforts taken to prevent the production of Covered Documents.

(c) The production of any Covered Document shall not result in the waiver of any privilege or other protection (including, without limitation, the attorney-

2

client privilege, the work-product doctrine, the joint defense privilege, or other applicable privilege) associated with such Document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, in this or in any other state or federal proceeding. This Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Covered Documents.

4. **NON-COVERED DOCUMENTS**
   (a) With respect to Documents specified in a Clawback Notice that are not Covered Documents under this Order ("Non-Covered Documents"), Federal Rule of Evidence 502(b) shall apply.
   (b) With respect to Non-Covered Documents, a Clawback Notice must describe the steps taken to prevent production of the specified Documents, and the steps taken to rectify the production of the Documents, to enable the receiving party to make a reasoned decision as to whether it wishes to challenge the reasonableness and/or timeliness of such steps.

5. **PROCEDURES FOLLOWING CLAWBACK NOTICE**
   (a) Upon receipt of a Clawback Notice (regardless of whether the receiving party agrees with the producing party's claim of privilege) or upon determining that information it received is privileged or work-product-protected, the receiving party must make reasonable efforts to promptly return, sequester, and/or destroy

3

|     |     |     |
| --- | --- | --- |
| 1   |     | the Document(s), all copies thereof, and any notes that |
| 2   |     | reproduce, copy, or otherwise disclose the substance |
| 3   |     | of the information for which privilege is claimed, and |
| 4   |     | notify the producing party when this is complete. |
| 5   | (b) | If a receiving party challenges a claim that a |
| 6   |     | Document specified in a Clawback Notice is |
| 7   |     | privileged or work-product-protected, the receiving |
| 8   |     | party shall notify the producing party of its positions |
| 9   |     | within 14 days of receiving the Clawback Notice |
| 10  |     | asserting the claim.  Within 14 days of the producing |
| 11  |     | party receiving notification of the dispute, the parties |
| 12  |     | shall meet and confer in an effort to resolve their |
| 13  |     | disagreement.  If the parties are unable to resolve their |
| 14  |     | disagreement, the parties may submit the issue to the |
| 15  |     | Court for a determination, and may submit the |
| 16  |     | document(s) at issue for in camera review. |
| 17  | (c) | If a receiving party challenges a Clawback Notice |
| 18  |     | pertaining to a Non-Covered Document on the ground |
| 19  |     | that the production of the Document was not |
| 20  |     | inadvertent by the producing party, that the producing |
| 21  |     | party did not take reasonable steps to prevent the |
| 22  |     | production of the Document, or that the producing |
| 23  |     | party did not take reasonable or timely steps to rectify |
| 24  |     | the production of the Document, the receiving party |
| 25  |     | shall notify the producing party of its positions within |
| 26  |     | 14 days of receiving the Clawback Notice.  Within 14 |
| 27  |     | days of the producing party receiving notification of |
| 28  |     | the dispute, the parties shall meet and confer in an |

effort to resolve their disagreement. If the parties are unable to resolve their disagreement, the parties may submit the issue to the Court for a determination, and may submit the document(s) at issue for in camera review.

6. **DOCUMENTS NOT REVIEWED FOR PRIVILEGE FOR BURDEN MINIMIZATION OR EFFICIENCY ("QUICK PEEK")**

In the event that a producing party notifies a receiving party that it desires to produce Documents without having reviewed the Documents for privilege or work-product protection ("Quick Peek Production"), the parties will negotiate separate parameters for such productions and their related privilege protections. The provisions of Paragraph 3 of this Order will not apply to Quick Peek Productions. However, this Order shall apply to Quick Peek Productions to the extent that any privilege or protection is not waived in any other federal or state proceeding by disclosure in a Quick Peek Production.

7. **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained, or it is reasonably apparent that the party has obtained, privileged or work-product-protected information through production, disclosure, or communications, such information may not be submitted to the Court (except in connection with a challenge of the privilege assertion) or presented for admission into evidence or sought in discovery in this proceeding or in any other proceeding or action.

1  **IT IS SO STIPULATED**, through Counsel of Record.

3  DATED: March 27, 2017                     **MORGAN & MORGAN**

                                              By:   /s/ John Yanchunis
                                                    John Yanchunis
                                                    Plaintiffs' Lead Counsel

   DATED: March 27, 2017                     **HUNTON & WILLIAMS LLP**

                                              By:   /s/ Ann Marie Mortimer
                                                    Ann Marie Mortimer
                                                    Attorneys for Defendant
                                                    Yahoo! Inc.

## ATTESTATION

I hereby attest that each of the other signatories concurs in the filing of this document.

DATED: March 27, 2017                     **MORGAN & MORGAN**

                                              By:   /s/ John Yanchunis
                                                    John Yanchunis
                                                    Plaintiffs' Lead Counsel

**IT IS SO ORDERED** that the foregoing Agreement is approved.

DATED: _____     _____
                                              United States Magistrate Judge
                                              Nathaneal M. Cousins