MORGAN & MORGAN
COMPLEX LITIGATION GROUP
John A. Yanchunis (Admitted *Pro Hac Vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: 813/223-5505
813/223-5402 (fax)
jyanchunis@ForThePeople.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
Stuart A. Davidson (Admitted *Pro Hac Vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com

MILBERG LLP
Ariana J. Tadler (Admitted *Pro Hac Vice*)
One Pennsylvania Plaza, 50th Floor
New York, NY 10119
Telephone: 212/594-5300
212/868-1229 (fax)
atadler@milberg.com

CASEY GERRY SCHENK FRANCAVILLA
   BLATT & PENFIELD LLP
Gayle M. Blatt (122048)
110 Laurel Street
San Diego, CA 92101
Telephone: 619/238-1811
619/544-9232 (fax)
gmb@cglaw.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Karen Hanson Riebel (Admitted *Pro Hac Vice*)
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
612/339-0981 (fax)
khriebel@locklaw.com

*Attorneys for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| In re YAHOO! INC. CUSTOMER DATA BREACH SECURITY LITIGATION | No. 16-md-02752-LHK<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY AS TO NEW ARGUMENT MADE IN DEFENDANTS' REPLY BRIEF** |

1297986_1

Pursuant to Local Civil Rules 7-11(a) and 7-3(d), Plaintiffs respectfully move for leave of Court to file a sur-reply to address a new argument Defendants Yahoo! Inc. and Aabaco Small Business, LLC (collectively, "Yahoo") included in its Reply in Support of Defendants Yahoo! Inc. and Aabaco Small Business, LLC's Motion to Dismiss, Dkt. No. 121 ("Reply").  Attached hereto as **Exhibit 1** is Plaintiffs' proposed Sur-Reply ("Plaintiffs' Sur-Reply").  The Declaration of Stuart A. Davidson in Support of Plaintiffs' Administrative Motion for Leave to File Sur-Reply as to New Argument Made in Defendants' Reply Brief ("Davidson Decl."), is attached hereto as **Exhibit 2**. The Stipulation of the parties and [proposed] Order is attached hereto as **Exhibit 3**.

On August 1, 2017, Yahoo filed its Reply, Dkt. No. 121, in which Yahoo advances a new argument in support of dismissal of the Foreign Plaintiffs' negligence claim, which it did not make in its motion to dismiss: "The Foreign Plaintiffs expressly agreed to a *'close relationship'* with Yahoo in the [Additional Terms of Service ("ATOS")] and [Terms of Service ("TOS")], and Yahoo can enforce the forum selection and choice-of-law provisions in those agreements."[1] Reply at 13:22-24.  In connection with its new "close relationship" argument, Yahoo also makes at least two factual errors. *See* Davidson Decl., ¶4.  The erroneous statements in the Reply are summarized as follows:

*First*, relying on the ATOS, attached as Exhibit C to Yahoo's Request for Judicial Notice ("RJN"), Dkt. No. 95-3, Yahoo states that "each and every Yahoo user—foreign and domestic—is bound by the same ATOS *to which Yahoo also is a party*…." Reply at 13:13-14.  However, Yahoo is *not* a party to the ATOS as it pertains to the Foreign Plaintiffs, as the ATOS very clearly states that the "Contracting Party" in the ATOS is "the Applicable Yahoo Company," which is defined earlier in the ATOS as "the Yahoo company *that provides you with the Services*…." *See* Ex. C to RJN, Dkt. No. 95-3, Sections 1.1 & 10.  Put simply, Yahoo is *not* a party to the ATOS with the Foreign Plaintiffs, and Yahoo's statement to the contrary is factually incorrect.

---

[1] Here, and throughout, internal citations and quotation marks are omitted and emphasis is supplied, unless otherwise noted.

***Second***, relying on the Australia TOS, attached as Exhibit B to the RJN, Dkt. No. 95-2, Yahoo states: "Even more fundamental, the Foreign Plaintiffs expressly agreed to 'transfer' their information 'to the United States and/or other countries for storage, processing and use ***by Yahoo!***..." Reply at 13:15-17 (emphasis in original).  This is also incorrect, as that provision of the Australia TOS clearly states that Foreign Plaintiffs agreed to "transfer" their information "to the United States and/or other countries for storage, processing and use ***by Yahoo7 and its affiliates***." *See* Ex. B to RJN, Dkt. No. 95-2, Section 4.

As a professional courtesy, Plaintiffs' counsel contacted counsel for Yahoo to discuss both of the incorrect statements in the Reply and to request that Yahoo file papers with the Court correcting them.  Davidson Decl., ¶6.

Plaintiffs' counsel and counsel for Yahoo conferenced on August 4, 2017 during which Plaintiffs' counsel explained the incorrect statements and errors in Yahoo's Reply.  Yahoo's counsel confirmed they would investigate the matter and advise Plaintiffs' counsel of their plans to address the issues raised, if any.  Davidson Decl., ¶7.  Counsel spoke again on August 9, 2017 to further attempt to resolve these issues.  Davidson Decl., ¶8.

On August 10, 2017, Yahoo filed an Errata to their Reply, correcting the second error (*i.e.*, concerning the language in the Australian TOS).  *See* Dkt. No. 124.  However, Yahoo declined to correct the first erroneous statement, thus requiring Plaintiffs to seek leave to file a sur-reply in order to address the same.

This Court, and others in this Circuit, have disregarded new arguments that are raised for the first time in reply briefs, considering them waived.  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1035 (N.D. Cal. 2014) ("Yahoo did not argue in its opening brief that there was consent for a § 2702(a) violation and only focused on how Yahoo had consent to a § 2701(a) violation pursuant to § 2701(c)(2). Thus, the Court does not consider Yahoo's consent argument in its Reply because arguments raised for the first time in Reply briefs are waived.") (Koh, J.) (citing *Sealant Sys. Int'l, Inc. v. TEK Global S.R.L.*, No. 5:11–cv–00774–PSG, 2014 WL 1008183, at *14 (N.D. Cal. Mar. 7, 2014)); *see also Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996)

1  ("Issues raised for the first time in the reply brief are waived."); *Architectureart, LLC v. City of
2  San Diego*, No. 15-cv-1592-BAS-NLS, 2016 WL 1077124, at *3 (S.D. Cal. Mar. 18, 2016) ("In
3  its Reply, the City raises several arguments not mentioned in its initial Motion to Dismiss,
4  including the argument that the allegations in the FAC, if not time-barred, fail to state a violation
5  of federal or state constitutional rights. Because these arguments were not made in the initial
6  Motion to Dismiss, the arguments are waived."); *Dytch v. Yoon*, No. C 10–02915 MEJ, 2011
7  WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) ("As to Defendant's reply, the Court finds that it
8  raises new arguments not raised in Defendant's motion. 'It is improper for a moving party to
9  introduce new facts or different legal arguments in the reply brief than those presented in the
10 moving papers.'").

11     That said, to the extent the Court intends to consider Yahoo's new "close relationship"
12 argument, Plaintiffs seek leave to file the attached Plaintiffs' Sur-Reply, as Plaintiffs have not
13 had an opportunity to explain why Yahoo's statements regarding the parties to the ATOS are
14 false.

15     Good cause exists to grant Plaintiffs' request. *See Provenz v. Miller*, 102 F.3d 1478,
16 1483 (9th Cir. 1996) ("[W]here new evidence is presented in a reply to a motion for summary
17 judgment, the district court should not consider the new evidence without giving the [non-
18 ]movant an opportunity to respond"); *Jordan v. Terhune*, No. CIV S-03-1820 LKK KJM P, 2009
19 WL 276764, at *3 (E.D. Cal. Feb. 5, 2009) ("[W]hen a party has raised new arguments or
20 presented new evidence in a reply to an opposition, the court may permit the other party to
21 counter the new arguments or evidence.") (citing *El Pollo Loco v. Hashim*, 316 F.3d 1032, 1040-
22 41 (9th Cir. 2003)); *see also Landmark Screens, LLC v. Morgan, Lewis & Bockius*, No. 08-cv-
23 2581 (JF), 2010 WL 3629816, at *2 (N.D. Cal. Sept. 14, 2010) (sur-reply permitted where
24 authority cited for first time in reply papers).

25     Plaintiffs and Yahoo have stipulated to the filing of a sur-reply. *See* Davidson Decl., ¶9.
26     WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court
27 enter the Order accompanying the parties' Stipulation, granting plaintiffs leave to file the
28

attached Plaintiffs' Sur-Reply, and granting such other and further relief as the Court deems just and proper.

DATED: August 15, 2017

MORGAN & MORGAN
COMPLEX LITIGATION GROUP
John A. Yanchunis

*s/ John A. Yanchunis*
John A. Yanchunis

201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Telephone:  813/223-5505
813/223-5402 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
Stuart A. Davidson

*s/ Stuart A. Davidson*
Stuart A. Davidson

120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

CASEY GERRY SCHENK FRANCAVILLA
  BLATT & PENFIELD LLP
Gayle M. Blatt
110 Laurel Street
San Diego, CA  92101
Telephone:  619/238-1811
619/544-9232 (fax)

MILBERG LLP
Ariana J. Tadler
One Pennsylvania Plaza, 50th Floor
New York, NY  10119
Telephone:  212/594-5300
212/868-1229 (fax)

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Karen Hanson Riebel
100 Washington Ave. South, Suite 2200
Minneapolis, MN  55401
Telephone:  612/339-6900
612/339-0981 (fax)

*Attorneys for Plaintiffs and the Class*

Case 5:16-md-02752-LHK   Document 126   Filed 08/15/17   Page 6 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 15, 2017.

    *s/ Stuart A. Davidson*
STUART A. DAVIDSON

ROBBINS GELLER RUDMAN
 & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

E-mail: sdavidson@rgrdlaw.com

1297986_1    PLTFS' ADMIN. MOT. FOR LEAVE TO FILE SUR-REPLY - 16-md-02752-LHK    - 6 -