Ann Marie Mortimer (SBN 169077)
amortimer@hunton.com
Jason J. Kim (SBN 221476)
kimj@hunton.com
Kirk A. Hornbeck (SBN 241708)
khornbeck@hunton.com
**HUNTON & WILLIAMS LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Samuel A. Danon (admitted *pro hac vice*)
sdanon@hunton.com
John J. Delionado (admitted *pro hac vice*)
jdelionado@hunton.com
**HUNTON & WILLIAMS LLP**
1111 Brickell Avenue, Suite 2500
Miami, Florida 33143
Telephone: (305) 810-2500
Facsimile: (305) 810-2460

Attorneys for Defendant
Yahoo! Inc. and Aabaco Small
Business, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO! CUSTOMER DATA SECURITY BREACH LITIGATION | CASE NO.: 16-MD-02752-LHK<br><br>**DEFENDANTS YAHOO! INC. AND AABACO SMALL BUSINESS, LLC'S:**<br><br>**(1) NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     March 8, 2018<br>Time:     1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:    Hon. Lucy H. Koh |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on March 8, 2018, at 1:30 p.m., or as soon thereafter as this matter may be heard before the Honorable Lucy H. Koh, in Courtroom 8 of the above-captioned Court, located at 280 South First Street, 4th Floor, San Jose, California 95113, Defendants Yahoo! Inc. ("Yahoo") and Aabaco Small Business, LLC ("Aabaco") (together, "Defendants") will and hereby do move this Court for an order dismissing Counts 1 through 8 and 11 through 13 of Plaintiffs' First Amended Consolidated Class Action Complaint ("FAC"). Defendants further move the Court for an order dismissing Plaintiffs' request for punitive damages.

This Motion is made on multiple grounds under Rule 12(b)(6) of the Federal Rules of Civil Procedure:

*First*, Plaintiffs Rivlin, Granot, and Mortensen have not adequately pled lost money or property sufficient to establish statutory standing under California's unfair competition laws;

*Second*, Plaintiffs have not pled reliance and/or damages adequately, both of which are prima facie elements of their fraudulent concealment claim;

*Third*, Plaintiffs' negligence and fraudulent concealment claims are barred by the economic loss rule;

*Fourth*, Plaintiffs have not pled facts sufficient to invalidate the limitation-of-liability provisions in the TOS to which they agreed and which bar all but direct damages for their contract and negligence claims;

*Fifth*, Plaintiffs' declaratory relief claim is improperly redundant of their contract claims;

*Sixth*, Plaintiff Mortensen has not adequately pled reliance or the existence of a covered "good" or "service" sufficient to state a claim under California's Consumer Legal Remedies Act;

*Seventh*, Plaintiffs Heines and Dugas lack standing to assert a Forged Cookie Breach claim under California's Customer Records Act because neither claims to have been affected by that Breach;

*Eighth*, Plaintiffs have not cured their deficient allegations that Defendants unreasonably delayed notification of the 2013 Breach;

*Ninth*, the Customer Records Act's provision regarding "reasonable security" does not apply to the 2013 and 2014 Breaches because that provision did not cover "online" account information prior to January 1, 2016; and

*Tenth*, Plaintiffs cannot recover punitive damages in connection with any of their claims.

The Motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice filed concurrently herewith, the pleadings and papers on file, and upon such oral argument as may be made at the hearing.

Dated:  January 19, 2018

HUNTON & WILLIAMS LLP

By:   /s/ Ann Marie Mortimer
Ann Marie Mortimer
Attorneys for Defendants Yahoo! Inc. and
Aabaco Small Business, LLC

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

# **TABLE OF CONTENTS**

2

Page

3

I.      INTRODUCTION ........................................................................1

4

II.     STATEMENT OF ISSUES TO BE DECIDED ...............................4

5

III.    LEGAL ARGUMENT .................................................................5

6

        A.      Plaintiffs Fail To Cure The Pleading Deficiencies In Previously
                Dismissed Claims. ...........................................................5

7

8

                1.      The Israel And Paid Users Class Representatives Fail To
                        Plead Lost Money Or Property Sufficient To Demonstrate
                        Standing Under The UCL (Counts 1 & 2). ......................5

9

10

                2.      The Paid Users Class Representative Also Lacks Standing
                        Under The UCL (Counts 1 & 2). .................................6

11

12

                3.      Plaintiffs Fail To Allege Facts Sufficient To Overcome The
                        Limitation-Of-Liability Provision In The TOS (Counts 5
                        Through 8). ......................................................6

13

14

15

                        a.      Plaintiffs Cannot Show Sufficient "Surprise" Or
                                "Oppression." ..........................................7

16

17

                        b.      Plaintiffs' Substantive Unconscionability Allegations
                                Fail. ...................................................9

18

19

                4.      The Free Users Fail To Plead Recoverable Contract
                        Damages (Counts 5 Through 8). ................................13

20

                5.      Plaintiffs Are Limited To Direct Damages, If Any, In
                        Connection With Their Implied Covenant Claim (Count 7). ........14

21

22

                6.      Declaratory Relief Is Derivatively Deficient And Redundant
                        (Count 8). ......................................................14

23

24

                7.      Plaintiffs' CLRA Claim Remains Deficient (Count 11). ..............16

25

                8.      Plaintiffs Have Not Cured The Defects In Their CRA
                        Claims (Counts 12 & 13). .......................................17

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

a. No Named Plaintiff Claims Injury From The Forged Cookie Breach. ..................................................17

b. Plaintiffs Fail To Plead Sufficient Delay Allegations For The 2013 Breach. ........................................18

B. Plaintiffs' "New" Claims Are Deficient. ................................................19

1. Plaintiffs Cannot Show Reliance Or Damages For Their Fraudulent Concealment Claim (Count 3)...................................19

a. Plaintiffs Cannot Show Reliance........................................19

b. Plaintiffs Cannot Show Damages.......................................20

2. Plaintiffs' Fraudulent Concealment And Negligence Claims Fail Under The Economic Loss Rule (Counts 3 & 4)...................22

3. No Retroactive Application Of "Online Account" Information For New "Reasonable Security" CRA Claim (Count 13).................................................................................24

4. Plaintiffs Cannot Recover Punitive Damages (Counts 3, 4, 7, 10, 11, 12 & 13).......................................................................26

IV. CONCLUSION ...............................................................................29

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adobe Sys., Inc. Privacy Litig.*,
   66 F. Supp. 3d 1197 (N.D. Cal. 2014) ............................................................ 17, 24

*Alcaraz v. Wachovia Mortg., FSB*,
   2009 WL 160308 (E.D. Cal. Jan. 21, 2009) .............................................. 26, 27, 28

*Alliance Mortg. Co. v. Rothwell*,
   10 Cal. 4th 1226 (1995) ...................................................................................... 20

*Andre v. Bank of Am., NA*,
   2016 WL 69914 (N.D. Cal. Jan. 6, 2016) ............................................................. 20

*Armendariz v. Found. Health Psychcare Servs., Inc.*,
   24 Cal. 4th 83 (2000) ........................................................................................... 10

*Audigier Brand Mgmt. v. Perez*,
   2012 WL 5470888 (C.D. Cal. Nov. 5, 2012) ........................................................ 23

*Belton v. Comcast Cable Holdings, LLC*,
   151 Cal. App. 4th 1224 (2007) ............................................................................... 9

*Bickley v. Schneider Nat'l, Inc.*,
   2009 WL 5841196 (N.D. Cal. Feb. 11, 2009) ....................................................... 27

*Body Jewelz, Inc. v. Valley Forge Ins. Co.*,
   241 F. Supp. 3d 1084 (C.D. Cal. 2017) .......................................................... 22, 23

*Circuit City Stores, Inc. v. Adams*,
   279 F.3d 889 (9th Cir. 2002) ................................................................................ 15

*Circuit City Stores, Inc. v. Mantor*,
   335 F.3d 1101 (9th Cir. 2003) .............................................................................. 10

*City & Cty. of S.F. v. Tutor-Saliba Corp.*,
   2005 WL 645389 (N.D. Cal. Mar. 17, 2005) ........................................................ 14

*Copesky v. Super. Ct.*,
   229 Cal. App. 3d 678 (1991) ................................................................................ 14

iii

*Cruz v. HomeBase*,
    83 Cal. App. 4th 160 (2000)..................................................................28

*Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*,
    219 F. Supp. 3d 962 (N.D. Cal. 2016)..................................................22

*Daly v. Viacom, Inc.*,
    238 F. Supp. 2d 1118 (N.D. Cal. 2002)................................................20

*Danielson v. Wells Fargo Bank*,
    2011 WL 4480849 (C.D. Cal. Sept. 26, 2011) ....................................27

*Darnaa, LLC v. Google, Inc.*,
    2015 WL 7753406 (N.D. Cal. Dec. 2, 2015)............................ 11, 12, 24

*Darnaa, LLC v. Google, Inc.*,
    236 F. Supp. 3d 1116 (N.D. Cal. 2017)................................................14

*Doe v. Schwarzenegger*,
    2007 WL 601977 (N.D. Cal. Feb. 22, 2007) ..................................25, 26

*Elsayed v. Maserati N. Am., Inc.*,
    215 F. Supp. 3d 949 (C.D. Cal. 2016) ..................................................23

*Faulkner v. Cal. Toll Bridge Auth.*,
    40 Cal. 2d 317 (1953) ...........................................................................27

*Ferrington v. McAfee, Inc.*,
    2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) ........................................16

*Fladeboe v. Am. Isuzu Motors Inc.*,
    150 Cal. App. 4th 42 (2007)..................................................................20

*Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*,
    209 Cal. App. 4th 1118 (2012)..............................................................11

*Gallo Glass Co. v. Special Shapes Refractory Co., Inc.*,
    2017 WL 387247 (E.D. Cal. Jan. 26, 2017) ........................................22

*Hammond Enters. Inc. v. ZPS Am. LLC*,
    2013 WL 5814505 (N.D. Cal. Oct. 29, 2013).......................................23

*Han v. Mobil Oil Corp.*,
    73 F.3d 872 (9th Cir. 1995)...................................................................15

iv

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
  834 F. Supp. 2d 566 (S.D. Tex. 2011)............................................................13

*Henderson v. Sec. Pac. Nat'l Bank*,
  72 Cal. App. 3d 764 (1977)............................................................................26

*In re iPhone Application Litig.*,
  2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ..............................................9

*In re iPhone Application Litig.*,
  844 F. Supp. 2d 1040 (N.D. Cal. 2012)..........................................................16

*J'Aire Corp. v. Gregory*,
  24 Cal. 3d 799 (1979) ....................................................................................23

*Jimenez v. Super. Ct.*,
  29 Cal. 4th 473 (2002) ...................................................................................23

*Kilgore v. KeyBank, Nat'l Ass'n*,
  718 F.3d 1052 (9th Cir. 2013)......................................................................7, 8

*In re LinkedIn User Privacy Litig.*,
  932 F. Supp. 2d 1089 (N.D. Cal. 2013)..........................................................22

*Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*,
  729 F.3d 421 (5th Cir. 2013).........................................................................13

*Markborough Cal. Inc. v. Super. Ct.*,
  227 Cal. App. 3d 705 (1991)..........................................................................11

*McQuirk v. Donnelley*,
  189 F.3d 793 (9th Cir. 1999).........................................................................12

*Michael v. Honest Co., Inc.*,
  2016 WL 8902574 (C.D. Cal. Dec. 6, 2016) .................................................24

*Molina v. J.C. Penney Co., Inc.*,
  2015 WL 183899 (N.D. Cal. Jan. 14, 2015) ..................................................27

*Monaco v. Bear Stearns Residential Mortg. Corp.*,
  554 F. Supp. 2d 1034 (C.D. Cal. 2008) .........................................................14

*Morris v. Redwood Empire Bancorp*,
  128 Cal. App. 4th 1305 (2005)......................................................................10

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 16-MD-02752-LHK

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

*Moule v. United Parcel Serv. Co.*,
  2016 WL 3648961 (E.D. Cal. July 7, 2016) ........................................................... 7

*Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.*,
  629 F. Supp. 2d 1135 (E.D. Cal. 2009) .............................................................. 23

*Nguyen v. Barnes & Noble, Inc.*,
  763 F.3d 1171 (9th Cir. 2014) ........................................................................... 8

*Ruiz v. Gap, Inc.*,
  540 F. Supp. 2d 1121 (N.D. Cal. 2008) .............................................................. 15

*S. Cal. Gas Leak Cases*,
  2017 WL 6398546 (Cal. Ct. App. Dec. 15, 2017) ............................................... 23

*Savetsky v. Pre-Paid Legal Servs., Inc.*,
  2015 WL 4593744 (N.D. Cal. July 30, 2015) ...................................................... 8

*Simmons v. S. Pac. Transp. Co.*,
  62 Cal. App. 3d 341 (1972) ............................................................................... 27

*Solarcity Corp. v. Sunpower Corp.*,
  2017 WL 1739169 (N.D. Cal. May 4, 2017) ....................................................... 16

*Song Fi, Inc. v. Google, Inc.*,
  2016 WL 1298999 (N.D. Cal. Apr. 4, 2016) .................................................. 20, 21

*Song Fi, Inc. v. Google, Inc.*,
  2016 WL 3479078 (N.D. Cal. June 27, 2016) .................................................... 21

*In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*,
  903 F. Supp. 2d 942 (S.D. Cal. 2012) ............................................................... 22

*Stearns v. Select Comfort Retail Corp.*,
  2009 WL 1635931 (N.D. Cal. June 5, 2009) ...................................................... 22

*Stewart v. Electrolux Home Products, Inc.*,
  2018 WL 339059 (E.D. Cal. Jan. 9, 2018) ......................................................... 22

*Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*,
  2014 WL 3705350 (N.D. Cal. July 24, 2014) ..................................................... 28

*Tapia v. Super. Ct.*,
  53 Cal. 3d 282 (1991) ....................................................................................... 25

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 16-MD-02752-LHK

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

*Taylor v. Super. Ct.*,
    24 Cal. 3d 890 (1979) ........................................................................... 27

*Traynor v. Lexington Ins. Co.*,
    420 F. App'x 674 (9th Cir. 2011) ............................................................. 7

*Turnbull & Turnbull v. ARA Transp., Inc.*,
    219 Cal. App. 3d 811 (1990) .................................................................. 27

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
    505 F. Supp. 2d 609 (N.D. Cal. 2007) ..................................................... 27

*Walnut Producers of Cal. v. Diamond Foods, Inc.*,
    187 Cal. App. 4th 634 (2010) ................................................................. 10

*Warth v. Seldin*,
    422 U.S. 490 (1975) .............................................................................. 17

*WeBoost Media S.R.L. v. LookSmart Ltd.*,
    2014 WL 2621465 (N.D. Cal. June 12, 2014) .......................................... 22

*Weiss v. NNN Capital Fund I, LLC*,
    2015 WL 11990929 (S.D. Cal. Apr. 3, 2015) .......................................... 17

*Wiseley v. Amazon.com, Inc.*,
    2017 WL 4150341 (9th Cir. Sept. 19, 2017) ............................................ 9

*Woodside Homes of Cal., Inc. v. Super. Ct.*,
    107 Cal. App. 4th 723 (2003) .................................................................. 9

*Woolstrum v. Mailloux*,
    141 Cal. App. 3d Supp. 1 (1983) ............................................................ 27

*In re Yahoo Mail Litig.*,
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........................................................ 8

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
    2017 WL 3727318 (N.D. Cal. Aug. 30, 2017) ................................. *passim*

*In re Zappos.com, Inc.*,
    2013 WL 4830497 (D. Nev. Sept. 9, 2013) ............................................. 15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

## Statutes

15 U.S.C. § 45 ..................................................................................................12

Cal. Bus. & Prof. Code § 17204 ........................................................................5

Cal. Civ. Code § 1668 ......................................................................................12

Cal. Civ. Code § 1761 ......................................................................................16

Cal. Civ. Code § 1798.81.5 ..............................................................................24

Cal. Civ. Code § 3294 ................................................................................27, 28

## Rules

Fed. R. Civ. P. 9 ..............................................................................................14

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 16-MD-02752-LHK

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Few, if any, security intrusions have received the level of detailed scrutiny as the Yahoo Data Breaches.  In drafting the First Amended Consolidated Class Action Complaint ("FAC"), Plaintiffs stood in the favorable position of not only having the benefit of this Court's rigorous 93-page Motion to Dismiss Order considering and outlining the relevant legal issues and providing clear directives on what was required to cure the prior pleading deficiencies, but also having access to mountains of relevant documentary evidence and a Yahoo corporate representative.  In addition to the more than 1.5 million pages of documents produced by Defendants concerning all three Breaches at issue in this litigation and two full days of corporate representative testimony (including extensive documents and testimony concerning Defendants' cybersecurity practices, the October 3, 2017 disclosure regarding the 2013 Breach, and Verizon's acquisition of Defendants' operating assets), Plaintiffs have been able to review:  the findings of an intensive independent committee investigation that were publicly reported in Yahoo's 2016 10-K; other detailed securities filings related to data security; a DOJ indictment of the perpetrators responsible for the 2014 Breach, which include Russian intelligence officers; a putative stockholder class action and various stockholder derivative actions; investigations by various government agencies, including the SEC; and abundant press coverage and industry expert opinions.  Yet, despite all of this, Plaintiffs' sweeping 300-plus paragraph FAC is rife with legal defects and still fails to cure the basic pleading deficiencies previously identified by this Court.  And once again, Plaintiffs' FAC defaults to broad generalizations, legal conclusions, and threadbare assertions in place of well-pled facts specifically linking the injuries claimed in this case to the facts alleged.

Armed with 20/20 hindsight and a variety of cherry-picked statements, Plaintiffs claim—yet again—that Defendants should have known something sooner,

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

done something better, or acted faster.  But Yahoo, which has a vast security border covering a massive network system to patrol and protect, has been the target of relentless criminal attacks.  And, of course, Yahoo has abundantly tested its own systems against internal and external simulated attacks, discovered vulnerabilities, and improved its systems over time in an unending cycle of learning, adapting, and responding to constantly evolving security threats.  Plaintiffs' selective excerpts from the abundant discovery available to them cannot substitute for or otherwise fulfill the requirements laid out by this Court and the operative law.

In its order on Defendants' first motion to dismiss, the Court painstakingly pared down this sprawling litigation—it limited the pleadings to Plaintiffs' contract claims (express, implied, and implied covenant), unfair competition ("UCL") claims (under the "unfair" and "unlawful" prongs for all Classes, as well as the "fraudulent" prong for the Small Business Users Class insofar as the claim related to alleged omissions in Defendants' Small Business advertisements), and Customer Records Act ("CRA") claim insofar as it related to allegedly delayed notification in connection with the 2014 and Forged Cookie Breaches.  Although the Court granted Plaintiffs leave with respect to certain of the deficiencies identified in its order, as detailed herein, Plaintiffs failed to cure them.  And the "new" claims asserted by Plaintiffs— which are largely variations on theories already rejected by the Court—likewise fail for similar reasons.  At this point, Plaintiffs have had every opportunity to meet their pleading burden and cure the deficiencies identified by the Court, but again fall short.

Plaintiffs Rivlin and Granot once again have not adequately pled lost money or property sufficient to establish statutory standing under the UCL, and newly added Plaintiff Mortensen fails to make that showing as well.  As to their contract theories, Plaintiffs rely on threadbare recitals and conclusory allegations in place of facts demonstrating either procedural or substantive unconscionability.  Limitation-of-liability provisions contained in standardized, online agreements like Defendants'

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Terms of Service (the "TOS") are routinely enforced in free and low-cost provider situations where users choose among multiple service alternatives, and Plaintiffs pled no facts taking this case outside the norm.  They fail to establish "surprise" or "oppression" sufficient to invalidate the TOS on procedural unconscionability grounds; indeed, Plaintiffs admit the TOS forms a binding contract between themselves and Defendants as part of their contract claim.  FAC ¶ 225.  And nothing about the TOS "shocks the conscience" in a manner sufficient to invalidate the TOS on substantive unconscionability grounds—particularly given the magnitude of risks Yahoo would be forced to assume for providing Plaintiffs with a free to low-cost service in the absence of some limitation on liability.  The declaratory relief claim is redundant and fails for the same reasons.  By operation of the limitation-of-liability provision, Plaintiffs are limited to "direct" contract, implied covenant, and negligence damages, if any—and Plaintiffs have pled "out-of-pocket" mitigation costs, which they concede are consequential.  Plaintiffs' CLRA claim still fails for lack of reliance and the inability to plead a covered "good" or "service."

None of the Plaintiffs has standing to bring any type of claim related to the Forged Cookie Breach, as none claims to have been impacted by it.  Plaintiffs Heines and Dugas—the only California Plaintiffs—have failed again to allege facts establishing a legally cognizable delay in *notification* (as opposed to discovery) under the CRA (and do not claim to be impacted by the Forged Cookie Breach).  Moreover the newly invoked "reasonable security" provision of the CRA upon which Heines and Dugas rely did not cover "online account" information until 2016, long after the 2013 and 2014 Breaches—and nothing therein permits retroactive application.

Plaintiffs' other new claims fare no better.  None of the Plaintiffs who purport to represent the free and Paid Users Classes claims even to have read the Privacy Policy, so they cannot plead reliance—justifiable or otherwise—to anchor their fraudulent concealment claim.  Even still, Plaintiffs' damages allegations fail under

3

the "out-of-pocket" loss rule, as they pled no facts showing they received less than they paid for using Yahoo's free or low-cost services.  Plaintiffs' fraudulent concealment and negligence claims also are barred by the economic loss rule, and Plaintiffs cannot recover punitive damages in any event.

Specifics matter, and Plaintiffs—despite this Court's clear instructions and their incredible access to documents and testimony—still have not remedied their pleading deficiencies by replacing bald conclusions with well-pled facts.  Plaintiffs' insufficient claims should be dismissed, and this litigation should move on.

## II.   <u>STATEMENT OF ISSUES TO BE DECIDED</u>

1.     Whether Plaintiffs Rivlin, Granot, and Mortensen have adequately pled lost money or property sufficient to establish statutory standing under California's unfair competition laws;

2.     Whether Plaintiffs have adequately pled reliance and/or damages, both of which are prima facie elements of their fraudulent concealment claim;

3.     Whether Plaintiffs' negligence and fraudulent concealment claims are barred by the economic loss rule;

4.     Whether Plaintiffs have adequately pled facts sufficient to invalidate the limitation-of-liability provisions in the TOS to which they agreed and which bar all but direct damages for their contract and negligence claims;

5.     Whether Plaintiffs' derivative declaratory relief claim is improperly redundant of their deficient contract claims;

6.     Whether Plaintiff Mortensen has adequately pled reliance or the existence of a covered "good" or "service" sufficient to state a claim under California's Consumer Legal Remedies Act;

7.     Whether Plaintiffs Heines and Dugas have standing to assert claims based on the Forged Cookie Breach under California's Customer Records Act where neither claims to been affected by that Breach;

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

8.      Whether Plaintiffs cured their deficient allegations that Defendants unreasonably delayed notification of the 2013 Breach;

9.      Whether Plaintiffs' new California's Customer Records Act claim regarding "reasonable security," upon which Plaintiffs Heines and Dugas now rely, retroactively applies to the 2013 and 2014 Breaches when it was not amended until January 1, 2016 to include "online account" information;

10.     Whether Plaintiffs can recover punitive damages in connection with any of their claims.

## III.   **LEGAL ARGUMENT**

### A.      **Plaintiffs Fail To Cure The Pleading Deficiencies In Previously Dismissed Claims.**

#### 1.      **The Israel And Paid Users Class Representatives Fail To Plead Lost Money Or Property Sufficient To Demonstrate Standing Under The UCL (Counts 1 & 2).**

This Court previously dismissed UCL claims made by Plaintiffs Rivlin and Granot because they did "not sufficiently allege[] standing under the UCL." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2017 WL 3727318, at *22 (N.D. Cal. Aug. 30, 2017).  Specifically, the Court found that instead of alleging ascertainable and existing loss in the form of lost money or property, Rivlin and Granot alleged "imminent risk of *future* costs as a result of the Data Breaches," which is "not sufficient to allege 'lost money or property' under the UCL."  *Id.*

Rivlin and Granot's allegations still fail to make the UCL's threshold standing showing.  Cal. Bus. & Prof. Code § 17204.  As before, Rivlin and Granot have not pled current out-of-pocket damages or already-incurred loss of property or money.  Rather, they rely on the possibility of future harm to anchor their claim.  *Compare* CAC ¶¶ 15, 16 *with* FAC ¶¶ 23, 24 ("In addition, the Yahoo Data Breaches have caused Plaintiff [Rivlin/Granot] to be at substantial risk for identity theft, if in fact [his/her] identity has not already been stolen.").  The Court previously rejected the

5

hypothetical possibility of future or currently unknown harm as a basis for UCL standing. *In re Yahoo*, 2017 WL 3727318, at *22 ("imminent risk of future costs" does not establish UCL standing). Rivlin and Granot's UCL claim should be dismissed—this time with prejudice.

### 2. The Paid Users Class Representative Also Lacks Standing Under The UCL (Counts 1 & 2).

Newly added Plaintiff Mortensen similarly lacks statutory standing to bring UCL claims. Like Plaintiffs Rivlin and Granot, Mortensen does not claim he "lost money or property" in the form of mitigation expenses or other lost property or money. FAC ¶ 28. To the extent Mortensen claims a "greater risk of identity theft and other fraud" (*id.*), that does not constitute "lost money or property," as the Court previously held. *In re Yahoo*, 2017 WL 3727318, at *22. Nor does Mortensen adequately allege "benefit-of-the-bargain" losses. Although he claims he "paid $19.95 per year for Yahoo's premium email service" (FAC ¶ 28), he fails to describe the "premium" features for which he paid—*e.g.*, ad-free mail, mail forwarding—much less plead facts showing how Yahoo's allegedly "unlawful" and "unfair" conduct deprived him of such features. Indeed, there is no difference between Mortensen's allegations and the similarly vague allegations by Plaintiff Rivlin, which this Court held fell short of adequately alleging "lost benefit of the bargain." *In re Yahoo,* 2017 WL 3727318, at *20, 22 n.4 & 5. Like Rivlin, Mortensen's bare allegation that he paid fees associated with his account is not sufficient to demonstrate UCL standing.

### 3. Plaintiffs Fail To Allege Facts Sufficient To Overcome The Limitation-Of-Liability Provision In The TOS (Counts 5 Through 8).

As this Court held, Defendants' TOS limits their liability to Plaintiffs absent plausible allegations that those provisions are "unconscionable." *In re Yahoo*, 2017

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

WL 3727318, at *52.[1]  To overcome those presumptively enforceable limitation-of-liability provisions, the Court ordered Plaintiffs to adequately plead facts evidencing **both** procedural and substantive unconscionability.  *Id.* at *53.  Just as this Court previously rejected Plaintiffs' "threadbare recitals" of unconscionability last time, it should do so again now.  Plaintiffs added more words to the FAC, but no new or significant facts to plausibly demonstrate unconscionability.  *Id.* at 46 n.13 ("Plaintiffs' claim … merely lists various provisions of Yahoo's Terms and Service and alleges that these provisions are 'unconscionable and unenforceable, or precluded by federal and state law.'  …  These 'threadbare recitals' … are insufficient to state a claim.") (citation omitted); *see also* FAC ¶¶ 232-242.  Because Plaintiffs have failed to plead sufficient facts alleging why the agreed-to limitation-of-liability provisions are procedurally unconscionable in terms of "oppression" and "surprise," or that the terms of the provisions are so manifestly unfair as to "shock the conscience," their claims must be dismissed.  *See Traynor v. Lexington Ins. Co.*, 420 F. App'x 674 (9th Cir. 2011).

### a.    Plaintiffs Cannot Show Sufficient "Surprise" Or "Oppression."

The hallmarks of procedural unconscionability are "surprise" and "oppression."  *In re Yahoo*, 2017 WL 3727318, at *52 (citation omitted).  Plaintiffs have pled neither sufficiently.  Plaintiffs admit the TOS constitutes a contract between themselves and Defendants as part of their contract claim.  FAC ¶ 225.  Plaintiffs, therefore, are bound by all of the terms therein, not simply those that presently suit their litigation objectives.  In any event, Plaintiffs assert that the limitation-of-liability provision is a "surprise" because it appeared on pages 8 and 9 of the online TOS, not on the first or last page.  FAC ¶ 236.  This solitary allegation is not enough.  *Moule v. United Parcel Serv. Co.*, 2016 WL 3648961, at *7 (E.D. Cal. July 7, 2016) ("Plaintiff fails to show

---

[1] The Court set forth the limitation-of-liability language in both Defendants' TOS in its last order.  *In re Yahoo*, 2017 WL 3727318, at *46.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

'surprise' because the terms were not hidden from view or drafted in 'fine-print terms.'"); *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013) (finding that a contract provision was not procedurally unconscionable under California law when the provision was not "buried in fine print in the [contract], but was instead in its own section, clearly labeled, in boldface").  First, the only Plaintiffs who even claimed to have read the TOS at all are Essar and Neff.  Because none of the other Plaintiffs has read the TOS, none can plausibly claim "surprise" as to the limitation-of-liability provisions, or any other provision.  In any event, even as to Plaintiffs Essar and Neff, the FAC altogether ignores that the limitation-of-liability provisions are clear, conspicuous, and prominently displayed in bold typeface, *and presented entirely in capitalized letters*—they are not obscured or printed in small typeface in a footnote.  This undercuts any claim of procedural unconscionability. *Compare* FAC ¶ 232 (citing Exhs. 1-6, 16-23) *with Kilgore*, 718 F.3d at 1059.

Plaintiffs' "oppression" allegations also are fatally scant:  "On the question of oppression, the Terms of Service themselves are contained in an adhesion contract that allows for no form of negotiation or modification.  All of Defendants' customers must accept the Terms on a take it or leave it basis."  FAC ¶ 237.  The fact that a limitation-of-liability provision is contained in a standardized agreement is not sufficient to demonstrate unconscionability.  Standardized contracts, like Defendants' TOS, are routinely enforced within California and throughout the United States.  In fact, this Court previously has enforced provisions in Yahoo's TOS, and it should do so again here.  *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028-29 (N.D. Cal. 2014) (enforcing mail scanning consent provision contained in Yahoo TOS); *see also Savetsky v. Pre-Paid Legal Servs., Inc.*, 2015 WL 4593744, at *4, 10 (N.D. Cal. July 30, 2015) (holding click-wrap characteristic of agreement was neither procedurally nor substantively unconscionable).  The fact that users are required to *affirmatively* accept the TOS further undercuts any argument of unconscionability.  *Nguyen v.*

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   *Barnes & Noble, Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014) (noting that courts

2   frequently uphold contracts "where the user is required to affirmatively acknowledge

3   the agreement before proceeding with use of the website").[2]

4          Even accepted as true, Plaintiffs' allegations that the TOS are included in the

5   middle pages of a standardized agreement do not establish procedural

6   unconscionability.  These already thin allegations are weakened further still by the

7   fact that Plaintiffs willingly chose to accept Defendants' service, including the TOS,

8   from a field of alternative mail service providers, eliminating any claim of oppression.

9   This choice, and the "availability of  alternative sources from which to obtain the

10  desired service defeats any claim of oppression."  *In re iPhone Application Litig.*,

11  2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (quoting *Belton v. Comcast Cable*

12  *Holdings, LLC*, 151 Cal. App. 4th 1224, 1245 (2007)) (internal quotations omitted).

13                 **b.     *Plaintiffs' Substantive Unconscionability Allegations Fail.***

14         Plaintiffs' weak showing on procedural unconscionability requires that they

15  make a "compelling" case of substantive unconscionability.  *Woodside Homes of Cal.,*

16  *Inc. v. Super. Ct.,* 107 Cal. App. 4th 723, 730 (2003) (requiring a more robust showing

17  of substantive unconscionability where procedural unconscionability is low).

18  Plaintiffs do not come close.  Although Plaintiffs invoke the conclusory labels that the

19  TOS are "unconscionable" and "harsh," they plead no facts demonstrating substantive

20  unconscionability.  Having failed to do so, Plaintiffs' allegations again fail as

21  "threadbare recitals" and bald "legal conclusions."  *In re Yahoo*, 2017 WL 3727318, at

22  *52 ("The CCAC does not even mention these requirements, let alone plead facts to

23

24  ───────────────

25  [2] *See also Wiseley v. Amazon.com, Inc.*, 2017 WL 4150341, at *1 (9th Cir. Sept. 19,
    2017) ("The notices on Amazon's checkout and account registration pages, which

26  alerted Wiseley that clicking the corresponding action button constituted agreement to
    the hyperlinked COU, were in sufficient proximity to give him a 'reasonable

27  opportunity to understand' that he would be bound by additional terms.") (citations

28  omitted).

show that they are met.  Instead, the CCAC only offers 'threadbare recitals' that various provisions are unconscionable.") (citation omitted).

Substantive unconscionability is evaluated as of the time the contract was made and consists of an allocation of risks in an objectively unreasonable manner. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 113-14 (2000). "[I]t is important that courts not be thrust in the paternalistic role of intervening to change contractual terms that the parties have agreed to merely because the court believes the terms are unreasonable.  The terms must shock the conscience." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1322-23 (2005) (citations omitted) (internal quotations omitted).  What shocks the conscience is not measured simply by the *results* of applying the challenged provision.  Instead, the provision must truly be objectively unreasonable or unexpected—indicating a high level of oppression at the time it was entered into.  *See, e.g.*, *Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1106 (9th Cir. 2003) (defendant employer "even resorted to threatening [plaintiff's] job outright should [plaintiff] exercise his putative 'right' to opt out" of contract).  Unconscionability turns not only on a "'one-sided' result, but also on an absence of 'justification' for it … a contract is largely an allocation of risks between the parties, and therefore … a contractual term is substantively suspect if it reallocates the risks of the bargain in an objectively unreasonable or unexpected manner." *Walnut Producers of Cal. v. Diamond Foods, Inc.*, 187 Cal. App. 4th 634, 647 (2010) (citation omitted) (internal quotations omitted).

Plaintiffs fail to plead a single fact to plausibly allege the terms of the TOS, and the limitation-of-liability provision in particular, were so unfair as to "shock the conscience" at the time of contracting.  Rather, Plaintiffs resort to conclusory labels, alleging that the TOS are "one[-]sided," presented on an "as[-]is" basis, with "no reasonable commercial justification" for a limitation-of-liability provision, since the possibility of "consequential damages" is a foreseeable result of a breach and that

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

10

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiffs "were harmed as a result of Defendants' breach of contract terms."  FAC ¶¶ 238-240, 243.  These allegations, alone or in combination, fall far short of the mark to show substantive unconscionability.

It is well established under California law that limitation-of-liability provisions are fully enforceable, including those in standardized "as-is" contracts.  *See Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.,* 209 Cal. App. 4th 1118, 1126 (2012).  This is particularly so where, as here, the service is offered for free or at a low cost to the subscriber.  *See Markborough Cal. Inc. v. Super. Ct.*, 227 Cal. App. 3d 705, 714 (1991).  California courts routinely find limitations of liability to be appropriate where it is commercially reasonable to "retain broad discretion over those services and to minimize its exposure to monetary damages."  *Darnaa, LLC v. Google, Inc.*, 2015 WL 7753406, at *3 (N.D. Cal. Dec. 2, 2015), reconsidered in part on other grounds, 2016 WL 6540452 (N.D. Cal. Nov. 2, 2016).

Further, the reasonableness of the limitation-of-liability provision is manifest here, given that users accepted the provision when they chose Yahoo from other alternatives.  It would be manifestly unjust to rewrite that agreement and impose unlimited liability on Defendants for their free and low-cost services:  "Because YouTube offers its hosting services at no charge, it is reasonable for YouTube to retain broad discretion over those services and to minimize its exposure to monetary damages.  Plaintiff has not pointed to any shocking unfairness in these provisions of the Terms of Service."  *Darnaa*, 2015 WL 7753406, at *3.  Significantly, in *Darnaa*, YouTube's limitation-of-liability provision was even broader and extended to *all* types of damages, including direct damages.  *Id.* at *4.

Plaintiffs claim there can be no reasonable commercial justification for the inclusion of a limitation-of-liability provision in the data breach context because of "state and federal" requirements to maintain "acceptable levels of data security."  FAC ¶ 239.  These arguments, including Plaintiffs' attempt to cure their prior pleading

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

deficiencies with oblique references to the FTC Act, the CRA, or the CLRA (FAC ¶ 242) are red herrings and no substitutes for well-pled facts.  This Court rejected this very tactic before, and it should do so again.  *In re Yahoo*, 2017 WL 3727318, at *52.

Moreover, Defendants are not "seeking to invoke the disclaimers or limitations on liability" in connection with those laws.  FAC ¶ 242.  Further, Defendants have not asserted the limitation-of-liability provision as a defense to Plaintiffs' CRA or CLRA claims, and Plaintiffs have not even asserted a claim under the FTC Act, nor could they.[3]  Section 5 of that Act authorizes the FTC to prevent "unfair or deceptive acts or practices in or affecting commerce."  15 U.S.C. § 45(a)(1).  However, it does not create a private right of action for Plaintiffs.  15 U.S.C. § 45(m)(1)(A).  As to the CRA, to the extent any violation occurred, it would apply only to California residents (here only free users Heines and Dugas).  And, again, Defendants have not asserted the limitation-of-liability provision as a defense to their CRA claims.  *In re Yahoo*, 2017 WL 3727318, at *35 (dismissing CRA claims of all non-California citizens).[4]  As to the CLRA, Plaintiffs' claim independently fails for the reasons set forth below (and, again, Defendants have not asserted the limitation-of-liability provision as a defense to the CLRA claim).  Because Plaintiffs have failed yet again to demonstrate unconscionability, their contract claims should be limited to any well-pled direct damages by paid users only.

---

[3] This too favors enforcement of the limitation-of-liability provision, since it would not have the effect of depriving Plaintiffs of all possible remedies.

[4] Plaintiffs claim the limitation-of-liability provision cannot be enforced under California Civil Code § 1668.  FAC ¶ 241.  However, Section 1668 extends only to a "*total* release of future liability" for intentional wrongs.  *McQuirk v. Donnelley*, 189 F.3d 793, 796–97 (9th Cir. 1999) (emphasis added); *Darnaa*, 2015 WL 7753406, at *5.  The limitation here is not a total release and therefore does not violate Section 1668.  Also, for the other reasons set forth in this motion, there have been no "statutory violations" that would implicate Section 1668.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 4.    The Free Users Fail To Plead Recoverable Contract Damages (Counts 5 Through 8).

Plaintiffs agreed that they "cannot seek consequential damages" under the TOS. *In re Yahoo*, 2017 WL 3727318, at \*46.  And based on Plaintiffs' concession that "'out-of-pocket mitigation costs' are consequential damages," the Court dismissed their claims to such damages with leave to amend should Plaintiffs sufficiently allege unconscionability.  *Id.*[5]  As described above, the TOS is neither procedurally nor substantively unconscionable.  Because Yahoo users are limited to recovery of direct damages for contract claims specifically, users who paid nothing can claim nothing— the only damages they can allege are "consequential" and therefore barred.

Indeed, in a data breach case involving the exposure of payment card information, another district court specifically held:  "[w]hen a contract limits recovery to direct damages, a plaintiff may recover only the difference between the amount paid and the value received."  *In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 834 F. Supp. 2d 566, 580 (S.D. Tex. 2011), rev'd in part on other grounds sub nom. *Lone Star Nat. Bank, N.A. v. Heartland Payment Sys., Inc.*, 729 F.3d 421 (5th Cir. 2013).  According to the court, the "damages the [plaintiffs] seek are not the difference between the contract price and the value of the payment-card services.  Instead, the [plaintiffs] seek the costs they incurred in covering fraudulent transactions and replacing payment cards after the hacker intrusion into the Heartland computer systems."  *Id.*  The same result should follow here.  Plaintiffs admit any out-of-pocket mitigation costs are barred as consequential damages if the limitation-of-liability provision applies, and they fail to adequately plead any compensable direct damages for free users.

---

[5] The FAC further elaborates that such "consequential out[-]of[-]pocket losses" include alleged damages "for procuring credit freeze or protection services, identity theft monitoring, and other expenses relating to identity theft losses or protective measures."  FAC ¶ 186.

13

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Moreover, Federal Rule of Civil Procedure 9(g) provides that "when items of special damages are claimed, they shall be specifically stated." *City & Cty. of S.F. v. Tutor-Saliba Corp.*, 2005 WL 645389, at *17 (N.D. Cal. Mar. 17, 2005) ("A specific statement of special damages requires not just the total lump sum, but a statement of the specific items which make up the lump sum."). Plaintiffs have failed to abide by this rule, and should the Court determine that any of the damages are special (*i.e.*, consequential), such damages may "be denied." *Id.*

### 5.    Plaintiffs Are Limited To Direct Damages, If Any, In Connection With Their Implied Covenant Claim (Count 7).

As with Plaintiffs' other contract theories, they cannot overcome the limitation-of-liability provisions in Defendants' TOS limiting them to direct damages. *See, e.g.*, *Darnaa, LLC v. Google, Inc.*, 236 F. Supp. 3d 1116, 1125 (N. D. Cal. 2017) (limitation-of-liability provision barred implied covenant claim). Thus, Plaintiffs' requests for consequential and punitive damages (FAC ¶ 255) are barred by the TOS. Even without the TOS, punitive damages are "not recoverable for breach of the implied covenant of good faith and fair dealing outside the insurance context." *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1043 (C.D. Cal. 2008) (citing *Copesky v. Super. Ct.*, 229 Cal. App. 3d 678 (1991)). Thus, even if the limitation-of-liability provision were stricken, Plaintiffs' associated prayers for punitive damages should be rejected.

### 6.    Declaratory Relief Is Derivatively Deficient And Redundant (Count 8).

Plaintiffs' declaratory relief claim is very narrow. It requests a single declaration from this Court: that certain provisions of the TOS are unconscionable and therefore unenforceable. FAC ¶¶ 257-258. These arguments fail again for the same reasons the Court previously dismissed the declaratory relief claim without prejudice: Plaintiffs' unconscionability allegations remain deficient. *In re Yahoo*, 2017 WL 3727318, at *52-53. Because of these insufficient allegations, the Court

14

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

previously could not determine if the claim was redundant.  *Id.* at *52 n.18.  The new unconscionability allegations, however, only reinforce that declaratory relief here is necessarily bound up with, and duplicative of, Plaintiffs' contract-based claims.  *In re Zappos.com, Inc.*, 2013 WL 4830497, at *5 (D. Nev. Sept. 9, 2013) ("The Court dismisses this claim, as it is on its face duplicative of the causes of action elsewhere directly asserted."); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal. 2008) (dismissing declaratory relief counterclaim as "completely superfluous to [the] lawsuit").  They should be dismissed on that basis.

Here, the declaratory relief claim—which Plaintiffs have *not* alleged in the alternative—is duplicative, as Plaintiffs already made the same deficient unconscionability contentions in their contract claim.  *See* FAC ¶¶ 232-42.  Indeed, the declaratory relief claim specifically incorporates these *exact* allegations.  *Id.* ¶ 258 ("The grounds for unconscionability of the disclaimers and limitations on liability mentioned above are alleged in paragraphs 232-242, *infra*, and are specifically incorporated herein by reference.").  Plaintiffs allege no additional facts or otherwise meaningfully differentiate the contract and declaratory relief claims.[6]  The declaratory relief claim is wholly redundant and would not "serve a useful purpose in clarifying and settling the legal relations in issue."  *In re Yahoo*, 2017 WL 3727318, at *52 n.18 (citation omitted) (internal quotation omitted).  Further, Plaintiffs have had every opportunity to meet their pleading burden and have failed.  The claim should be

---

[6] The only additional basis of unconscionability is the one-year limitations period in the TOS.  FAC ¶ 258.  Plaintiffs cite *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 894 (9th Cir. 2002).  FAC ¶ 258.  But this case is inapposite, as it addressed an arbitration provision made as a condition of employment.  *Circuit City*, 279 F.3d at 893-94.  Moreover, California courts have afforded contracting parties considerable freedom to modify the length of a statute of limitations.  *See, e.g.*, *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir. 1995) ("A contractual limitation period requiring a plaintiff to commence an action within 12 months following the event giving rise to a claim is a reasonable limitation which generally manifests no undue advantage and no unfairness.").  Plaintiffs plead no facts to suggest that a one-year limit is unreasonable.

dismissed with prejudice.  *Solarcity Corp. v. Sunpower Corp.*, 2017 WL 1739169, at *5 (N.D. Cal. May 4, 2017) (dismissing redundant declaratory relief claim with prejudice).

### 7.   Plaintiffs' CLRA Claim Remains Deficient (Count 11).

After the Court dismissed Plaintiffs' CLRA claim, Plaintiffs brought in a new plaintiff, Mortensen, to allege the same claim on behalf of a newly alleged "Paid User Class."  But the claim fails again for two simple reasons:

*First*, Mortensen does not claim he "actually read" the alleged misrepresentations that form the basis of the CLRA claim—accordingly, he cannot show the requisite reliance.  *In re Yahoo*, 2017 WL 3727318, at *27 ("[T]his Court has consistently held that plaintiffs in misrepresentation cases must allege that they actually read the challenged representations . . . to state a claim.") (citations omitted) (internal quotations omitted).  This alone requires dismissal.

*Second*, even if Mortensen had "actually read" and claimed to have relied on the alleged misrepresentations, the CLRA claim still fails.  Yahoo Mail, a web-based email platform, is "software."  As this Court has held repeatedly, "software" is not a "good" or a "service" under the CLRA.  *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1070 (N.D. Cal. 2012).  By definition, "goods" are statutorily limited to "tangible chattels," and "services" are specifically defined as "work, labor, and services … furnished in connection with the sale or repair of [tangible chattels]."  Cal. Civ. Code § 1761(a)-(b).  Yahoo Mail is neither.  Email accounts are not "tangible chattel," and Yahoo does not provide any work or services in support of any "tangible chattel."  *Ferrington v. McAfee, Inc.,* 2010 WL 3910169, at *19 (N.D. Cal. Oct. 5, 2010) ("[S]oftware [is] … not a service for purposes of the CLRA.").  This flaw is both fatal and incurable.  Accordingly, the CLRA claim now should be dismissed with prejudice.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

### 8.    Plaintiffs Have Not Cured The Defects In Their CRA Claims (Counts 12 & 13).

#### a.    *No Named Plaintiff Claims Injury From The Forged Cookie Breach.*

Only the two named plaintiffs who are California citizens (Heines and Dugas) can assert CRA claims.  *See In re Yahoo*, 2017 WL 3727318, at \*35 (dismissing CRA claims of all non-California citizens).  However, neither Heines nor Dugas claims to have been a user potentially or actually affected by the Forged Cookie Breach.[7] Specifically, the FAC admits that certain Yahoo users were notified of the Forged Cookie Breach, yet Heines and Dugas do not plead they are part of that population. *Compare* FAC ¶¶ 6, 142 (alleging that Yahoo notified affected users of the Forged Cookie Breach) *with id.* ¶¶ 18 (Heines), 20 (Dugas) (alleging no Forged Cookie Breach notice facts).  The FAC nevertheless underscores that the Forged Cookie Breach was a separate and different kind of breach (*id.* ¶¶ 117-118), affecting a different—and much smaller—set of users (*id.* ¶ 6), and occurring at a different time (*id.*).  Heines and Dugas thus do not have standing to assert claims based on the Forged Cookie Breach.  *Weiss v. NNN Capital Fund I, LLC*, 2015 WL 11990929, at \*3 (S.D. Cal. Apr. 3, 2015) ("If no class representative has standing to raise a particular claim, that claim must be dismissed.").  And they cannot rely on the fact that absent class members may have standing.  "In a class action, named plaintiffs representing a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"  *In re Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1211 (N.D. Cal. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)).  These two Plaintiffs have not and cannot plead injury from the Forged

---

[7] Although the Court previously decided the issue of standing, it did not address Yahoo's argument that "no California-resident Plaintiff specifically claims to have been affected by the Forged Cookie Breach."  ECF No. 94 at 21 n.26.  The FAC did nothing to change this specific pleading deficiency.

Cookie Breach.  Accordingly, the claim that Yahoo violated the CRA with respect to that Breach must be dismissed.

### b.    Plaintiffs Fail To Plead Sufficient Delay Allegations For The 2013 Breach.

The Court previously dismissed the CRA notice-delay claim for the 2013 Breach because Plaintiffs failed to allege "when Defendants learned of the 2013 breach[.]"  *In re Yahoo*, 2017 WL 3727318, at \*38.  Plaintiffs' failure to do so prevented the Court from determining "which version of the CRA was in effect [when] Defendants allegedly violated the CRA" for purposes of Defendants' retroactivity argument.[8]  *Id.* at \*38.  Notwithstanding that Plaintiffs had ample opportunity to obtain pre-amendment discovery, including documents and deposition testimony related to the 2013 Breach and the October announcement with respect to the scope of that breach, the FAC still lacks facts establishing an unreasonable delay by Defendants in notifying affected users of the 2013 Breach.  The same fatal omission therefore remains.

Plaintiffs provide no details regarding the actual discovery date of the 2013 Breach, despite having examined Defendants' corporate representative abundantly on this topic and receiving written discovery on this very issue.  At most, Plaintiffs complain of a delay in *discovery*, but plead no facts evidencing an unreasonable delay in *notification*.  As this Court held, the CRA's notification requirement governs delays in notification—*not* delays in discovery.  *In re Yahoo*, 2017 WL 3727318, at \*37, 38 (dismissing CRA notification-delay claim based on Plaintiffs' failure to include "any allegations … suggesting *when Defendants learned of the 2013 breach*.") (emphasis added).  Consequently, Plaintiffs have not adequately alleged that Defendants "'unreasonably delay[ed]' in notifying Plaintiffs of the 2013 Breach."  *Id.*  Because

---

[8] The Court summarized that argument, which addressed the addition of "personal account" information to the CRA's notification provisions, made effective by a January 1, 2014 amendment.  *In re Yahoo*, 2017 WL 3727318, at \*36-37.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Plaintiffs have failed once again to cure the deficiencies highlighted by the Court, Plaintiffs' notification-delay claim regarding the 2013 Breach should be dismissed with prejudice.

### B.   Plaintiffs' "New" Claims Are Deficient.

#### 1.   Plaintiffs Cannot Show Reliance Or Damages For Their Fraudulent Concealment Claim (Count 3).

In the FAC, Plaintiffs have recast their failed UCL fraud claim as a fraudulent concealment claim, and it fails for the same reasons, as well as others.  In both instances, Plaintiffs claim Defendants did not disclose that their security systems allegedly were substandard and did not timely notify them of the 2014 Breach.[9] *Compare* CAC ¶ 132 *with* FAC ¶¶ 201, 203.  Nothing is truly "new," and the pleading deficiencies identified by the Court in the prior complaint have not been cured.

#### a.   Plaintiffs Cannot Show Reliance.

The last time the Court dismissed Plaintiffs' UCL claim under a fraudulent omissions theory,[10] it stated:  "Plaintiffs have not alleged that, had Defendants disclosed in their Privacy Policy that Defendants' security systems were non-compliant and substandard, Plaintiffs '*would have been aware*' of this disclosure" because they did "not allege that they actually read Defendants' Privacy Policy."  *In re Yahoo*, 2017 WL 3727318, at *30.  Plaintiffs' fraudulent concealment claim suffers the same flaw.  With the exception of Plaintiff Neff,[11] none of the Plaintiffs claims to

---

[9] Plaintiffs do not claim Yahoo fraudulently concealed the 2013 or Forged Cookie Breaches—rather, they limit the claim to the 2014 Breach.  FAC ¶¶ 201, 203.

[10] The sole exception is Plaintiff Neff, whom the Court permitted to bring a UCL fraud claim on behalf of the Small Business Users Class.

[11] Indeed, only Plaintiff Neff purports to bring a UCL claim under the "fraudulent" prong, likely because he is the only Plaintiff who claims exposure to materials that allegedly required corrective disclosures.

have read Yahoo's Privacy Policy[12] when they signed up for their Yahoo Mail accounts. Plaintiffs' fraudulent concealment claim fails on that basis alone. *Id.* (dismissing UCL claim based on allegedly fraudulent omissions because Plaintiffs did "not allege that they actually read Defendants' Privacy Policy").

### b.     *Plaintiffs Cannot Show Damages.*

Plaintiffs also fail to plead damages under the out-of-pocket loss rule governing fraud claims. As the Supreme Court of California has made plain, absent a fiduciary relationship (which does not exist here), a "defrauded party is ordinarily limited to recovering his out-of-pocket loss." *Alliance Mortg. Co. v. Rothwell*, 10 Cal. 4th 1226, 1240 (1995) (quotations omitted); *see also Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 66 (2007) ("Under California law, a defrauded party is ordinarily limited to recovering out-of-pocket damages.") (citation omitted); *Daly v. Viacom, Inc.*, 238 F. Supp. 2d 1118, 1126 (N.D. Cal. 2002) ("As plaintiff must plead cognizable 'out-of-pocket' damages to state a cause of action for fraud, plaintiff has not adequately pleaded a cause of action for fraud.").

Out-of-pocket damages, in turn, are measured by the "difference in actual value at the time of the transaction between *what the plaintiff gave* and what he received." *Song Fi, Inc. v. Google, Inc.*, 2016 WL 1298999, at *7 (N.D. Cal. Apr. 4, 2016) (emphasis added) (citation omitted); *see also Andre v. Bank of Am., NA*, 2016 WL 69914, at *5 (N.D. Cal. Jan. 6, 2016) (out-of-pocket rule "'awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received'") (citation omitted).

---

[12] Plaintiff Essar claims only to have read Yahoo's Terms of Service; he does not claim to have read—much less relied upon—the Privacy Policy, which Plaintiffs claim gave false assurances as to data security and therefore allegedly required corrective disclosures. FAC ¶ 19. As this Court held already, that omission is fatal. *In re Yahoo*, 2017 WL 3727318, at *28 ("Plaintiffs do not allege that they 'actually read' ... the separate Privacy Policy ... which was accessible ... via an *additional* hyperlink.").

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Here, the "damages Plaintiffs describe do not amount to out-of-pocket damages because they do not reflect the difference between what Plaintiffs paid [Defendants] and what they received." *Song Fi*, 2016 WL 1298999, at \*8.  Plaintiffs Heines, Essar, Dugas, the Ridolfos, Rivlin, and Granot did not pay anything to use Yahoo Mail, and so cannot meet this standard.  For example, in one case that concerned free online services, the court found:

> Plaintiffs still do not allege out-of-pocket damages.  Their allegations include the following proposed damages: payments to technical personnel to convert, condense and upload the LuvYa video and manage comments and responses on the Stevie Marco YouTube channel; loss of advertising expenses paid to Facebook to promote LuvYa; the "views, likes, and favorable public comments that are the property of Plaintiffs"; the fair market value of these likes and comments; and attorneys' fees.  [Citation.]  **None of these enumerated alleged damages, nor any other damages listed in the 3AC, reflect "the difference in actual value at the time of the transaction between what the plaintiff gave and what he received" due to the allegedly fraudulent nature of the transaction.**

*Song Fi, Inc. v. Google, Inc.*, 2016 WL 3479078, at \*4 (N.D. Cal. June 27, 2016) (emphasis added).  Plaintiffs Heines, Essar, Dugas, the Ridolfos, Rivlin, and Granot suffer the same shortcoming—they paid nothing to Defendants.  As a consequence, they cannot show damages under the out-of-pocket loss rule.

Plaintiff Mortensen fares no better.  As stated above, although Mortensen claims he "paid $19.95 per year for Yahoo's premium email service" (FAC ¶ 28), he does not even describe the "premium" features for which he paid.[13]  Indeed, Plaintiffs

---

[13] *In re Yahoo*, 2017 WL 3727318, at \*20, 22 n.4 & 5 (allegations of payment for mail forwarding features insufficient to establish cognizable out-of-pocket loss stemming from Breaches).

pled no distinctions between the TOS and Privacy Policy provided to free versus premium users.  And there are no facts showing any alleged promise that Yahoo made to premium users with respect to security protocols that differs from those allegedly made to free users.  Quite simply, Mortensen "does not sufficiently demonstrate that included in [his] bargain for premium membership was the promise of a particular (or greater) level of security that was not part of the free membership."  *In re LinkedIn User Privacy Litig.*, 932 F. Supp. 2d 1089, 1093 (N.D. Cal. 2013).

### 2.    Plaintiffs' Fraudulent Concealment And Negligence Claims Fail Under The Economic Loss Rule (Counts 3 & 4).

Plaintiffs' negligence and fraudulent concealment claims also fail under the economic loss rule.  That rule bars tort claims absent personal injury or property damage.  *Stearns v. Select Comfort Retail Corp.*, 2009 WL 1635931, at *3 (N.D. Cal. June 5, 2009); *Crystal Springs Upland Sch. v. Fieldturf USA, Inc.*, 219 F. Supp. 3d 962, 968 (N.D. Cal. 2016); *Gallo Glass Co. v. Special Shapes Refractory Co., Inc.*, 2017 WL 387247, at *5 (E.D. Cal. Jan. 26, 2017).  Plaintiffs allege no personal injury or property damage here.

Courts in the Ninth Circuit regularly dismiss negligence and fraudulent concealment claims under the economic loss rule, and the Court should do so now.  *See*, *e.g.*, *Stewart v. Electrolux Home Products, Inc.*, 2018 WL 339059, at *3 (E.D. Cal. Jan. 9, 2018) ("Plaintiffs' damages from the thermostat failure during the self-cleaning cycle are limited to economic loss, precluding their strict liability and fraudulent concealment claims."); *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 961-62 (S.D. Cal. 2012) (dismissing negligence claim in data breach case under economic loss rule); *Body Jewelz, Inc. v. Valley Forge Ins. Co.*, 241 F. Supp. 3d 1084, 1093-94 (C.D. Cal. 2017) ("As Plaintiff's negligence claim is barred by the economic[-]loss rule, the dismissal is *without leave to amend*."); *WeBoost Media S.R.L. v. LookSmart Ltd.*, 2014 WL 2621465, at *6 (N.D. Cal. June 12, 2014) ("The Court finds that Plaintiff's fraudulent

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    concealment claims are barred by the economic[-]loss rule."); *Multifamily Captive*

2    *Grp., LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1145-46 (E.D.

3    Cal. 2009) (dismissing fraud claims pursuant to economic loss rule where plaintiffs

4    sought only economic losses); *Hammond Enters. Inc. v. ZPS Am. LLC*, 2013 WL

5    5814505, at *4-5 (N.D. Cal. Oct. 29, 2013) (barring fraudulent concealment claim

6    under economic loss rule and finding that "[w]here a purchaser's expectations in a

7    sale are frustrated because the product he bought is not working properly, his remedy

8    is said to be in contract alone, for he has suffered only 'economic losses'") (citation

9    omitted) (internal quotations omitted).  Indeed, a California Court of Appeal recently

10   held the economic loss rule applies even in the mass tort context.  *S. Cal. Gas Leak*

11   *Cases*, 2017 WL 6398546, at *9 (Cal. Ct. App. Dec. 15, 2017).

12        Here, Plaintiffs plead no personal injury or property damage; at best, Plaintiffs

13   seek economic losses.  Accordingly, Plaintiffs' negligence and fraudulent

14   concealment claims are barred by the economic loss rule and should be dismissed.

15   *Audigier Brand Mgmt. v. Perez*, 2012 WL 5470888, at *6 (C.D. Cal. Nov. 5, 2012)

16   (dismissing fraudulent concealment claim where plaintiff failed to allege damages

17   beyond its economic losses); *Jimenez v. Super. Ct.*, 29 Cal. 4th 473, 483 (2002).

18        As to their negligence claim, Plaintiffs seek to invoke the "special relationship"

19   exception to the economic loss rule articulated in *J'Aire Corp. v. Gregory*, 24 Cal. 3d

20   799, 804 (1979).  FAC ¶ 215.  But no "special relationship" exists.  *First*, the "special

21   relationship exception is not applicable here where, unlike in *J'Aire*, Plaintiff[s] and

22   Defendant[s] are in privity of contract."  *Body Jewelz*, 241 F. Supp. 3d at 1092-93

23   ("special relationship" exception to economic loss rule inapplicable where parties had

24   contract covering online services and website monitoring).  Unlike the plaintiff in

25   *J'aire*, Plaintiffs claim there is a "binding contract between Yahoo and each user."

26   FAC ¶ 225.  *Second*, "[Defendants] did not design [Yahoo Mail] with Plaintiff[s], or

27   any *particular* use, in mind."  *Elsayed v. Maserati N. Am., Inc.*, 215 F. Supp. 3d 949,

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

964 (C.D. Cal. 2016).  To the contrary, as Plaintiffs concede, Defendants provide the same Yahoo Mail platform to "hundreds of millions" of users.  FAC ¶ 165; *Michael v. Honest Co., Inc.*, 2016 WL 8902574, at *24 (C.D. Cal. Dec. 6, 2016) ("The FAC does not adequately plead any exception to the economic[-]loss doctrine.  It does not allege more than a relationship between Plaintiffs and Defendant that is an 'everyday consumer transaction.'").  Defendants plainly do not have a "special relationship" with "hundreds of millions" of users, all of whom used the same Yahoo Mail platform under the same Terms of Service and Privacy Policy.

But even if Plaintiffs could overcome the economic loss rule (and they cannot), Plaintiffs' negligence claim fails because the remedies they seek are barred by the limitation-of-liability provision in the TOS, which expressly covers "UNAUTHORIZED ACCESS TO OR ALTERATION OF YOUR TRANSMISSIONS OR DATA."  FAC, Exh. 6 § 20; *see also id.*, Exh. 23 ¶ 13.  As stated above, that provision is valid and fully enforceable.  *See*, *e.g.*, *Darnaa*, 2015 WL 7753406, at *5 (dismissing negligence theory without leave to amend based on limitation-of-liability provision in YouTube's TOS).

### 3. No Retroactive Application Of "Online Account" Information For New "Reasonable Security" CRA Claim (Count 13).

Plaintiffs' new CRA claim under Section 1798.81.5 (regarding "reasonable security" measures) fails on retroactivity grounds.  This separate CRA claim was not in the prior complaint (*see generally* CAC (ECF No. 80)) and thus has not been addressed by the Court.  This Court has stated under Section 1798.81.5 that:  "A business that owns or licenses [or maintains] personal information about a California resident shall implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."  *In re Adobe*, 66 F. Supp. 3d at 1210 (citing Cal. Civ. Code § 1798.81.5(b)).

Before January 1, 2016, the plain language of the CRA narrowly defined "personal information" under Section 1798.81.5(d)—and it did not include "online account" information in the context of "reasonable security" measures:

> [A]n individual's first name or first initial and his or her last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted:
>
> (A) Social security number.
>
> (B) Driver's license number or California identification card number.
>
> (C) Account number, credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.
>
> (D) Medical information.

That narrow construction is supported by a later amendment to that same provision, which changed the definition of "personal information" to include "online account" information, such as Defendants' services here. *See* RJN, Exh. A. Unlike the 2014 "online account" information amendment to the CRA's separate notification provision, the "reasonable security" provision of Section 1798.81.5 did not apply to "online account" information until two years later, specifically on January 1, 2016. *See* RJN, Exh. B. This is well after both the 2013 and 2014 Breaches.

A "'new statute is presumed to operate prospectively absent an express declaration of retrospectivity or a clear indication that the electorate, or the Legislature, intended otherwise.'" *See*, *e.g.*, *Doe v. Schwarzenegger*, 2007 WL 601977, at *1 (N.D. Cal. Feb. 22, 2007) (quoting *Tapia v. Super. Ct.*, 53 Cal. 3d 282, 287 (1991)). There has been no express declaration of retrospectivity here. Rather, this was a change in the law that lacks the requisite legislative declaration for retroactive application. And while the CRA's separate notification obligation is tied to discovery of a breach, Section 1798.81.5's "reasonable security" requirement has no such trigger. In other words, although amendments to the CRA's separate notification provision may have created an obligation to notify of a breach discovered

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

NOTICE OF MOTION AND MOTION TO DISMISS
FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT, Case No. 16-MD-02752-LHK

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

post-amendment, there is no way to go back in time and hold a business liable for allegedly failing to have applied a security requirement that it would have had to foretell would be in effect years later.

Here, Plaintiffs allege that "[i]n the 2013 Breach, hackers obtained, among other things, class members' Yahoo login (ID), Country Code, Recovery E-Mail (linked with the profile), Date of Birth (DOB), Hash of Password (MD5), and Cell phone number and ZIP code if they were provided by the user for password recovery." FAC ¶ 133.  For the 2014 Breach, Plaintiffs allege "the account information may have included names, email addresses, telephone numbers, dates of birth, hashed passwords (the vast majority with bcrypt) and, in some cases, encrypted or unencrypted security questions and answers."  *Id.* ¶ 126.[14]  Accordingly, the 2013 and 2014 Breaches involved the compromise of information regarding "online accounts," but the requirement regarding "reasonable security" measures in Section 1798.81.5 did not arise before January 1, 2016.  As such, Plaintiffs' attempt to retroactively apply Section 1798.81.5 to the 2013 and 2014 Breaches should be dismissed with prejudice.

### 4. Plaintiffs Cannot Recover Punitive Damages (Counts 3, 4, 7, 10, 11, 12 & 13).

"Punitive damages are never awarded as a matter of right, are disfavored by the law, and should be granted with the greatest of caution and only in the clearest of cases." *Alcaraz v. Wachovia Mortg.*, *FSB*, 2009 WL 160308, at *12 (E.D. Cal. Jan. 21, 2009) (citing *Henderson v. Sec. Pac. Nat'l Bank*, 72 Cal. App. 3d 764, 771 (1977)).  Because punitive damages are so heavily disfavored, Plaintiffs carry a heavy pleading burden to overcome dismissal of the same.  "Allegations that the acts … were 'arbitrary, capricious, fraudulent, wrongful and unlawful,' like other adjectival descriptions of such proceedings, constitute mere conclusions of law." *Id.* at *12

---

[14] Neither of the two California residents who allege CRA claims specifically alleges the necessary data elements that would permit access to an individual's "financial account."  FAC ¶¶ 18, 20.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   (quoting *Faulkner v. Cal. Toll Bridge Auth.*, 40 Cal. 2d 317, 329 (1953)).  Plaintiffs

2   do not meet their burden.

3    *First*, Plaintiffs cannot recover punitive damages under a negligence theory

4   because "[c]onduct which may be characterized as unreasonable, negligent, grossly

5   negligent or reckless does not satisfy the highly culpable state of mind warranting

6   punitive damages."  *Woolstrum v. Mailloux*, 141 Cal. App. 3d Supp. 1, 10 (1983)

7   (citation omitted); *see also Molina v. J.C. Penney Co., Inc.*, 2015 WL 183899, at *3

8   (N.D. Cal. Jan. 14, 2015) ("Generally, mere or even gross negligence will not support

9   an award of punitive damages.") (citing *Simmons v. S. Pac. Transp. Co.*, 62 Cal. App.

10  3d 341, 368 (1972)); *Taylor v. Super. Ct.*, 24 Cal. 3d 890, 899-900 (1979)).

11  ("[O]rdinarily, routine negligent or even reckless disobedience of traffic laws would

12  not justify an award of punitive damages.").  By definition, negligence is an

13  unintentional tort—accordingly, Plaintiffs cannot recover punitive damages under a

14  negligence theory.[15]

15   *Second*, Plaintiffs cannot recover punitive damages for their CRA claims.  As a

16  matter of law, "[w]here a right is created by statute and the statute does not expressly

17  permit punitive damages, punitive damages under California Civil Code section 3294

18  are not available."  *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d

19  609, 620 (N.D. Cal. 2007); *see also, e.g.*, *Bickley v. Schneider Nat'l, Inc.*, 2009 WL

20  5841196, at *1 (N.D. Cal. Feb. 11, 2009) (same, collecting cases); *Turnbull &*

21  *Turnbull v. ARA Transp., Inc.*, 219 Cal. App. 3d 811, 826-27 (1990) ("[W]hen a new

22  right … is created by statute and a statutory remedy for the infringement thereof is

23  provided, such remedy is exclusive of all others") (citations omitted).  Nothing on the

24  face of the CRA expressly allows for punitive damages.  Accordingly, Plaintiffs

25  cannot recover punitive damages based on an alleged violation of the CRA.  *Cf.*

26

27  ───────────────

[15] As noted above in Section III.A.5, Plaintiffs also cannot recover punitive damages

28  for their implied covenant claim (Count 7).

*Danielson v. Wells Fargo Bank*, 2011 WL 4480849, at *3 (C.D. Cal. Sept. 26, 2011) ("The Ninth Circuit has implicitly authorized the use of a 12(b)(6) motion to challenge a prayer for damages precluded by law.").

*Third*, Plaintiffs otherwise fail to allege facts sufficient to warrant an award of punitive damages under any other claim.  *See, e.g.*, FAC ¶¶ 211, 277, 288.  "Under California punitive damages law, a company simply cannot commit willful and malicious conduct—only an individual can."  *Taiwan Semiconductor Mfg. Co. v. Tela Innovations, Inc.*, 2014 WL 3705350, at *6 (N.D. Cal. July 24, 2014); *see also* Cal. Civ. Code § 3294(b) ("With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, or malice *must be on the part of an officer, director, or managing agent of the corporation*.") (emphasis added); *Alcaraz*, 2009 WL 160308, at *12 ("[S]ection 3294(b) requires proof of wrongful conduct *among corporate leaders*.") (citing *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 166 (2000)) (emphasis added).

*Taiwan Semiconductor* is instructive.  In that case, the court struck the plaintiff's punitive damage allegations because it failed to allege specific facts showing a managing agent, officer, or director of the corporate defendant actually committed any malice, fraud, or oppression.  *Taiwan Semiconductor*, 2014 WL 3705350, at *7.  Just like the plaintiff in *Taiwan Semiconductor*, Plaintiffs similarly fail to allege *specific* facts showing a *specific* managing agent, officer, or director of Defendants *actually* committed fraud, malice, or oppression.  Plaintiffs' failure to do so is a "fatal defect" and warrants dismissal of their punitive damages requests.  *Id.*

1

## IV.   **CONCLUSION**

2   For these reasons, the Court should dismiss Counts 1 through 8 and 11 through

3 13 of the FAC with prejudice.  The Court further should dismiss Plaintiffs' requests

4 for punitive damages.

5

6 Dated:  January 19, 2018     **HUNTON & WILLIAMS LLP**

7

8         By: /s/ Ann Marie Mortimer

9           Ann Marie Mortimer
            Attorneys for Defendants Yahoo! Inc. and

10          Aabaco Small Business, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**