1  MORGAN & MORGAN
   COMPLEX LITIGATION GROUP
2  John A. Yanchunis (Admitted *Pro Hac Vice*)
3  201 N. Franklin Street, 7th Floor
   Tampa, FL 33602
4  Telephone: 813/223-5505
   813/223-5402 (fax)
5  jyanchunis@ForThePeople.com

6  ROBBINS GELLER RUDMAN
      & DOWD LLP
7  Stuart A. Davidson (Admitted *Pro Hac Vice*)
   120 East Palmetto Park Road, Suite 500
8  Boca Raton, FL 33432
   Telephone: 561/750-3000
9  561/750-3364 (fax)
10 sdavidson@rgrdlaw.com

   CASEY GERRY SCHENK FRANCAVILLA
11    BLATT & PENFIELD LLP
12 Gayle M. Blatt (122048)
   110 Laurel Street
13 San Diego, CA 92101
   Telephone: 619/238-1811
14 619/544-9232 (fax)
   gmb@cglaw.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILBERG TADLER PHILLIPS
GROSSMAN LLP
Ariana J. Tadler (Admitted *Pro Hac Vice*)
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Telephone: 212/594-5300
212/868-1229 (fax)
atadler@milberg.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Karen Hanson Riebel (Admitted *Pro Hac Vice*)
Kate M. Baxter-Kauf (Admitted *Pro Hac Vice*)
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
612/339-0981 (fax)
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

*Attorneys for Plaintiffs and Proposed Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) |

No. 16-md-02752-LHK
**ADMINISTRATIVE MOTION TO FILE PORTION OF PLAINTIFFS' MOTION TO COMPEL UNDER SEAL**

1    Pursuant to Civil L.R. 79-5 and the Protective Order entered in this case on March 17, 2017

2    (ECF No. 73), Plaintiffs Kimberly Heines, Hashmatullah Essar, Paul Dugas, Matthew Ridolfo,

3    Deana Ridolfo, Yaniv Rivlin, Mali Granot, Brian Neff, and Andrew J. Mortensen, acting on behalf

4    of themselves and all others similarly situated, hereby request this Court enter an Order allowing

5    the filing of select portions of the Plaintiffs' Motion to Compel Discovery, identified fully below,

6    under seal.

7                                            **ARGUMENT**

8    It is well established that the right of the public to inspect and copy court records and

9    documents is not absolute. Courts have the authority to insure that "[Court] records are not 'used'

10   . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v.*

11   *Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party faced with the disclosure of

12   confidential or proprietary information may seek to file the documents under seal to avoid this

13   exposure. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

14   Plaintiffs' Motion to Compel Discovery is not a dispositive motion and so the parties must

15   satisfy a "good cause" standard for sealing documents. *See In re Midland Nat'l Life Ins. Co.*

16   *Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). In addition, under Civil L.R.

17   79-5(e), Plaintiffs here are identifying the material sought to be filed under seal as being designated

18   as confidential by Defendants, who may then file a responsive declaration establishing that the

19   material is sealable.

20   Here, Plaintiffs seek to have  Exhibit 1 to Plaintiffs' Motion to Compel filed under seal. As

21   required by Civil L.R. 79-5(d), Plaintiffs are attaching copies of both the proposed redacted Exhibit

22   1 to Plaintiffs' Motion to Compel Discovery and the unredacted version.

23   There is good cause for filing each of the above-referenced exhibits, paragraphs or portions

24   of paragraphs under seal. The information and images reflected in those sections all come from

25   documents or deposition testimony designated "Confidential" or "Highly Confidential –

26   Attorneys' Eyes Only" by the Defendants in this case and are subject to the Protective Order

27   entered by this Court. Many of the documents referenced in or used to obtain information for

28   Exhibit 1 to Plaintiffs' Motion to Compel Discovery reflect Defendants' internal operating

1  procedures or sensitive data security measures and various ways in which third parties have

2  breached those security measures. This is a data breach case, and the technical information relating

3  to compromises of Defendants' systems should remain sealed.  *See* Declaration of  Daniel C.

4  Telstein in Support of Joint Administrative Motion to File Under Seal Certain Portions of

5  Defendants' Privilege Logs.

6
   DATED: August 15, 2018                    LOCKRIDGE GRINDAL NAUEN P.L.L.P.
7

8                                             *s/ Kate M. Baxter-Kauf*
                                             LOCKRIDGE GRINDAL NAUEN P.L.L.P.
9                                            Karen Hanson Riebel (Admitted *Pro Hac Vice*)
                                             Kate M. Baxter-Kauf (Admitted *Pro Hac Vice*)
10                                           100 Washington Ave. South, Suite 2200
                                             Minneapolis, MN 55401
11                                           Telephone: 612/339-6900
                                             612/339-0981 (fax)
12                                           khriebel@locklaw.com
                                             kmbaxter-kauf@locklaw.com
13
                                             On behalf of Plaintiffs' Lead Counsel
14                                            and Executive Committee

15

16

17

18

19

20

21

22

23

24

25

26

27

28