1  MORGAN & MORGAN
   COMPLEX LITIGATION GROUP
2  John A. Yanchunis (Admitted *Pro Hac Vice*)
   201 N. Franklin Street, 7th Floor
3  Tampa, FL 33602
4  Telephone: 813/223-5505
   813/223-5402 (fax)
5  jyanchunis@ForThePeople.com

6  ROBBINS GELLER RUDMAN
      & DOWD LLP
7  Stuart A. Davidson (Admitted *Pro Hac Vice*)
   120 East Palmetto Park Road, Suite 500
8  Boca Raton, FL 33432
   Telephone: 561/750-3000
9  561/750-3364 (fax)
10 sdavidson@rgrdlaw.com

11 CASEY GERRY SCHENK FRANCAVILLA
     BLATT & PENFIELD LLP
12 Gayle M. Blatt (122048)
   110 Laurel Street
13 San Diego, CA 92101
   Telephone: 619/238-1811
14 619/544-9232 (fax)
   gmb@cglaw.com
15

MILBERG TADLER PHILLIPS
GROSSMAN LLP
Ariana J. Tadler (Admitted *Pro Hac Vice*)
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Telephone: 212/594-5300
212/868-1229 (fax)
atadler@milberg.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Karen Hanson Riebel (Admitted *Pro Hac Vice*)
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
612/339-0981 (fax)
khriebel@locklaw.com

16 *Attorneys for Plaintiffs and Proposed Class Counsel*

17
18                          **UNITED STATES DISTRICT COURT**
19                   **NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

20 IN RE: YAHOO! INC. CUSTOMER DATA          ) No. 16-md-02752-LHK
   SECURITY BREACH LITIGATION                ) **DECLARATION OF KAREN HANSON**
21                                           ) **RIEBEL IN SUPPORT OF PLAINTIFFS'**
                                             ) **MOTION TO COMPEL DISCOVERY**
22                                           )
                                             )
23                                           )
                                             )
24                                           )
                                             )
25                                           )
                                             )
26 _____
27
28

DECLARATION OF KAREN HANSON RIEBEL IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL – 16-md-02752-LHK                              - 1 -

I, Karen Hanson Riebel, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of Minnesota and am admitted *pro hac vice* in this Court. I am a partner with Lockridge Grindal Nauen P.L.L.P. ("LGN" or the "Firm"), and I was appointed by the Court to the Plaintiffs' Executive Committee in this matter. I am also counsel for plaintiff Adam Savett in *Savett v. Yahoo! Inc.*, Case No. 5:16-cv-06152 (N.D. Cal.) (the "*Savett* Action").

2. This Declaration is being submitted in support of the Plaintiffs' Motion to Compel Discovery. I have personal knowledge of the matter stated herein and, if called upon to do so, could and would testify competently thereto. I make this declaration pursuant to 28 U.S.C. § 1746.

3. There are five privilege logs produced by Defendant Yahoo! Inc. ("Yahoo") at issue in the instant motion, each of which is currently governing version of that log. First, there is a First Amended Revised Log, served April 23, 2018, and containing 3,819 entries (revised twice by Yahoo). Second, there is a Second Log, served January 22, 2018, and containing 53,524 entries (only version served by Yahoo). Third, there is a Third Amended Revised Log, served July 27, 2018, and containing 1,374 entries (revised twice by Yahoo). Fourth, there is a Fourth Amended Log, served July 27, 2018, and containing 16,719 entries (revised once by Yahoo). Fifth and finally, there is a Fifth Amended Log, served July 27, 2018, and containing 1,749 entries (revised once by Yahoo). These are the currently governing logs as far as I am aware, duly served on Plaintiffs by Yahoo. Collectively, the five logs contain 77,185 entries, and 76,909 log documents that have not been produced in any form by Yahoo to Plaintiffs. The First Amended Revised, Second, and Fourth Amended Logs contain entries related to productions to the SEC, while the Third Amended Revised and Fifth Amended Logs contain entries related to documents produced based on the search terms negotiated by the parties.

4. Yahoo produced its privilege logs in Excel Spreadsheet form, and paralegals at my office have used those spreadsheets to run statistics used by Plaintiffs herein and in our Points and Authorities. Those statistics are predicated on the entries produced by Yahoo and represent our best effort to analyze them in the context of specific entries. Based on these Excel spreadsheets, I and my co-counsel Kate Baxter-Kauf have compiled a spreadsheet that includes 500 illustrative

privilege log entries as requested by the Court.  ECF No. 268.  That spreadsheet is attached to this Declaration as Exhibit 1. The redacted version of Exhibit 1 is attached to this declaration pursuant to the Joint Administrative Motion to Seal filed at ECF No. 275. Exhibit 1 includes selections from all five operative privilege logs, including all columns included and produced by Yahoo.  We added two columns.  First, we added a new left side column that identifies the privilege log from which the entry was drawn by number.  Second, we added a new right side column that adds annotations for Categories A-D identified in the brief as four facial deficiencies discussed by Plaintiffs. In compiling the spreadsheet, we identified only one category for each of the exemplar entries to make it possible to sort the spreadsheet and to minimize confusion, but many of the entries have multiple facial deficiencies and might have properly been assigned to additional categories.

5. Yahoo began producing privilege logs in November 2017. Specifically, Yahoo produced a first privilege log, and an accompanying legal names list, on November 15, 2017. Immediately before and after that production, Plaintiffs pointed out several deficiencies in the log as produced via email exchanges between myself, my co-counsel Henry Kelson, and Yahoo attorneys Corey Lee and John Delinado.  As a result, Yahoo agreed to include several additional fields and additional information on its privilege logs going forward.

6. Yahoo served an amended first log on December 15, 2017. During this time, the parties continued to meet and confer via email, and submitted a case management order outlining progress on December 29, 2017. On January 4, 2018, the Honorable Lucy H. Koh held a case management conference and issued an Order thereafter setting a deadline for Yahoo to provide a privilege log to Plaintiffs by January 26, 2018.  As a result of that order, and in conjunction with ongoing discussions, Yahoo served two additional logs in January 2018.  On January 22, 2018, Yahoo served its Second Privilege Log, and then served its Third Privilege Log on January 26, 2018.  The Second Log produced on January 22, 2018, is the only and governing version of that log produced by Yahoo. The Second Log's 53,524 entries comprise almost 70% of the entries and documents withheld by Yahoo.

DECLARATION OF KAREN HANSON RIEBEL IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL – 16-md-02752-LHK

- 2 -

7. On February 7, 2018, I sent a letter to Yahoo Counsel Ann Marie Mortimer outlining facial and other deficiencies with the three served logs. A true and correct copy of that letter is attached to this Declaration as Exhibit 2. As part of that letter, I and my co-counsel conducted an extensive, entry-by-entry review of the amended version of Yahoo's First Log. Despite receiving no response from Yahoo, I sent an additional letter to Ms. Mortimer on February 22, 2018, noting that the facial deficiencies identified on the First and Second Logs also applied to the Third. A true and correct copy of that letter is attached to this Declaration as Exhibit 3. My February 22 letter also attached an annotated version of the Third Log, detailing deficiencies on an entry-by-entry basis.

8. Mr. Lee responded to Plaintiffs' letters on March 5, 2018. A true and correct copy of that letter is attached to this Declaration as Exhibit 4. On March 7, 2018, Yahoo also served its Fourth Privilege Log and its Fifth Privilege Log. After these five logs had been served, the parties met and conferred via telephone on March 15, 2018. During this call, the parties discussed the scope of the logs that contained entries related to productions to the SEC (the First Amended Log, the Second Log, and the Fourth Log), the continued missing fields and vague descriptions (including any author information whatsoever for many entries), and Plaintiffs' assertion of the crime fraud exception, among other topics.

9. On April 9, 2018, I responded to Mr. Lee via letter. A true and correct copy of that letter is attached to this Declaration as Exhibit 5. In addition to raising other substantive concerns, the letter noted continued missing fields in the privilege logs, vague descriptions, and a lack of attorney information on the logs. Mr. Lee responded via letter on April 19, 2018. A true and correct copy of that letter is attached to this Declaration as Exhibit 6. In that letter, Mr. Lee stated that Yahoo was "in the process of taking reasonable steps to ensure that the data has been provided for all metadata fields (where available) that it has agreed to provide" and were "in the process of amending some of its privilege descriptions." Mr. Lee also stated in the same letter that it was "in the process of re-reviewing some documents that were withheld from SEC productions" but planned "to produce documents that have been down coded from privilege before May." Mr. Lee

also said Yahoo would provide "amended logs on a rolling basis, and plan[ned] to deliver the Amended log by April 24, 2018."

10. On April 23, 2018, Yahoo produced a Revised First Amended Log, which is the most current and controlling version of the First Log. The log contained 3,819 entries, having removed a single entry from the First Amended Log. Yahoo also revised 175 entries, and provided an updated legal names list. The revision of 175 entries did not result in complete author or information in other fields. That same day, Yahoo's counsel and I, along with co-counsel, met and conferred via telephone. During that conference, among other substantive discussions, Yahoo again agreed to re-review certain documents, such as those missing author fields.

11. Yahoo provided no additional logs in April, May, or June 2018. I sent a letter memorializing the April 23 conference and outlining ongoing deficiencies and missing logs on June 25, 2018. A true and correct copy of that letter is attached to this Declaration as Exhibit 7. The letter also included extensive explanation of Plaintiffs' crime-fraud exception argument. After that letter, I and my co-counsel spoke with Mr. Lee via telephone on July 11, 2018. During that call, Mr. Lee indicated that Yahoo would provide the remainder of its amended logs the week of July 16, 2018. Yahoo served the Third Amended Log.

12. On July 27, 2018, Yahoo produced a Revised Third Amended Log, a Fourth Amended Log, and a Fifth Amended Log. The Revised Third Amended Log contains 1,374 entries, which is an addition of 3 new documents that had previously not been listed. Yahoo also produced 174 entries off of the Revised Third Amended Log, and revised 512 entries. The Fourth Amended Log contained 16,719 entries. 75 of those entries were for documents produced by Yahoo, and Yahoo also revised 1,617 entries. The Fifth Amended Log contained 1,749 entries, having added one new document to the previous Fifth Log, produced 27 entries, and revised 969 entries. That means that, collectively, according to Plaintiffs' calculations, over the course of the last nine months, Yahoo has revised the descriptions of 3,273 entries and produced 276 documents, of approximately 77,000 entries.

13. As part of the larger litigation, Plaintiffs have also served multiple sets of document requests. Initially, Plaintiffs served Plaintiffs' First Set of Requests for Production of Documents

to Defendants on May 23, 2017. Within those requests, Request No. 47 asks for all "Documents that Yahoo provided to any governmental agency, regulatory agency, law enforcement agency, or advisory council, whether in the United States, Europe, or elsewhere, concerning the Data Breaches." As part of the meet and confer process, and in the letters between Mr. Lee and I, the parties agreed that this request would be interpreted as including all documents provided as part of the SEC investigations done related to the data breaches that are the subject of the instant litigation. As a result, all 4,326 of the entries with the description "Non-Responsive Privileged Family Member" on Yahoo's First Amended Revised, Second, and Fourth Amended Logs are responsive to the SEC requests concerning the Data Breaches.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of August, 2018, in Minneapolis, Minnesota.

                          *s/ Karen H. Riebel*
                          Karen Hanson Riebel