MORGAN & MORGAN
COMPLEX LITIGATION GROUP
John A. Yanchunis (Admitted *Pro Hac Vice*)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: 813/223-5505
813/223-5402 (fax)
jyanchunis@ForThePeople.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
Stuart A. Davidson (Admitted *Pro Hac Vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com

CASEY GERRY SCHENK FRANCAVILLA
   BLATT & PENFIELD LLP
Gayle M. Blatt (122048)
110 Laurel Street
San Diego, CA 92101
Telephone: 619/238-1811
619/544-9232 (fax)
gmb@cglaw.com

MILBERG TADLER PHILLIPS
GROSSMAN LLP
Ariana J. Tadler (Admitted *Pro Hac Vice*)
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Telephone: 212/594-5300
212/868-1229 (fax)
atadler@milberg.com

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Karen Hanson Riebel (Admitted *Pro Hac Vice*)
Kate M. Baxter-Kauf (Admitted *Pro Hac Vice*)
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
612/339-0981 (fax)
khriebel@locklaw.com

*Attorneys for Plaintiffs and Proposed Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION**

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | No. 16-md-02752-LHK<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>Date: September 12, 2018<br>Time: 1:00 p.m.<br>Courtroom: 7, 4th Floor<br>Judge: Hon. Nathanael Cousins |

Plaintiffs submit this reply brief in further support of their Motion to Compel.

## I. YAHOO HAS INADEQUATELY ESTABLISHED THE PRIVILEGE

Yahoo has failed to meet its burden to show that the claimed privilege or protection applies in its produced privilege logs. Yahoo nevertheless argues that no "waiver of the attorney-client privilege" may be imposed "as a sanction" under California law. *See Catalina Island Yacht Club v. Superior Court*, 242 Cal. App. 4th 1116, 1127-28 (Cal. Ct. App. 2015).

Yahoo is wrong. First, Plaintiffs do not argue that Yahoo should be sanctioned for failing to provide adequate logs. Rather, Yahoo has failed to make an adequate showing that the privilege attaches. *See United States v. Bergonzi*, 216 F.R.D. 487, 493 (N.D. Cal. 2003) (requiring a "prima facie showing" that privilege applies). As a result, Yahoo has failed to satisfy Rule 26(b)(5)(A) and the documents at issue must be produced. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005). This procedural requirement is true when applying California law. *See Travelers Prop. Cas. Co. of Am. v. Homes*, 2015 WL 11438186, at *5–6 (E.D. Cal. Dec. 18, 2015) (applying California law to require that the standards of Rule 26(b)(5) be met in order to meet burden privilege attaches); *see also Helm v. Alderwoods Grp., Inc.*, 2010 WL 2951871, at *2 (N.D. Cal. July 27, 2010) (ordering documents and communications to be produced if party with inadequate log failed to supplement with appropriate author information).

In the alternative, Yahoo should be required to amend all five of its logs to include all necessary information, and produce all documents for which it cannot provide complete and adequate information. *Accord Helm*, 2010 WL 2951871, at *2; *see also Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 651 (E.D. Cal. 2010); *Kelly v. Provident Life & Accident Ins. Co.*, 2009 WL 10664172, at *7 (S.D. Cal. May 29, 2009).

## I. YAHOO'S LOGS ARE FACIALLY INADEQUATE

### 1. No Attorney Identified and Other Missing Fields

Yahoo misses the point of Plaintiffs' arguments about the lack of author or other information on the produced logs. The argument is not about formally failing to "populate" particular fields on an Excel spreadsheet box. *Cf.* ECF No. 283 at 3-7. Rather, without adequate

1  author information, neither Plaintiffs nor the Court can adequately assess whether the privilege
2  attaches. This standard is true whether a document or communication is an email or standalone
3  document; adequate author information is critical for a proper assessment of privilege. *See, e.g.*,
4  *In re 3dfx Interactive, Inc.*, 347 B.R. 394, 402–03 (Bankr. N.D. Cal. 2006) (quoting *Wellpoint*
5  *Health Networks, Inc. v. Superior Court,* 59 Cal. App. 4th 110, 130 (Cal. Ct. App. 1997)).

6  Yahoo argues that the Plaintiffs' cases are inapposite because they arise from the context
7  of email communications and not standalone documents. First, that is inaccurate – *Helm*
8  considered both email communications and other documents collectively, and then discussed an
9  argument made specific to email chains. 2010 WL 2951871, at *1–2. Second, there is no logical
10 distinction between the two in terms of authorship. Yahoo is correct that non-email documents
11 might lack recipients, but it is essential to determine whether those documents were authored by
12 an attorney, at the direction of an attorney, and by whom, in order to assess a privilege claim.
13 *Accord Coleman v. Schwarzenegger*, 2008 WL 2237046, at *4–5 (E.D. Cal. May 29, 2008). This
14 is especially the case when a missing author is coupled with "conclusory" descriptions. *See id*.

15 Yahoo's explanation of their log entries proves Plaintiffs' point. Some of the entries
16 include custodian information and a specific attorney identified in a description; others have an
17 attorney custodian but no specific attorney names referenced; still others provide a cursory
18 description or file name. *See* MDL_Priv_00080 (document containing description with specific
19 attorney names but no author); Log ID #2104 (document with cursory description and no attorney
20 identified as giving advice); Log ID #2081 (referencing only "in-house counsel"). Under any of
21 these circumstances, neither the mere provision of a document or communication to counsel, nor
22 the mere custody of a document by an attorney, is sufficient to establish that the privilege attaches.
23 *See Helm*, 2010 WL 2951871, at *1 (noting that without the author of a document it is impossible
24 to determine whether a document or communication has been provided to third parties as required
25 to establish the privilege attaches).

26 Yahoo's claim that "Yahoo" as the only custodian *without any specific person identified*
27 *as either the author or custodian of the document* is similarly unavailing, especially when the
28 communications cited fail to identify a single specific attorney or employee acting at the direction

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL – 16-md-02752-LHK      - 2 -

of an attorney. Yahoo concedes that more than half of the exemplar entries in this category contain no person's name in *either* the custodian or author field. This is patently different than *Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2009 WL 533124, at *1 (N.D. Cal. Mar. 3, 2009), where the author was an attorney and it was simply unclear which of several attorneys at a particular law firm a communication or memo had been directed. If the reason this information is being withheld is because Yahoo simply cannot identify from metadata or other available sources who the author is, then Yahoo has failed to meet its burden and no privilege attaches. *See Carlson*, 2017 WL 3581136, at *17; *see also In re Pac. Pictures Corp.*, 679 F.3d at 1126; *Bergonzi*, 216 F.R.D. at 493.

## 2. Attachments Lacking an Independent Basis for Privilege

Yahoo argues that it is not required to separately log attachments because California law treats a parent email and any attachments as "one full communication to which the attorney-client privilege attaches." ECF No. 283 at 13.[1] In support of this claim, Yahoo cites *Ritchie v. Sempra Energy*, No. 10CV1513-CAB(KSC), 2015 WL 12912030, at *6 (S.D. Cal. June 11, 2015). In *Richie*, the Southern District of California determined that attachments could potentially be withheld even if they were not independently privileged if transmitted by an attorney to a client as part of the rendering of legal advice. *See id.* (quoting *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 733 (Cal. 2009)). But such a statement does not absolve Yahoo of the duty to separately establish that the privilege attaches for these attachments. *Travelers Prop. Cas. Co. of Am.*, 2015 WL 11438186, at *6–7 (granting motion to compel under California law for attachments for which privilege was not established separately). In addition, most of the entries on the logs simply are not the type of direct attorney-client communication contemplated by *Richie* or *Costco*. Rather, they are documents with no author, no named custodian, and which appear on their faces to be dealing with business, rather than legal advice. Such attachments are not privileged and must

---

[1] Yahoo incorrectly argues that Plaintiffs raise this argument for the first time in this motion; this is simply untrue, as Plaintiffs have raised the claim from their very first letter. *See* Ex. 2 at 13. The issue was also raised at the August 8, 2018 hearing, with no surprise by Yahoo's counsel. *See* Tr. at 14.

1  be separately produced. *See L.A. Cty. Bd. of Supervisors v. Sup'r Court*, 2 Cal. 5th 282, 294 (Cal.
2  2016).

### 3.  Non-Responsive Privileged Family Members

Yahoo argues that it is not required to produce entries described only as a "Non-Responsive Privileged Family Member," with no independent privilege or protection assertion, because they were not produced to the SEC, and are thus not responsive to Request for Production 47. As an initial matter, Yahoo cannot argue that all emails and their attachments should be considered one "communication" for purposes of analyzing attachments and then withhold these documents; under Yahoo's own theory, they would be responsive as completing the transmission. *See supra*.

Additionally, these documents are responsive. Yahoo agrees that all documents on the SEC logs are documents that were responsive to the SEC's requests but withheld on privilege grounds, and are thus responsive to Request No. 47. Whether or not Yahoo *calls* them "Non-Responsive" on its SEC logs, the completeness doctrine and context mandates that they be produced together, and as a result, are responsive to Plaintiffs' Request. *See, e.g.*, *S2 Automation LLC v. Micron Tech., Inc.*, 2012 WL 3656454, *25 (D.N.M. Aug. 9, 2012). The analogy to a "relevance redaction" thus follows: if an email and its attachments should be considered together in order to fairly consider context, then unilaterally withholding one portion is equivalent to doing the same in individual documents and should be rejected as improper. As a result, these documents should be produced or independently logged.

### 4.  Vague Descriptions

Despite multiple amendments to its five privilege logs, Yahoo still has documents that have only the description ""Communication from in-house counsel reflecting legal advice about undisclosed topic;" and "Communication reflecting legal review regarding legal strategy." *See* Log I.D. # 24938; Log I.D. ##8328-30. These entries are simply not adequate to establish privilege, and Yahoo provides no argument to the contrary.

Yahoo argues that its entries that contain only a description that they "reflect" or "enable" legal advice are appropriate. Yahoo is incorrect, and its cited case law to the contrary is unavailing. For example, in *Kintera*, the claim that documents were "Confidential communication reflecting

1  legal advice and written at the direction of counsel for the purpose of obtaining information
2  necessary to provide legal advice related to this litigation," was supported by factual declarations,
3  additional information about the creation and maintenance of confidentiality, and complete author
4  and recipient information. *See Kintera, Inc. v. Convio, Inc.*, 219 F.R.D. 503, 515 & n.3 (S.D. Cal.
5  2003). The same was true for *Chrimar Sys. Inc v. Cisco Sys. Inc.*, 2016 WL 1595785, at *4 (N.D.
6  Cal. Apr. 21, 2016). Here, on the other hand, many of the documents "reflecting legal advice"
7  contain no information about the document or communication's author, attorney involvement, or,
8  in some cases, no person as an identified custodian. *See, e.g.*, Doc ID #8946; Doc ID #28112;
9  MDL_Priv_00668; MDL_Priv_00782. And many simply do not contain sufficient additional
10 description. *See, e.g.*, MDL_Priv_02000 ("Communication among employees and consultants
11 providing information to enable the rendering of legal advice re: breach investigation."). *James*
12 involves log entries where "legal advice was either sought or given," not "reflected" or "enabled."
13 *James v. UMG Recordings, Inc.*, 2014 WL 555179, at *3 (N.D. Cal. Feb. 10, 2014).[2]

14  　　　　This motion is limited to facial deficiencies. Plaintiffs are not advancing their substantive
15 arguments regarding business/technical advice or the crime-fraud exception. Rather, Plaintiffs
16 argue that, given the vague nature of the descriptions given, it is impossible for Plaintiffs or the
17 Court to assess whether the "dominant purpose of the relationship" is legal. *See* ECF No. 283 at
18 14 (quoting *Richie*, 2015 WL 12912030, at *7). A document being withheld on the basis of a
19 privilege log entry that describes advice related to "consultant security assessment and analysis"
20 may or may not be privileged depending on the underlying document and the advice being given.
21 *See, e.g.*, MDL_Priv_01716. But without a fully adequate description or referenced attorney, such
22 an assessment is not possible. *Accord Kelly*, 2009 WL 10664172, at *5. The same is true for the
23 crime-fraud exception.

24  　　　　Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel.

25

---

26  [2] Yahoo is also incorrect that Plainitffs failed to raise deficiencies with the Second Log before this
27  motion. The Second Log is referenced throughout the letters. *See, e.g.*, Ex. 2 (referencing the Second Log as having the same deficiencies as others). The telephone meet and confers between the parties also included explicit statements by Plaintiffs that all deficiencies identified applied to
28  all logs.

DATED: August 29, 2018

MORGAN & MORGAN
COMPLEX LITIGATION GROUP
John A. Yanchunis

*s/ John A. Yanchunis*
John A. Yanchunis

201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: 813/223-5505
813/223-5402 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
Stuart A. Davidson
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

CASEY GERRY SCHENK FRANCAVILLA
  BLATT & PENFIELD LLP
Gayle M. Blatt
110 Laurel Street
San Diego, CA 92101
Telephone: 619/238-1811
619/544-9232 (fax)

MILBERG TADLER PHILLIPS
GROSSMAN LLP
Ariana J. Tadler
One Pennsylvania Plaza, 19th Floor
New York, NY 10119
Telephone: 212/594-5300
212/868-1229 (fax)

*s/ Kate M. Baxter-Kauf*
Kate M. Baxter-Kauf

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Karen Hanson Riebel
Kate M. Baxter-Kauf
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
612/339-0981 (fax)

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL – 16-md-02752-LHK        - 7 -

CERTIFICATE OF SERVICE

I hereby certify that August 29, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 29, 2018.

*s/ Kate M. Baxter-Kauf*
Kate M. Baxter-Kauf

LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Karen Hanson Riebel
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: 612/339-6900
612/339-0981 (fax)