

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
keker.com

**Jo W. Golub**
(415) 773-6691
jgolub@keker.com

September 7, 2018

**VIA ECF**

Magistrate Judge Nathanael M. Cousins
United States District Court
Northern District of California
280 South 1st Street
Courtroom 5, 4th Floor
San Jose, CA  95113

Re:     *In re Yahoo! Inc. Customer Data Security Breach Litigation*
        Case No. 16-MD-02752-LHK

Dear Magistrate Judge Cousins:

        Pursuant to the Court's April 20, 2018 Civil Standing Order, counsel for plaintiffs and non-party Ronald Bell have met and conferred and hereby submit this joint statement regarding the deposition of Mr. Bell, currently scheduled for September 12-13.  Mr. Bell, who is the former General Counsel for defendant Yahoo! Inc., respectfully requests that the Court issue a protective order to allow his deposition to be continued until the resolution of the pending disputes between the parties regarding the assertion of the attorney-client privilege.  I am available for a conference should the Court find that helpful.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Jo W. Golub

JWG:srg

In re Yahoo! Inc. Customer Data Security Breach Litigation
September 7, 2018
Page 1


## I.      Non-Party Ronald Bell's Position

### A.      Summary of the Discovery Dispute

Over the past several months, non-party Ronald Bell—the former General Counsel of defendant Yahoo! Inc. ("Yahoo")—and Plaintiffs have negotiated dates for Mr. Bell's deposition. Throughout this process, counsel for Mr. Bell have made clear to Plaintiffs that Mr. Bell, a non-party, would only sit for deposition once.  However, counsel for Mr. Bell have learned that Plaintiffs and Yahoo are engaged in a dispute over the production of documents relevant to Mr. Bell that Yahoo has withheld on grounds of attorney-client privilege, and that this dispute is set to be heard in this Court on September 12—the same day Mr. Bell's deposition is set to begin. Seeking to avoid the risk that Plaintiffs may demand Mr. Bell be deposed twice, counsel for Bell requested that his deposition be rescheduled until after resolution of the current privilege dispute and offered alternative dates in October and November.  Plaintiffs have categorically refused, however, to reschedule the deposition. Moreover, Plaintiffs have reserved their "right" to re-call Mr. Bell a second time after the privilege dispute is resolved.  Having been unable to persuade Plaintiffs to delay the deposition until the privilege dispute is resolved and all documents are produced, Mr. Bell now turns to the Court for relief.

### B.      Background Facts and Relief Sought

On July 26, counsel for Plaintiffs issued a subpoena on Mr. Bell, which initially noticed the deposition for August 17 and included 35 document requests.  Upon learning that the Plaintiffs in the related state court proceeding would need a separate day with Mr. Bell, on August 8, Mr. Bell and Plaintiffs reached agreement to reschedule the deposition for both the federal and state plaintiffs, setting it on September 12-13 (dates that Plaintiffs' counsel selected from ten sets of dates provided by Mr. Bell).  Counsel for Mr. Bell reviewed and identified non-privileged[1] documents responsive to Plaintiffs' many document requests, and Mr. Bell produced responsive, non-privileged documents pursuant to these requests on August 31, 2018.[2]

After Plaintiffs selected September 12 and 13 for Mr. Bell's deposition, his counsel learned that this Court already had set a hearing for September 12.  More recently, Mr. Bell's counsel learned that the Court had expressed concerns that that September 12th hearing could result in additional document production and had continued the deposition of former Yahoo CEO Marissa Mayer based, among other things, on "the possibility of having additional documents compelled from [Yahoo's] privilege log":

---

[1] Because Yahoo, not Mr. Bell, is the holder of the attorney-client privilege with respect to Mr. Bell's role as counsel for Yahoo, potentially privileged documents were initially provided to counsel for Yahoo to make initial calls on the application of the attorney-client privilege.

[2] Plaintiffs have been silent on Mr. Bell's production since it was served.

In re Yahoo! Inc. Customer Data Security Breach Litigation
September 7, 2018
Page 2

> I say that without a finding that I'm going to do it, just that it's possible that there
> could be additional documents that would be relevant to [Ms. Mayer's]
> deposition and it would be more pragmatic to have everything on the table for the
> deposition, rather than have the possibility of a second round of deposition.

8/22/2018 Tr. at 30:24-25.  After reviewing the briefing for Plaintiffs' motion to compel
regarding Yahoo's privilege log, which is set to be heard on September 12, it became apparent
that the pending privilege dispute concerns thousands of documents that—if ordered produced—
would likely be relevant to Mr. Bell's deposition.  *See, e.g.,* Dkt. 276 at 10 (arguing for
production of attachments sent to in-house counsel, including Mr. Bell, as not necessarily
privileged); Dkt. 276 at 11 (arguing that 4,300 documents logged as "non-responsive privileged
family members" should be produced, which includes multiple communications with Mr. Bell,
including, for example, 42392, 42393, 42394, 42397, 7256.0001-7552.0002); Dkt. 276 at 14-15
(arguing that vague descriptions of communications with in-house counsel—like Mr. Bell—are
insufficient in light of the presumption that communications with in-house counsel reflect
business advice); Dkt. 283 at 6 (revealing that the dispute regarding log entries that identify
Yahoo as the custodian also relate to Mr. Bell because "[t]he majority of these entries indicate
the specific involvement of in-house attorneys such as Chris Madsen or Ron Bell in the
document, or otherwise identify Yahoo's in-house counsel as being involved with the
procurement of legal advice"); Dkt. 283 at 12-13 (arguing that entries stating that
communication reflects legal advice are sufficient where subject matter of the advice is included,
such as MDL_Priv_00191, from attorney Chris Madsen to Bob Lord, describing a withheld
document as "Communication among in-house counsel and employees reflecting legal advice
from C Madsen* and R Bell* re: draft press release about cyber security").

Thus, consistent with the Court's instructions to the parties to be efficient, not to depose the
same witnesses twice, and "to allow for conclusion of the document process and the privilege
process" before deposing relevant deponents, *see* 8/22/18 Tr. at 28:20-25, counsel for Mr. Bell
requested by email on September 5 that the parties reschedule the two-day deposition of Mr.
Bell, in order to allow the Court to rule on the pending privilege dispute, and to provide time for
any previously withheld documents to be produced and reviewed.  The next morning, Mr. Bell's
counsel provided five sets of alternative deposition dates in October and November that worked
for both Mr. Bell and Yahoo.

In response, Lead Counsel for Plaintiffs, John Yanchunis, stated that Plaintiffs "will not agree to
postpone the deposition from its present setting," while at the same time "reserv[ing] all rights"
to seek a second deposition from Mr. Bell.  Despite multiple requests from counsel for Mr.
Bell,[3] Mr. Yanchunis did not articulate any reason why Plaintiffs would be prejudiced by the
brief delay that Mr. Bell proposed.  Indeed, shifting Mr. Bell's deposition by a few weeks to
allow for complete production of relevant documents could not prejudice Plaintiffs, as fact
discovery does not close until March 2019.

---

[3] Counsel for Bell have attempted to reach Mr. Yanchunis by telephone to discuss this dispute
further, leaving voicemail messages that have so far gone unanswered.

In re Yahoo! Inc. Customer Data Security Breach Litigation
September 7, 2018
Page 3

Plaintiffs' portion of this joint letter brief states, for the first time, that their reply in support of the class-certification motion is somehow affected by potential testimony from Mr. Bell, though they provide no explanation for what Mr. Bell could possibly say that would be relevant to the class-certification dispute.  (Nor do Plaintiffs explain how they properly could rely upon new evidence on reply that was not provided in their original motion.)  As the Court previously observed with regard to Ms. Mayer's deposition, the "need for the deposition to be done before the class reply" does not "outweigh[] the pragmatism of getting the deposition done once and completely." 8/22/18 Tr. At 31:12-14.  Moreover, Plaintiffs appear to be available for at least some of the dates that Mr. Bell has suggested for his rescheduled deposition in October and November, as there has been no mention of unavailability.

Mr. Bell is a third party in this litigation, and should not be made to bear the risk of a second deposition due to Plaintiff's unilateral decision to proceed on the same day as the hearing on the privilege-log dispute.  Plaintiffs have not articulated any prejudice that outweighs the interests in efficiency and completeness that would be served by briefly delaying this deposition until the privilege dispute has been resolved and the document productions are complete.  Especially in light Mr. Bell's position as former General Counsel of Yahoo, the privilege issues and disputes over the privilege logs should be resolved before he is deposed.

Accordingly, for the reasons set forth above, non-party Ronald Bell respectfully requests that the Court issue a protective order to continue his deposition until after the resolution of the outstanding discovery issues, and grant all other just and proper relief.

## II.    Plaintiff's Position

The deposition of Mr. Bell—Yahoo's General Counsel during the time when the largest data breaches in history occurred, and the sole senior executive to lose his job in the wake of the breach announcements—has been set for months; the associated document request has been propounded and documents have been produced; yet, Mr. Bell's counsel now, at the proverbial eleventh hour, insists on delay.  Plaintiffs have previously agreed to delay this deposition—originally set for August 17th—but cannot volunteer to do so again now.

### A.    Background

In July, Plaintiffs and counsel for Mr. Bell agreed to a deposition date of August 17, 2018.  Then, on August 6, 2018, Mr. Bell's counsel stated that the deposition needed to be continued because (1) to the extent the MDL and state court Plaintiffs each needed their own day of questioning, it needed to occur on consecutive days, and (2) privilege issues were currently pending in the MDL case which should be resolved prior to the deposition.  In light of the need for counsel in the parallel state and federal cases to have their own day of questioning, on August 8, 2018, Plaintiffs agreed to continue the August 17th date, and the deposition was rescheduled to September 12 and 13, dates offered by Mr. Bell's counsel.

In re Yahoo! Inc. Customer Data Security Breach Litigation
September 7, 2018
Page 4

### B.      The Deposition Should Proceed

Again seizing on Plaintiffs' privilege challenge, Mr. Bell now suggests that the deposition should be delayed again.  However, as noted, the deposition has been scheduled and re-scheduled once already, and re-scheduling again now will involve juggling the intensely full schedules of Mr. Bell, his counsel, MDL Plaintiffs' counsel, State Plaintiffs' counsel, and defense counsel.  Mr. Bell has insisted that to the extent plaintiffs in the MDL and in the state case each need their own day of questioning (and they each do), such days must be consecutive, thus necessitating Plaintiffs' counsel to clear their schedules for the better part of a week to allow for travel and both days of testimony.

Plaintiffs' reply in support of their motion for class certification is due September 21st. Yet, the alternative dates Mr. Bell's counsel has provided are all long after that critical deadline and the ability to utilize information from Mr. Bell's testimony in the reply will be lost.

Plaintiffs have not insisted that re-deposition of Mr. Bell will necessarily be required if their privilege challenges are successful. Rather, they have simply reserved their right to seek one should it be needed.  This is, of course, a necessary position; Plaintiffs do not know what the privileged documents say and hence cannot predict now whether questioning of Mr. Bell regarding them will be required.  And, even if additional questioning is needed, such questioning by both the federal and state court counsel can likely be cabined to a single day—or portion of a day—reducing the intense scheduling issues.

Finally, Plaintiffs fully appreciate they run the risk of a second deposition being denied by this Court.  This is a risk they are willing to accept.

Dated:  September 7, 2018                KEKER, VAN NEST & PETERS LLP


                                        By:    */s/ Jo. W. Golub*
                                               Jo W. Golub

                                        *Attorneys for Ronald Bell*


Dated:  September 7, 2018                MORGAN & MORGAN


                                        By:    */s/ John Yanchunis*
                                               John Yanchunis

                                        *Plaintiffs' Lead Counsel*