Daniel S. Robinson (SBN 244245)
Wesley K. Polischuk (SBN 254121)
**ROBINSON CALCAGNIE, INC.**
19 Corporate Plaza Drive
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292
drobinson@robinsonfirm.com
wpolischuk@robinsonfirm.com

*Attorneys for Plaintiffs,*
*JCCP Co-Lead Counsel and*
*Proposed Class Counsel*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| IN RE: YAHOO INC. CUSTOMER DATA SECURITY BREACH LITIGATION | No. 16-md-02752-LHK<br><br>**DECLARATION OF DANIEL S. ROBINSON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,** |

I, Daniel S. Robinson, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and before this Court.  I am a partner at the law firm Robinson Calcagnie, Inc.

2.      I was appointed JCCP Co-Lead Counsel for Plaintiffs and the Putative Class in the parallel state court action of *Yahoo! Inc. Private Information Disclosure Cases*, Judicial Council Coordinated Proceeding (JCCP) No. 4895, in Orange County Superior Court (hereinafter referred to as the "JCCP Litigation"), and am one of the proposed Class Counsel in this case.  I have personal knowledge of the matters stated herein and if called upon as a witness I would and could competently testify thereto.  I submit this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

3.      As indicated by my firm's resume attached hereto as **Exhibit 1**, I have been appointed to leadership positions in numerous state and federal courts, including in other data breach cases and in complex and multi-district product liability and consumer class action litigation.  For instance, I was appointed as Interim Co-Lead Counsel in *In re Experian Data*

- 1 -

1  *Breach Litigation*, No. 8:15-cv-01592 (Central District of California), Co-Lead Counsel in *In re*

2  *21st Century Oncology Customer Data Security Breach Litigation*, MDL No. 2737; Co-Lead

3  Counsel in *St. Joseph Health System Medical Information Cases*, JCCP No. 4716 (Super. Ct.

4  Cal.); Lead Settlement Class Counsel in *Blue Cross of California Website Security Cases*, JCCP

5  No. 4647 (Super. Ct. Cal.); Co-Lead Counsel in *Risperdal® and Invega® Product Liability Cases*,

6  JCCP No. 4775 (Super. Ct. Cal.); Plaintiffs' Executive Committee Member in *In re Biomet M2a*

7  *Magnum Hip Implant Products Liability Litigation*, MDL No. 2391; Plaintiffs' Steering

8  Committee Member in *In re Actos Product Liability Cases*, JCCP No. 4696 (Super. Ct. Cal.);

9  Plaintiffs' Steering Committee Member in *In re Fosamax/Alendronate Sodium Drug Cases*, JCCP

10  No. 4644 (Super. Ct. Cal.); and Plaintiffs' Executive Committee Member in *In re Heparin*

11  *Products Liability Litigation*, MDL No. 1953.

12      4.      My firm has also served as lead counsel in other types of class actions, including

13  *Rivera v. Bio-Engineered Supplements & Nutrition, Inc.*, No. SACV 07-1306 JVS (RNBx) and *In*

14  *re Tobacco II Cases*, JCCP No. 4042 (Super. Ct. Cal.).  My firm has also been at the forefront in

15  consumer protection cases for over 40 years, having handled numerous important consumer

16  protection cases, including *Grimshaw v. Ford Motor Co.*, 119 Cal. App. 3d 757 (Ct. App. 1981);

17  *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Pracs. & Prods. Liab. Litig.*,

18  MDL No. 2151*; In Re: Paxil*, Case No. 3220 (Ct. Com. Pl. of Phila. Cnty.).

19      5.      I, along with my co-lead counsel, Brian Chase of Bisnar | Chase LLP, and

20  members of the JCCP Plaintiffs' Steering Committee (the "JCCP PSC"), have represented

21  Plaintiffs and putative class members in the JCCP Litigation for over two years.  Collectively,

22  Plaintiffs' Counsel in the JCCP Litigation have devoted thousands of hours litigating this case.

23      6.      The JCCP Litigation was hard-fought from the beginning.  Yahoo is one of the

24  largest web services providers in the United States and is represented by two of the largest and

25  most preeminent law firms in the country.  Yahoo vigorously sought to dismiss Plaintiffs' claims

26  and contested the scope of discovery propounded by both Plaintiffs and Yahoo throughout the

27  MDL and JCCP litigations.

28      7.      In cooperation with the MDL Plaintiffs, JCCP Counsel coordinated the seven

DECLARATION OF DANIEL S. ROBINSON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
ENT

1379567.1

1  Yahoo data breach class actions filed in California state court; successfully opposed Yahoo's

2  motion to stay; successfully opposed Yahoo's demurrer to Plaintiffs' Consolidated Complaint;

3  reviewed over 40 batches of documents containing over nine million pages from approximately 60

4  custodians; deposed one 30(b)(6) witness over the course of three days and five percipient fact

5  witnesses; exchanged interrogatories, requests for admission and documents; and filed a motion for

6  class certification.

7          8.      Due to the extensive discovery we undertook, along with briefing the demurrer and

8  class certification, I, along with my co-lead counsel and other members of the JCCP PSC, know

9  the strengths and weaknesses of the Class' claims in the litigation.  We have worked extensively

10 with experts and consultants to evaluate those claims and to understand the business practice

11 changes necessary to protect Class Members' data in the future and are well-equipped to negotiate

12 a settlement on behalf of the Class.

13         9.      I believe the proposed Settlement is extremely beneficial for Class Members and in

14 their best interest.  I respectfully recommend that the Court approve the proposed Settlement.

15         10.     This proposed Settlement is the result of nearly two years of contested litigation

16 that culminated in an agreement-in-principle to resolve both the federal and California state court

17 litigations following two days of mediation with a team of the three JAMS mediators, including

18 the Honorable Daniel Weinstein (Ret.), on August 14 and September 7, 2018.   With this

19 Settlement, Plaintiffs have secured a significant recovery for putative Class Members that ranks as

20 one of the most successful data breach settlements.

21                                   **THE DATA BREACHES**

22         11.     On September 22, 2016, Yahoo announced that, in late 2014, unauthorized parties

23 acquired the personal identifiable information ("PII") of approximately 500 million user accounts

24 (the "2014 Data Breach").  The PII included the names, email addresses, telephone numbers, dates

25 of birth, hashed passwords and, in some cases, encrypted or unencrypted security questions and

26 answers.

27         12.     On December 14, 2016, Yahoo announced another data breach that occurred in or

28 around August 2013, when an unauthorized party acquired the PII of over one billion user

- 3 -

DECLARATION OF DANIEL S. ROBINSON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
ENT

1379567.1

1  accounts (the "2013 Data Breach").  The PII included names, email addresses, telephone numbers,

2  dates of birth, hashed passwords (using MD5) and, in some cases, encrypted or unencrypted

3  security questions and answers.  Yahoo also reported a data breach affecting approximately 32

4  million user accounts that had occurred in 2015 and 2016 which involved an unauthorized third

5  party accessing Yahoo's proprietary code to forge cookies that allowed the intruder to access

6  users' accounts without a password (the "2015-2016 Data Breach") (collectively, the 2013 Data

7  Breach, 2014 Data Breach, and 2015-2016 Data Breach are referred to as the "Data Breaches").

8         13.     In October 2017, after it was acquired by Verizon around June 2017, Yahoo (under

9  its new company name Oath) announced that the 2013 Data Breach had affected nearly three

10  billion user accounts maintained in its database.

### ESTABLISHMENT OF THE YAHOO JCCP LITIGATION

12         14.     On September 22, 2016, the plaintiff in *Dela Cruz v. Yahoo!, Inc*., Orange County

13  Superior Court, Case No. 30-2016-00877210, brought the first California action against Yahoo

14  alleging the 2014 Data Breach resulted in the unauthorized disclosure of her and similarly situated

15  individuals' PII.  That same day, the initial federal actions were also filed.  (See, e.g., *Havron, v.*

16  *Yahoo! Inc.*, Southern Dist. Ill., Case No. 3:2016-cv-01075, filed Sept. 22, 2016.)  Plaintiffs in the

17  JCCP Litigation filed a total of seven class action complaints in 2016 which formed the basis of

18  the JCCP Litigation.

19         15.     On October 7, 2016, the plaintiff in *Pastor v. Yahoo! Inc*., Superior Court of

20  California, County of Orange, Case No. 30-2016-00877593 filed a Petition to Coordinate (the

21  "Petition") the following cases involving alleged public disclosure of Plaintiffs' PII: (1) *Quinn v.*

22  *Yahoo! Inc.*, Superior Court of California, County of Los Angeles, Case No. BC635382; (2)

23  *Gamache v. Yahoo! Inc*., Superior Court of California, County of Marin, Case No. CIV1603582;

24  (3) *Pastor v. Yahoo! Inc*., Superior Court of California, County of Orange, Case No. 30-2016-

25  00877593; (4) *Bouras v. Yahoo! Inc*., Superior Court of California, County of Orange, Case No.

26  30-2016-00877883; (5) *Ruiz, et al. v. Yahoo! Inc*., Superior Court of California, County of Orange,

27  Case No. 30-2016-00878170; (6) *Dela Cruz v. Yahoo! Inc*., Superior Court of California, County

28  of Orange, Case No. 30-2016-00877210; and (7) *Brabcova v. Yahoo! Inc*., Superior Court of

- 4 -

California, County of Orange, Case No. 30-2016-00893069.

16.     On November 16, 2016, the Parties in the above-referenced actions agreed on the issue of coordination in state court and submitted a stipulation requesting a briefing schedule on venue.  On December 7, 2016, the Court determined that coordination was appropriate, stayed all cases, and on January 20, 2017 and February 10, 2017, heard oral argument on the issue of the appropriate site for coordination.  On February 15, 2017, the Court issued an Order recommending that (1) the Petition be granted; (2) the Orange County Superior Court be designated as the site of the coordination proceedings; and (3) the California Court of Appeal, Fourth Appellate District, Division Three, be designated as the reviewing court.  Attached hereto and incorporated by reference as **Exhibit 2** is a true and correct copy of the February 15, 2017 Order.

17.     On February 28, 2017, the Judicial Council authorized the Presiding Judge of the Orange County Superior Court to assign the coordinated actions to a coordination trial judge pursuant to California Code of Civil Procedure section 404.3 and California Rule of Court 3.540. On March 14, 2017, the Presiding Judge of the Orange County Superior Court assigned the Honorable Thierry Patrick Colaw (now retired) to be the coordination trial judge.[1]  Attached hereto and incorporated by reference as **Exhibit 3** is a true and correct copy of the March 14, 2017 Order.

18.     At the May 26, 2017 Status Conference, the Court approved Case Management Order No. 1 appointing myself and Brian D. Chase of Bisnar | Chase LLP as Co-Lead Counsel, and appointing Eric A. Grover of Keller Grover LLP, Jeremiah Frei-Pearson of Finkelstein, Blankinship, Frei-Pearson & Garber LLP, Neil Fineman of Fineman Poliner LLP, Nathan Smith of Brown Neri Smith & Khan LLP, Robert Samini of Samini Scheinberg PC, and Brian Kabateck of Kabateck Brown Kellner LLP to the JCCP PSC.  Attached hereto and incorporated by reference as **Exhibit 4** is a true and correct copy of Case Management Order No. 1.

### JCCP MOTIONS AND PLEADINGS

19.     On May 25, 2017, Yahoo moved to stay the JCCP, arguing that it was subsumed by the MDL pending before this Court.  On June 12, 2017, the JCCP PSC filed their opposition to

---

[1] Following Judge Colaw's retirement in January 2018, the JCCP Litigation was re-assigned to the Hon. Glenda Sanders.

DECLARATION OF DANIEL S. ROBINSON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
ENT

1379567.1

1    Yahoo's stay motion.  After briefing and oral argument, Judge Colaw denied Yahoo's motion on

2    June 23, 2017.  Attached hereto and incorporated by reference as **Exhibit 5** is a true and correct

3    copy of the Judge Colaw's Order Denying Yahoo's Motion to Stay.

4          20.    On June 27, 2017, the JCCP Plaintiffs filed a Consolidated Complaint alleging six

5    causes of action: (1) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§

6    1750, et seq.; (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§

7    17200, et seq.; (3) violation of California's Customer Records Act, Cal. Civ. Code §§ 1798.80 et.

8    seq.; (4) negligence; (5) breach of contract; and (6) invasion of privacy under the California

9    Constitution.  Attached hereto and incorporated by reference as **Exhibit 6** is a true and correct

10   copy of JCCP Plaintiffs' Consolidated Complaint.

11         21.    On July 27, 2017, Yahoo demurred to the JCCP Plaintiffs' Consolidated

12   Complaint, which, after briefing and oral argument, the Court denied in its entirety except for the

13   CLRA Claim.  Attached hereto and incorporated by reference as **Exhibit 7** is a true and correct

14   copy of Judge Colaw's Order Granting in Part and Denying in Part Yahoo's Demurrer.

15         22.    The Parties continuously discussed the management of the case and appeared at

16   case management conferences to update the Court on the status of the Yahoo JCCP Litigation.

17                      **JCCP DISCOVERY AND DEPOSITIONS**

18         23.    The scope of discovery was highly contested throughout the JCCP Litigation.

19   Although the Parties worked amicably, and the JCCP Plaintiffs cooperated with the MDL

20   Plaintiffs, the Parties engaged in constant meet-and-confer conferences to resolve discovery issues

21   without judicial intervention.

22         24.    On May 26, 2017, the JCCP Plaintiffs served Yahoo with their First Set of

23   Requests for Productions of Documents, which Yahoo responded to on July 25, 2017.

24         25.    On October 3, 2017, the Parties entered into a Stipulated Order Governing

25   Discovery of Electronically Stored Information.  Between October 2017 and January 2018, the

26   JCCP and MDL Parties jointly negotiated the search terms Yahoo would use for the production of

27   documents in both the JCCP and the MDL actions.

28         26.    On October 5, 2017, Yahoo made its first document production, which included

- 6 -

1    over 8,000 documents.  Since its initial production, Yahoo produced over 40 batches of documents

2    from approximately 60 custodians, containing over nine million pages, which the JCCP PSC

3    continuously reviewed.  The JCCP PSC also issued third party subpoenas and received thousands

4    of additional documents from several former Yahoo employees who were deposed.

5         27.    On December 13, 2017, Yahoo served the JCCP Plaintiffs with its First Set of

6    Special Interrogatories and First Set of Requests for Production of Documents, which the JCCP

7    Plaintiffs responded to on March 12, 2018.  On February 5, 2018, the JCCP Plaintiffs served

8    Yahoo with their First Set of Requests for Admissions, Special Interrogatories, and Form

9    Interrogatories, which Yahoo responded to on May 8, 2018.

10        28.    The JCCP Plaintiffs and the MDL Plaintiffs coordinated the depositions of the

11   following current and former Yahoo employees:

12   - November 10 and November 20, 2017 and February 22, 2018: Deposition of Yahoo
13     30(b)(6) Witness Sean Zadig, Director of Threat Investigations;

14   - April 13 and June 8, 2018: Deposition of Robert Lord, former Yahoo Chief
15     Information Security Officer ("CISO");

16   - May 14 and 15, 2018: Deposition of Ramses Martinez, former Yahoo Interim CISO;

17   - May 29, 2018: Deposition of Justin Somaini, former Yahoo CISO;

18   - June 26, 2018: Deposition of Christopher P. Rohlf, former Yahoo Director of
19     Penetration Testing and Offensive Engineering Team;

20   - June 28, 2018: Deposition of Alexander C. Stamos, former Yahoo CISO; and

21   - August 16, 2018: Deposition of Jay Rossiter, former Yahoo Senior Vice President.

22        29.    For each of these depositions, the JCCP PSC spent substantial time reviewing the

23   deponent's custodial file, preparing document review memoranda and deposition outlines,

24   exchanging documents and deposition strategy with the MDL attorneys, and examining the

25   witnesses.

26                    **JCCP MOTION FOR CLASS CERTIFICATION**

27        30.    On August 27, 2018, the JCCP Plaintiffs filed a Motion for Class Certification and

28   set the hearing on the motion for September 28, 2018.

DECLARATION OF DANIEL S. ROBINSON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
ENT

1379567.1

**SETTLEMENT NEGOTIATIONS**

31.     The JCCP Plaintiffs, the MDL Plaintiffs, and Yahoo selected the Honorable Daniel Weinstein (Ret.) of JAMS to serve as the mediator in the Yahoo MDL Litigation and the Yahoo JCCP Litigation.   Prior to the first mediation session on August 14, 2018, the JCCP PSC coordinated settlement strategy with the MDL PSC.   Following the first mediation session, the JCCP PSC, the MDL PSC, and Yahoo continued settlement negotiations with the assistance of Judge Weinstein and his mediation partner, Jed Melnick, Esq.   On September 7, 2018, the JCCP Plaintiffs, the MDL Plaintiffs, and Yahoo attended a second mediation session with Judge Weinstein where an agreement in principal was reached to settle the claims against Yahoo brought in both the JCCP and the MDL.

32.     As part of the settlement negotiations, the JCCP Plaintiffs, the MDL Plaintiffs, and Yahoo agreed to seek approval of the class action settlement before the Honorable Lucy H. Koh in the United States District Court, Northern District of California.

33.     On September 19, 2018, the JCCP Plaintiffs and Yahoo appeared at a status conference before the Honorable Glenda Sanders, the Superior Court Judge overseeing the JCCP Litigation following Judge Colaw's retirement.   The Parties presented the proposed settlement approval process to Judge Sanders who said the Parties' recommended process "makes sense." Attached hereto and incorporated by reference as **Exhibit 8** is a true and correct copy of the Reporter's Transcript from the September 19, 2018 Hearing.

**THE SETTLEMENT IS IN THE BEST INTEREST OF THE CLASS**

34.     I believe the Settlement is fair, reasonable, and adequate; the product of substantial investigation, litigation and arm's-length negotiation; and, most importantly, is in the best interests of Plaintiffs and putative Class Members.   Despite my strong belief in the merits of this litigation and likelihood of success as trial, I nonetheless believe that the benefits to Plaintiffs and the putative Class pursuant to the agreed upon terms substantially outweigh the risks of continuing to litigate the claims—namely, the delay that would result before Plaintiffs and putative Class Members receive any benefits should the action proceed to trial; the possibility of a negative outcome at trial; and the possibility of a negative outcome post-trial should Yahoo appeal a

- 8 -

1   judgment in favor of the putative Class.  This Settlement provides significant benefits now and is

2   in the best interest of all putative Class Members.

3       35.     When compared to other data breach cases, this Settlement is an excellent result

4   for Class Members.  The three leading data breach cases are *In re Anthem, Inc. Data Breach*

5   *Litigation*, No. 5:15-MD-02617-LHK (N.D. Cal. 2017 ) ($110 million settlement fund, for 78.8

6   million *Anthem* insureds who had their social security numbers and health data acquired by

7   unauthorized parties); *In re The Home Depot, Inc. Customer Data Security Breach Litig.*, No.

8   1:14-md-02583-TWT (N.D. Ga. 2016) ($13 million settlement fund, an additional $6.5 million

9   (paid out of the settlement fund if funds remained after claims) for credit monitoring services, and

10  $7.5 million in attorney fees for a class of over 40 million Home Depot consumers who had their

11  payment data acquired by unauthorized parties); and *In re Target Corp. Customer Data Security*

12  *Breach Litig.*, No. 0:14-md-02522-PAM (D. Minn. 2015) ($10 million settlement fund and $6.75

13  million in attorney fees for up to 110 million Target consumers who had their payment data

14  acquired by unauthorized parties.).  Given the magnitude of the Settlement Class in this case and

15  the type of information made available in the Data Breaches, this Settlement provides an excellent

16  result for the Settlement Class.

17      36.     Throughout the JCCP Litigation, the proposed Class Representatives from the

18  JCCP did everything they could to represent the interests of the Class. Proposed Class

19  Representatives from the JCCP provided extensive information regarding harms they suffered as a

20  result of the Data Breaches, including providing all necessary paperwork and documents,

21  conducting word and term searches of their email accounts, and two Class Representatives from

22  the JCCP provided copies of their hard drives for forensic imaging.   The proposed Class

23  Representatives from the JCCP also remained in contact with Plaintiffs' Counsel throughout the

24  JCCP Litigation, promptly responding to their inquiries for further information and communicating

25  with Plaintiffs' Counsel to keep up to date on the status of the JCCP Litigation.   Each of the

26  proposed Class Representatives from the JCCP also communicated with Plaintiffs' Counsel

27  regarding the terms of the Settlement.

28

- 9 -

1

2

3

4      I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct.   Executed this 22nd day of October 2018 at Newport Beach,

6  California.

7

8                                        __/s/ Daniel S. Robinson_____
                                         Daniel S. Robinson

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DANIEL S. ROBINSON IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL
ENT

1379567.1