United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 16-MD-02752-LHK<br><br>**ORDER REQUIRING SUPPLEMENTATION**<br><br>Re: Dkt. No. 330 |

Having reviewed the Motion for Preliminary Approval of Class Action Settlement ("Motion"), ECF No. 330, the Court orders the parties to file a supplement to the Motion by November 9, 2018 that addresses the following:

(1) Any differences between the settlement class and the classes proposed in the operative complaint and an explanation as to why the differences, if any, are appropriate.

(2) Any differences between the claims to be released and the claims in the operative complaint and an explanation as to why the differences are appropriate.

(3) An explanation of the calculation of the number of class members. Plaintiffs had asserted that this case involved over 3 billion user accounts. In the Motion, the parties represent that the settlement class involves nearly a billion user accounts and approximately 200 million individuals. How were those numbers calculated? For each of the 2013 Breach, 2014 Breach, and 2015-2016 Breach, what are the number of accounts and individuals

1

Case No. 16-MD-02752-LHK
ORDER REQUIRING SUPPLEMENTATION

involved with each breach, and how are these numbers calculated?

(4) The anticipated class recovery under the settlement, the potential class recovery if plaintiffs had fully prevailed on each of their claims, and an explanation of the factors bearing on the amount of the compromise.

(5) An estimate of the number and/or percentage of class members who are expected to submit a claim in light of the experience of the selected claims administrator and counsel from other recent settlements of similar cases, the identity of the examples used for the estimate, and the reason for the selection of those examples.  This information should be provided for each type of claim, e.g. claim for out-of-pocket costs, paid user costs, small business user costs, credit monitoring, and alternative compensation.

(6) An explanation for why claim forms can only be submitted for 270 calendar days after preliminary approval.

(7) The settlement administrator selection process, including how many settlement administrators submitted proposals, what methods of notice and claims payment were proposed, the Lead Counsel's firms' history of engagements with the settlement administrator over the last two years, the anticipated administrative costs, and the reasonableness of those costs in relation to the value of the settlement.

(8) Information about the lodestar calculation, including the total number of hours billed to date, the number of billers and their hourly rates, the number of contract attorneys or paralegals, and the requested multiplier, if any.

(9) In light of the fact that Defendant's data was breached in 2013, 2014, 2015, and 2016, an explanation of why the business practice changes appear to only originate from Defendant and do not identify security controls and reforms recommended by independent security experts such as Plaintiffs' security experts, if any; do not appear to address ▬▬▬▬▬▬; do not appear to require ▬▬▬▬▬▬▬▬▬▬; do not require ▬▬▬▬▬▬; and do not provide for independent third parties to ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

**IT IS SO ORDERED.**

Dated:  November 2, 2018

_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

3

Case No. 16-MD-02752-LHK
ORDER REQUIRING SUPPLEMENTATION