Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 1 of 24

**EDWARD W. ORR**
**DARLENE D. ORR**
122 Ridge Road
Terryville, CT 06786

*Sent via certified mail 7017 2680 0000 9161 6817*

November 21, 2018

Class Action Clerk[1]
U.S. District Court for the
Northern District of California
280 South 1st Street, Room 2112
San Jose, CA 95113

**SUBJECT:**   **OBJECTION AND COMMENTARY OF EDWARD AND DARLENE ORR REGARDING THE PROPOSED SETTLEMENT (in "In re: Yahoo! Inc. Customer Data Breach Security Litigation, Case Number 16-md-02752-LHK")**

**(ADDITIONAL REQUISITE DETAILS, INCLUDING, BUT NOT LIMITED TO, NAME, ADDRESS, CONTACT INFORMATION, REASONS FOR OBJECTION, ETC., ARE SHOWN BELOW)**

---

[1] **We are Settlement Class Members, and our objection is being sent via <u>certified mail</u> (in addition, please note that <u>our signatures are notarized</u>):**

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 2 of 24

Dear Sir or Madam:

## I.   INTRODUCTION AND BACKGROUND

We are objecting to the proposed settlement, and pursuant to procedures,

submit this letter and Objection/Commentary, including, but not limited to,

the following introductory information:

A. <u>NAME AND CASE NUMBER OF THIS LAWSUIT</u>:

"In re: Yahoo! Inc. Customer Data Breach Security Litigation,

Case Number 16-md-02752-LHK"

B. <u>FULL   NAME   AND   MAILING   ADDRESS,   AND   EMAIL</u>

<u>ADDRESS AND TELEPHONE NUMBER</u>:

Mailing address:

EDWARD W. ORR
DARLENE D. ORR
122 Ridge Road

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 3 of 24

Terryville, CT 06786

Email address: eanddorr2@gmail.com

Phone Number: (203) 565-5670

C. <u>AN EXPLANATION OF WHY WE BELIEVE WE ARE</u>

   <u>SETTLEMENT CLASS MEMBERS</u>:

We had multiple Yahoo! accounts and suffered numerous damages

from multiple data breaches (many of which also greatly affected

ADT and/or other systems).

Please see attached Exhibits "A" – "J," the latter of which ("Exhibit

J") includes both the printed materials following the associated tab,

and also the numerous additional materials contained on one (256

GB) flash drive contained in this certified shipment to you.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 4 of 24

Please note, also, that "Exhibit I" is a pertinent court transcript from a Yahoo-related case (involving interrelationships with ADT), in which the undersigned suffered numerous damages interrelated with the data breach/hacking parameters of the instant Yahoo! case.   This is mentioned here for a variety of reasons, not the least of which is to clarify the quite germane point that our objection in the instant case is integrally related to certain interlinked parameters of the aforementioned ADT case.

In "Exhibit I" it was noted by the renowned attorney representing us in the ADT case that the Jewish Federation of Northern California had suggested that he work with the undersigned.

The ADT case involved not only interlinked Yahoo and ADT parameters, but also potentially different treatment of the handicapped within the confines of the class action settlement, etc.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 5 of 24

Accordingly, the attorney took the case, and Judge Jon S. Tigar himself commended the attorney more than once for doing so, including in the following exchange in Court (page 46 of the aforementioned exhibit):

Mr. Winick, let me say something. It's in part for your benefit, but it's also for the benefit of everyone else if in the courtroom, including the member of the public who is sitting there.

I don't know what's going to happen with this objection. But I admire you for taking this case on pro bono after getting a phone call from an organization you trust…"

Judge Jon S. Tigar to our Counsel [2-1-18/p. 46 of the attached transcript].

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 6 of 24

Judge Tigar also mentioned, with great respect, other aspects of the Jewish Federation's rightful involvement in the case.

The above is mentioned for a variety of reasons.

One reason involves the fact that the interlocking parameters of the ADT case and the instant Yahoo! are such that the Yahoo! case parameters made the ADT case more difficult to present per se.

Accordingly, the instant case (involving Yahoo!) is obviously better suited – thus the submission of the instant objection of the undersigned in this certified transmission to you.

Another reason involves the fact that, as shown in both the Yahoo! attachments and in the related ADT case, hacking-associated anti-Semitic threats and other actions occurred.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 7 of 24

Once again, <u>Judge Tigar made it exceedingly clear that claims such as those arising from actions perpetrated against the undersigned are important</u>.

They should not be overlooked or underestimated.

And, furthermore, they should be heard fully in court.

In fact, Judge Tigar made several additional – and very pertinent statements – to our Counsel, as shown below:

> THE COURT: Are you representing Mr. Orr on a pro bono basis because the Jewish Federation thought you might do that?  They just called you?
>
> MR. WINICK:  Yes.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 8 of 24

1
2
3
4
5
6
7
8
9

# THE COURT: <u>You take all the time you need.</u>

<u>Judge Jon S. Tigar to our Counsel [2-1-18/p. 7 of the attached transcript; [Underlining and emphasis supplied].</u>

D. <u>REASONS FOR YOUR OBJECTION OR COMMENT:</u>

Please see Exhibits "A" – "J."

One of the primary reasons is that the conditions encountered by the handicapped, including, but not limited to, the undersigned, are such that THERE SHOULD BE NO

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 9 of 24

LIMITATION IN REGARD TO REIMBURSEMENT FOR
HOURS SPENT BY INJURED PARTIES.

There should be absolutely no limitation at all to the number of hours (see especially Exhibit "H").

In addition, there should be no limitation to physical, mental, emotional, and related damages.

The proposed settlement should be rejected.

Once again, please see Exhibits "A" – "J."

Counsel for both sides find themselves on a slippery slope.

Each, however, stands to unfairly gain several million dollars in benefit.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 10 of 24

No doubt the defendant is anxious to purchase *res judicata* in the broadest possible scope at the cheapest price, <u>via improperly lumping together the disparately large claims of the handicapped claims that are in effect barred because of the aforementioned time limitations</u>.

This is not fair.

There is no viable reason to define the class(es) so broadly and thereby bar the disparately large claims of the handicapped.

1. No reason was proffered in the moving papers as to why the settlement is not limited to the non-handicapped individuals.

2. Here, a significant portion of the claims have disproportionately large claims that are <u>blocked</u> by the settling parties' choice to define the class so broadly.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 11 of 24

3. The inappropriate size and definition of the class renders the settlement, as drafted, inadequate and unreasonable. Importantly, <u>as Judge Spatt has observed</u>:

> Once a court determines that class certification is appropriate, "[t]he next question is <u>whether the definition of the class proposed by [the] plaintiff[ ] … is an appropriate one</u>." *Brooklyn Ctr. For Independence of the Disabled v. Bloomberg*, 287 F.R.D. 240, 250 (S.D.N.Y.2012). In this regard, "[u]nder rule 23, district courts have <u>the power to amend class definitions or decertify classes as necessary</u>....
>
> 'In fact, the court has <u>a duty to ensure that the class is properly constituted and has broad discretion to modify the class definition as appropriate to provide the necessary precision</u>.'" *Id. (quoting Morangelli v.*

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 12 of 24

*Chemed Corp.*, 275 F.R.D. 99, 114 (E.D.N.Y.2011)).

[Underlining supplied.]

*Diaz v. Residential Credit Solutions, Inc.,* 297 F.R.D. 42, 54-55 (E.D.N.Y. 2014) (modifying the definition of the class where the Court determined the class to be "overinclusive").

4. In any case, a broad release of non-disclosure and/or related claims is by no means fair, reasonable, or adequate, nor is it a superior means of resolution as required by Rule 23.

5. Rather, this settlement is a paradigm bad settlement for consumers.

6. The undersigned and other handicapped members[2] deserve substantially more.

---

[2] Several percent of the population are handicapped; see exhibits for more information.

Page 12 of 24

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 13 of 24

7. <u>Respective Counsels (both Plaintiff and Defendant) should go back to the drawing board, and start over</u> by stratifying the awards via whether or not the customer was handicapped.

    a. The respective Counsels should not be allowed to remain derelict in their duties to properly recognize and reimburse the handicapped who suffered substantially differential damages.

    b. Furthermore, one should not be too quick to jump to the erroneous conclusion that, just because numerous (or even more than one) handicapped persons might not send in an objection to the Court, that such handicapped (and differently handled, etc.) persons are not out there – and in great numbers, too.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 14 of 24

c. IT IS THE <u>DUTY</u> OF PLAINTIFFS' COUNSEL TO <u>DEFINE</u>, <u>IDENTIFY</u> AND <u>TAKE INTO ACCOUNT</u> THE **<u>NUMBER AND LOCATION</u>** OF SUCH INDIVIDUALS.

PLAINTIFFS' COUNSEL HAS <u>NOT</u> DONE THIS.

THE PROPOSED SETTLEMENT IS <u>NOT</u> FAIR, REASONABLE OR ADEQUATE.

d. IT IS <u>ALSO</u> THE <u>DUTY</u> OF PLAINTIFFS' COUNSEL TO <u>DEFINE</u>, <u>IDENTIFY</u>, AND <u>TAKE INTO ACCOUNT</u> THE SPECIAL NEEDS OF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUCH INDIVIDUALS, AS RELATED TO A CLASS ACTION SUIT.

PLAINTIFFS' COUNSEL HAS <u>NOT</u> DONE THIS EITHER.

THE PROPOSED SETTLEMENT IS <u>NOT</u> FAIR, REASONABLE OR ADEQUATE.

e. After all, who and what are the handicapped?  Are they capable of taking to the streets and/or (independently and/or in the same manner as non-handicapped persons) sitting down at the computer and communicating with the Court?

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 16 of 24

f.  More often than not, they are <u>not</u> capable of fending for themselves (the undersigned Edward Orr certainly cannot do so, and only through the assistance of family and friends is this communication to you made possible); nor do most of them have the family and friends who can do such things as submit, even as laymen, an objection to the Court.

g.  It is very easy to deny the handicapped their day in Court, and many of us, handicapped or not, can indeed remember when the physical barriers of public sidewalks, buildings, bathrooms, and related were constructed in such a manner as to deny the handicapped their rights.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 17 of 24

h. <u>Denying the handicapped access to the justice they deserve in the Instant class action suit is no different from making the doors to the Courtroom six inches more narrow than a wheelchair.</u>

E. <u>A STATEMENT IDENTIFYING THE NUMBER OF CLASS ACTION SETTLEMENTS THAT YOU HAVE OBJECTED TO IN THE LAST THREE YEARS:</u>

As described above, and for the reasons explained therein, we objected in one other case (ADT), a case which was integrally related to the Yahoo! account hacking that occurred to us.

F. <u>WHETHER YOU INTEND TO PERSONALLY APPEAR AND/OR TESTIFY AT THE FINAL APPROVAL HEARING:</u>

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 18 of 24

Health permitting, the undersigned intend to appear if at all possible.

G. <u>THE NAME AND CONTACT INFORMATION OF ANY AND ALL ATTORNEYS REPRESENTING, ADVISING, OR ASSISTING YOU, INCLUDING ANY COUNSEL WHO MAY BE ENTITLED TO COMPENSATION FOR ANY REASON RELATED TO YOUR OBJECTION OR COMMENT</u>:

None.

H. Whether any attorney will appear on your behalf at the Final Approval Hearing, and if so the identity of that attorney:

Multiple attorneys have indicated interest in possibly appearing on our behalf, but it is unknown at this point in time which attorney, if any, may be able to appear for us.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 19 of 24

I. <u>THE IDENTITY OF ANY PERSONS WHO WISH TO BE CALLED TO TESTIFY AT THE FINAL APPROVAL HEARING</u>:

At this point, the complete answer to this particular question is unknown, but if, health permitting, the undersigned are able to appear, then the undersigned will testify.

Other individuals may also be available for testimony.

J. YOUR HANDWRITTEN OR ELECTRONICALLY IMAGED WRITTEN (E.G. "DOCUSIGN") SIGNATURE. AN ATTORNEY'S SIGNATURE, OR A TYPED SIGNATURE, IS NOT SUFFICIENT:

Our notarized signatures are contained at the end of this cover letter.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 20 of 24

Not only do our individual voices deserve to be heard, but the voices of other handicapped individuals deserve equally to be heard.[3]

Once again (and Judge Tigar himself did not hesitate to repeatedly express his support for the voicing of our particular type of objection), <u>claims such as those arising from actions perpetrated against the undersigned are indeed important</u>.

They should not be overlooked or underestimated.

And, furthermore, they should be heard fully in court.

One or more members of The Jewish Braille Institute have also expressed support.

---

[3] Please note that this submission is part of our overall submission, as additional documents and information will be filed by the undersigned. In addition, it is important to note that ECF documents 333, 335, 337 (and redacted attachments, etc., which resulted in a very unfortunate lack of transparency in regard to class members' rights to information, including information impacting objections, etc.) and/or related, et al, served as important considerations in this filing.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 21 of 24

The undersigned are also appreciative of the support of numerous others, including one or more patent attorneys and/or associated personnel who had been instrumental in helping ascertain various Yahoo-hacking-related damages, as one of the undersigned (Edward W. Orr) holds global patents, one or more of which served as part of the focus of hacking and intrusion attempts.

In addition, the undersigned are also appreciative of one or more publishing company personnel who had been instrumental in helping ascertain various Yahoo-hacking-related damages, as numerous background materials from several technical publications authored by one of the undersigned also served as part of the focus of hacking and intrusion attempts.

Appreciation is also expressed to numerous computer forensics personnel.

The composite efforts of the above – and of others – have allowed the undersigned to proceed within the spirit and intent of Judge

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 22 of 24

Tigar's commentary, <u>especially given the hacking-associated anti-Semitic threats and other actions.</u>

In addition, and within the context of the instant submission to the Court, it is important to emphasize that differential damages occurred in regard to the handicapped, and therefore the proposed settlement should be rejected.

Once again, <u>Judge Tigar made it exceedingly clear that claims such as those arising from actions perpetrated against the undersigned are important.</u>

They should not be overlooked or underestimated.

And, furthermore, they should be heard fully in court.

> Please note that the remainder of this page has been left intentionally blank, expressly in order to conform to notarial requirements affecting the following page.

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 23 of 24

Sincerely,

*Edward W. Orr*   *Darlene D. Orr*

Edward W. Orr       Darlene D. Orr

122 Ridge Road
Terryville, CT 06786
Telephone: 203-565-5670
Email: eanddorr2@gmail.com

CRS/DDO:fw927435481r

Enc.: As described herein

State of Connecticut[4]

County of Hartford ss. (Town/City)

On this the 21 day of NOV , 20 18 , before me, Corey O'Connor , the under-
signed officer, personally appeared Edward W. Orr and Darlene D. Orr

known to me (or satisfactorily proven) to be the persons whose names are subscribed
to the within instrument and acknowledged that they executed the same for the
purposes therein contained.

In witness whereof I hereunto set my hand.

Co 'Connor .

Signature of Notary Public
Date Commission Expires: 7/31/22

cc:      Social Security Administration (prm)
         Harvard Medical School/EW (prm)

[4] Note:  Owing to notarial regulations and/or signing space requirements (there is not enough
space on the signature and/or notary page(s)/section(s) for the entire carbon copy [cc] list to
simultaneously appear), part or all of the carbon copy list necessarily follows the signature
and/or notary page(s)/section(s) in this document.

Page 23 of 24

Class Action Clerk
United States District Court for the Northern District of California
November 21, 2018
Page 24 of 24

1

2

3          Yale Medical School/DK (prm)
           University of Conn. Medical School/J.Cannon Ref. EWO/3063(prm)
4          Reliance Standard (prm)
           General Accident (prm)
5          Zurich, Int./MR (prm)
           Simplex/MR (prm)
6          The Hartford/BC (prm)
           SF/DC Trust (prm)
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 24 of 24