UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 16-MD-02752-LHK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 370 |

Before the Court is an Administrative Motion to File Under Seal Portions of the Nims Declaration and Exhibit 2 to Settlement Agreement filed by Plaintiffs. ECF No. 370 ("Mot."). For the reasons stated below, the Court GRANTS Plaintiffs' administrative motion to file under seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092,

1

1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1). Where the moving party seeks to file under seal a document containing information designated confidential by the opposing party, "[w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the [opposing party] must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L. R. 79-5(e)(1).

Here, Plaintiffs seek to seal the declaration of Chris Nims and Exhibit 2 to the Settlement Agreement and Release, both of which are attached to Plaintiffs' motion for preliminary approval. *See* Mot. A motion for preliminary approval, which seeks to certify a class for settlement purposes

and to preliminary approve a settlement resolving the class's claims, is "more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d at 1099; *Kiersey v. eBay, Inc.*, No. 12-CV-01200-JST, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11, 2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive."). Accordingly, the Court applies the "compelling reasons" standard to the request to the instant sealing request.

With this standard in mind, the Court rules on the instant motion as follows:

| **Document** | **Line/Page** | **Ruling** |
|---|---|---|
| Nims Decl. | Page 6, paragraph 18, line 15 | GRANTED. |
| Nims Decl. | Page 7, paragraph 24, line 14 | GRANTED. |
| Nims Decl. | Page 9, paragraph 33 lines 11, 13, 15, 18, 21 | GRANTED. |
| Nims Decl. | Page 9, paragraph 34, lines 26–27 | GRANTED. |
| Nims Decl. | Page 10, paragraph 34, lines 4–5 | GRANTED. |
| Nims Decl. | Page 10, paragraph 37, lines 23, 24, 26 | GRANTED. |
| Nims Decl. | Page 11, paragraph 37, line 2 | GRANTED. |
| Nims Decl. | Page 11, paragraph 38, lines 3, 4, 5, 6, 8, 9 | GRANTED. |
| Nims Decl. | Page 11, paragraph 39, lines 14, 16, 17 | GRANTED. |
| Nims Decl. | Page 12, paragraph 40, lines 1–9 | GRANTED. |
| Exhibit 2 | Page 3, paragraph 7.1 | GRANTED. |
| Exhibit 2 | Page 4, paragraph 10.1 | GRANTED. |
| Exhibit 2 | Page 4, paragraph 12 | GRANTED. |

**IT IS SO ORDERED.**

Dated: June 25, 2019

_Lucy H. Koh_
LUCY H. KOH
United States District Judge