UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 16-MD-02752-LHK<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. Nos. 368, 369, 388 |

This matter is before the Court on Plaintiffs' motion for preliminary approval of class action settlement. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants have entered into an Amended Settlement Agreement and Release ("Amended Settlement Agreement") that settles the above-captioned litigation. Having considered the motion, the Amended Settlement Agreement together with all exhibits and attachments thereto, the record, and the briefs and oral argument in this matter, **IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Amended Settlement Agreement.

2. The Court has jurisdiction over this multidistrict litigation, all actions transferred to, filed in or otherwise coordinated as part of this multidistrict litigation, Plaintiffs, Defendants, and Settlement Class Members, and any party to any agreement that is part of or related to the Amended Settlement Agreement.

## PRELIMINARY APPROVAL

3. On October 22, 2018, Plaintiffs filed their motion for preliminary approval after the parties settled the instant case. ECF No. 330. The Court refers to the parties' first settlement agreement as the "First Settlement Agreement."

4. On January 30, 2019, the Court denied Plaintiffs' motion for preliminary approval of the First Settlement Agreement. ECF No. 357. The Court identified six inadequacies in the First Settlement Agreement. *Id.* Specifically, the Court found:

> First, the settlement inadequately discloses the release of claims related to any unauthorized access of data in 2012. Second, the release of the 2012 claims is improper. Third, the proposed notice inadequately discloses the size of the settlement fund. Fourth, the settlement appears likely to result in an improper reverter of attorneys' fees. Fifth, the settlement inadequately discloses the scope of non-monetary relief. Sixth, the settlement inadequately discloses the size of the settlement class. Any of these bases would be sufficient to deny the motion for preliminary approval.

*Id.*

5. On February 7, 2019, the Court stayed the case so that the parties could engage in further settlement negotiations to address the issues raised by the Court. ECF No. 361. The Court set April 8, 2019 as the deadline to file an Amended Settlement Agreement and a new motion for preliminary approval of class action settlement. *Id.*

6. Thereafter, the parties renegotiated their settlement, and on April 8, 2019, the parties filed the instant motion for preliminary approval of class action settlement, the Amended Settlement Agreement, and supporting exhibits, attachments, and declarations. ECF Nos. 368 & 369.

7. On June 27, 2019, the Court held the preliminary approval hearing. ECF No. 382. In the preliminary approval hearing, the Court explained that Plaintiffs' proposed notices were inadequate because the proposed notices failed to inform the class about the data breaches at issue. The Court also identified other necessary changes to the proposed notices. Plaintiffs agreed to file amended notices by July 11, 2019. ECF No. 381.

8. On July 11, 2019, Plaintiffs filed their amended notices. *See* ECF No. 388.

9. The Court has reviewed the terms of the proposed Amended Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion for preliminary approval of class action settlement, and the declarations of counsel. ECF Nos. 368, 369, & 388.

10. Based on its review of these filings, the Court finds that the Amended Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with mediators, the Honorable Daniel Weinstein (Ret.), Jed Melnick, and Simone Lelchuk of JAMS, over the course of two months; and further arms-length negotiation between Class Counsel and Defense Counsel following this Court's denial of the motion for preliminary approval of the First Settlement Agreement. ECF No. 357.

11. The terms of the Amended Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate. The terms of the Amended Settlement Agreement also address the inadequacies of the First Settlement Agreement identified in this Court's order denying the motion for preliminary approval of the First Settlement Agreement. ECF No. 357.

12. The Court therefore **GRANTS** preliminary approval of the Amended Settlement Agreement and all of the terms and conditions contained therein.

**PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

13. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All U.S. and Israel residents and small businesses with Yahoo accounts at any time during the period January 1, 2012 through December 31, 2016, inclusive; provided, however, that the following are excluded from the Settlement Class: (i) Defendants, (ii) any entity in which Defendants have a controlling interest, (iii) Defendants' officers, directors, legal representatives, successors, subsidiaries, and assigns; (iv) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (v) any individual who timely and validly opts-out from the Settlement Class.

14. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): (1) the Settlement Class is comprised of approximately 194,000,000 million individuals; (2) there are questions of law or fact common to the Settlement Class; (3) the Settlement Class Representatives' claims are typical of those of Settlement Class Members; and (4) the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class.

15. The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): (1) the questions of law or fact common to the Settlement Class predominate over individual questions; (2) class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy; and (3) Defendants have acted or refused to act on grounds that apply generally to the Settlement Class.

16. The Court hereby appoints as Settlement Class Representatives: John Bell, Michelle Bouras, Jana Brabcova, Reid Bracken, Paul Dugas, Hashmatullah Essar, Hilary Gamache, Mali Granot, Kimberly Heines, Andrew J. Mortensen, Brian Neff, Jared Pastor, Brendan Quinn, Deana Ridolfo, Matthew Ridolfo, and Yaniv Rivlin.

17. The Court hereby appoints:

   a. Lead Settlement Class Counsel: John Yanchunis of Morgan & Morgan Complex Litigation Group;

   b. Executive Settlement Class Counsel: Ariana Tadler of Tadler Law LLP, Stuart Davidson of Robins Geller Rudman & Dowd LLP, Gayle Blatt of Casey Gerry

4

Case No. 16-MD-02752-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

Schenk Francavilla Blatt & Penfield LLP, and Karen Hanson Riebel of Lockridge Grindal Nauen PLLP; and

c. Additional Settlement Class Counsel: Daniel Robinson of Robinson Calcagnie, Inc.

**NOTICE & ADMINISTRATION**

18. The Court appoints Heffler Claims Group as the Settlement Administrator to fulfill the duties of the Settlement Administration set forth in the Amended Settlement Agreement.

19. As discussed, on July 11, 2019, Plaintiffs filed their amended notices, which include (1) an amended long form notice (ECF No. 388-1), (2) an amended short form notice (ECF No. 388-2), and (3) an amended publication notice (ECF No. 388-3) (collectively, "Amended Notices").

20. The Court approves the Amended Notices subject to the following changes. The following language must be added to the definition of the "2014 Data Breach" in the amended short form notice and the amended publication notice: ", and, as a result, the actors may have also gained access to the contents of breached Yahoo accounts, and thus, any private information contained within users' emails, calendars, and contacts." The Court's changes would make the definition of the 2014 Data Breach substantively identical in the amended short form notice, amended publication notice, and amended long form notice. The Court refers to the Amended Notices with the Court's changes as the "Approved Notices."

21. The Court finds that the Approved Notices and Notice Plan set forth in the Amended Settlement Agreement satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The Approved Notices and Notice Plan are reasonably calculated to apprise Settlement Class Members of the nature of this litigation, the scope of the Settlement Class, the terms of the Amended Settlement Agreement, the right of Settlement Class Members to object to the Amended Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing.

5

Case No. 16-MD-02752-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

22. The Court therefore approves the Approved Notices and Notice Plan and directs the parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Amended Settlement Agreement and this Order.

23. Under the terms of the Settlement Agreement, the Settlement Administrator shall disseminate the Approved Notices and implement the Notice Plan no more than 45 days after the instant Preliminary Approval Order ("Notice Date").

24. The Court also approves the Credit Services or Alternative Compensation Claim Form (ECF No. 369-11), the Out-of-Pocket Costs Claim Form (ECF No. 369-10), the Paid User Claim Form (ECF No. 369-12), the Small Business User Claim Form (ECF No. 369-13), and the Israeli Claim Form (ECF No. 369-14), as well as the administration and/or enrollment procedures for Out-of-Pocket Costs claims, Alternative Compensation claims, Paid User Claims, Small Business Claims, and obtaining Credit Services.

**EXCLUSIONS AND OBJECTIONS**

25. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing, postmarked no later than 230 calendar days from the instant Order. To be valid, each request for exclusion must be made in writing, set forth the name of the individual, and request exclusion for that individual, not a group or class of individuals.

26. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Amended Settlement Agreement upon entry of the Final Approval Order and Judgment.

27. No person shall purport to exercise any exclusion rights for any other person, or purport to exclude any other Settlement Class Member as a group, aggregate or class involving more than one Settlement Class Member, or as an agent or representative. Any such purported exclusion shall be void and the person that is the subject of the purported opt-out shall be treated as a Settlement Class Member and be bound by the Settlement.

28. Settlement Class Members who wish to comment on or object to the Amended Settlement Agreement may do so by submitting a written objection to the Court or the Settlement Administrator in accordance with the procedures outlined in the amended long form notice no later than 230 days from the instant Order.

29. Any Settlement Class Member who does not timely submit a written objection in accordance with the procedures outlined in the amended long form notice shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Amended Settlement Agreement and/or the Final Approval Order and Judgment by appeal or other means.

## FINAL APPROVAL HEARING

30. The Court will hold a Final Approval Hearing on April 2, 2020 at 1:30 p.m. in Courtroom 8, 4th Floor, of the Northern District of California, 280 South 1st Street, San Jose, CA 95113.

31. At the Final Approval Hearing, the Court will consider whether: (a) the Amended Settlement Agreement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees, costs, and expenses should be granted; and (e) the Service Payments sought for Settlement Class Representatives should be awarded.

32. The Court reserves the right to continue the date of the Final Approval hearing without further notice to Settlement Class Members.

## DEADLINES, INJUNCTIONS, AND TERMINATION

33. All proceedings, deadlines, and discovery in this matter, except those necessary to implement this Order and the Amended Settlement Agreement, are hereby stayed and suspended until further order of the Court.

34. In the event that the Amended Settlement Agreement is terminated pursuant to the terms of the Amended Settlement Agreement, (a) the Amended Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any Action

7
Case No. 16-MD-02752-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Amended Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Amended Settlement Agreement; and (c) no term or draft of the Amended Settlement Agreement or any part of the parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Amended Settlement Agreement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any party regarding the validity of any Released Claim or the propriety of certifying any class against Defendants, or (iii) be deemed an admission or concession by any- party regarding the truth or falsity of any facts alleged in the Actions or the availability or lack of availability of any defense to the Released Claims.

35. The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

**SUMMARY OF DEADLINES**

36. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| **Notice Date:** | 45 Days from the instant Preliminary Approval Order |
|---|---|
| **Motion for Final Approval and Motion for Service Awards, Attorneys' Fees and Costs:** | 195 Days from the instant Preliminary Approval Order |
| **Opt-Out and Objection Deadlines:** | 230 Days from the instant Preliminary Approval Order |
| **Claims Period:** | 365 Days from the instant Preliminary Approval Order |
| **Final Approval Hearing** | April 2, 2020 at 1:30 p.m. |

8

Case No. 16-MD-02752-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL

**IT IS SO ORDERED.**

Dated: July 20, 2019

_____
LUCY H. KOH
United States District Judge

9
Case No. 16-MD-02752-LHK
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL