Timothy R. Hanigan (SBN 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372

Robert W. Clore (*Pro Hac Vice*)
Christopher Bandas (*Pro Hac Vice*)
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
Tel: (361) 698–5200
Fax: (361) 698-5200
Attorneys for Objector/Class Member,
James McCain

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION | Case No. 16-md-02752-LHK |
| | **OBJECTOR JAMES MCCAIN'S MOTION FO LEAVE TO FILE A REPLY TO PLAINTIFFS' OMNIBUS RESPONSE IN OPPOSITION TO OBJECTIONS TO PROPOSED SETTLEMENT** |

1
2
3
4
5

Pursuant to Local Rule 7-11, Mr. McCain moves for leave to file a reply or sur-reply to class counsels' omnibus response to the objections to correct false statements made about the objection and false personal attacks on Mr. McCain's counsel. The proposed reply or sur-reply is attached as Exhibit 1.

6
7
8
9
10
11
12
13
14

Class counsels' omnibus response to the objections offer little substantive response to Mr. McCain's objections that (1) the settlement improperly ties incentive awards to class representatives' support for the settlement, (2) class counsel put their interests ahead of the class with the quick-pay provision that is inconsistent with amended Rule 23, and (3) class counsels' requested $30 million fee is clearly excessive. Instead, the response attempts to undermine the objection with outright false attacks on Mr. McCain's counsel.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

For example, they criticize Mr. Bandas and Mr. Hanigan for a settlement reached by Mr. Bandas' client in the *Syngenta* case, which Judge Lungstrum approved in the District of Kansas. Dkt. 442 at 16 n.17. According to class counsel, "Mr. Bandas, Mr. Hanigan, and others entered into an 'Objector Settlement Agreement' with Class Counsel to Dismiss their Tenth Circuit appeals from a class settlement in exchange for payment of their attorneys' fees." *Id.* (citing Order Approving Objector Settlement Agreement and Attorneys' Fees and Expenses at 1, *In re Syngenta AG MIR 162 Corn Litig.*, No. 2:14-md-02591 (D. Kan. Jan. 6, 2020) (ECF No. 4308)). In fact, Mr. Hanigan was never an attorney in that case. He had no involvement in it whatsoever. Class counsel simply made it up. Further, while suggesting impropriety in Mr. Bandas taking a fee in *Syngenta*, class counsel ignore that the district court expressly found that the

1

settlement with the objectors provided a significant monetary benefit ($3 million) and non-monetary benefit to a class of corn farmers. *In re Syngenta AG MIR 162 Corn Litig.* 14-md-2591-JWL, Transcript of Hearing at 7-10, Dkt. 4318 (D. Kan. Jan. 3, 2020); *see also Syngenta,* 14-md-2591-JWL, Dkts. 4307, 4308.

Elsewhere, class counsel focus on Mr. Bandas, who despite their suggestions, has put himself directly before the Court by moving *pro hac vice.* He disclosed the injunction issued by Judge Pallmeyer outlining the requirements for him to represent objecting class members. And, he has complied with it. The suggestion that Mr. Bandas is hiding behind someone is belied by his appearance in the case not to mention, as disclosed in Mr. McCain's objection, that an attorney from the same firm, the Bandas Law Firm, P.C. intends to appear at the fairness hearing on Mr. McCain's behalf.

Class counsel also falsely claim that the objection is "cookie cutter[,]" "vexatious," and not made in good faith, when there is no evidence of any of those allegations. Dkt. 442 at 9. Mr. McCain's objection, if granted, would ensure adequate representation of the class, preclude class counsel from taking $30 million before the class members receive any compensation, and return more than $10 million in excess fees to the class. As will be shown in the proposed reply, if anything is frivolous or "cookie cutter," it's class counsels' response to these arguments.

Mr. McCain should be granted leave to address these and other false statements made in class counsels' omnibus response. In other contexts, courts in the Ninth Circuit recognize it is unfair to allow a litigant to interject new issues and facts without the court concomitantly allowing the opposing side an opportunity to contest them. *See Provenz v.*

*Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (when "new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond"); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper").

   "Each time the moving party is permitted to raise new arguments or present new evidence in reply, absent the Court granting leave for the nonmoving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new contentions." *Stickle v. SCI Western Mkt. Support Ctr., L.P.*, 2009 U.S. Dist. LEXIS 97735, at *13 (D. Ariz. Sept. 30, 2009). The need to permit responses to new argument is most acute when the argument, as here, includes false statements of fact. *See Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 726 (7th Cir. 2006) ("If a material misrepresentation comes in the adversary's reply brief, the appellee may ask for leave to file a supplemental statement.").

   As set forth in the attached declaration, counsel for Mr. McCain attempted to obtain a stipulation by emailing class counsel. As of the filing of this motion, class counsel had not responded to the email.

## Conclusion

   Objecting class member James McCain respectfully requests that the Court grant him leave to file a reply to the omnibus response to the objections, which paints a false light on his objection and his attorneys.

3

1

2   DATED:  March 26, 2020

Respectfully submitted,

3   */s/ Robert W. Clore*

Robert W. Clore

4   Christopher Bandas

BANDAS LAW FIRM, P.C.

5   500 North Shoreline, Suite 1020

6   Corpus Christi, TX 78401

Tel: (361) 698–5200

7   Fax: (361) 698-5200

8   *Pro Hac Vice* Admission Pending

9   Timothy R. Hanigan (125791)

10  LANG, HANIGAN &

CARVALHO, LLP,

11  21550 Oxnard Street, Suite 760

12  Woodland Hills, California 91367

(818) 883-5644

13  trhanigan@gmail.com

14

15  Counsel Objecting Class Member

James McCain

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Certificate of Service**

2

The undersigned certifies that today he filed the foregoing on ECF which will

3

send electronic notification to all attorneys registered for ECF-filing.

4

DATED:  March 26, 2020

5

6
/s/ *Robert W. Clore*
Robert W. Clore

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28