**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  YAHOO! INC. CUSTOMER DATA SECURITY BREACH LITIGATION, | No.    20-16779 |
| | D.C. No. 5:16-md-02752-LHK |
| RONALD SCHWARTZ; et al., | MEMORANDUM* |
| Plaintiffs-Appellees, | |
| JAMES MCCAIN, | |
| Objector-Appellant, | |
| v. | |
| YAHOO! INC.; AABACO SMALL BUSINESS, LLC, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted February 16, 2022
San Francisco, California

---

       *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  GOULD and RAWLINSON, Circuit Judges, and ZIPPS,[**] District Judge.

This appeal stems from a class action complaint alleging that Yahoo! Inc. and Aabaco Small Business, LLC (collectively, Yahoo) failed to employ sufficient security measures to protect class members' personal information, resulting in multiple data breaches.  The data breach impacted approximately 194 million users.

After the parties reached an amended settlement agreement, James McCain (McCain) objected to the attorneys' fee award.  The district court overruled McCain's objection.

McCain subsequently moved for attorneys' fees and an incentive award. McCain argued that he provided a material benefit to the class through his objections.  Specifically, McCain asserted that he benefited the class by challenging class counsels' fee request as excessive; "highlight[ing] and chart[ing]" the per capita recoveries in the *Equifax* and *Anthem* settlements[1]; and

---

[**]     The Honorable Jennifer G. Zipps, United States District Judge for the District of Arizona, sitting by designation.

[1] *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, at *44-45 (N.D. Ga. Mar. 17, 2020), *aff'd in part, rev'd in part and remanded*, 999 F.3d 1247 (11th Cir. 2021).  *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 318 (N.D. Cal. 2018).

2

discrediting Professor Geoffrey P. Miller's opinions.[2]  McCain maintained that class counsel's fee award, which amounts to a 1.15 lodestar multiplier and 19.4% of the settlement, "is virtually the same amount urged by McCain on the high-end of his suggested range of reasonableness."  In sum, McCain takes credit for the district court's reduction of the fees awarded to class counsel.

McCain's motion for attorneys' fees and an incentive award was denied. The court pointed to McCain's "shift[ing] positions" regarding what percentage of the settlement fund would constitute a reasonable fee.  In addition, the court noted that McCain failed to identify "significant facts" concerning the *Equifax* settlement "on which the [c]ourt relied."

McCain filed this timely appeal.

McCain argues that:  (1) the district court committed error as a matter of law in denying an incentive award on the basis that the court would have arrived at the same result; and (2) the district court abused its discretion when it denied attorneys' fees despite McCain conferring a benefit on the class.

"We review a district court's decision to grant or deny attorneys' fees for abuse of discretion, and must affirm unless the district court applied the wrong legal standard or its findings of fact were illogical, implausible, or without support

---

[2] Professor Geoffrey P. Miller was retained by Plaintiffs as an expert.

in the record. . . ." *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012) (citations omitted).

Incentive awards in class action cases "are discretionary, and are intended to compensate class representatives for work done on behalf of the class." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009).

**1.**  McCain has failed to demonstrate as a matter of law that he is entitled to attorneys' fees for raising objections of which the district court was already aware. As the district court judge noted, she presided over the *Anthem* settlement, and was already aware of the comparative recovery considerations.  The court acknowledged that McCain made a per capita recovery comparison to the *Equifax* settlement amounts, but also remarked that "long before" McCain's objection, Plaintiffs' expert, Ian Ratner (Ratner), performed similar research.  In essence, McCain's objection was merely a restatement of Ratner's work.

We have held that it is not "error to deny fees to objectors whose work is duplicative, or who merely echo each others' arguments and confer no unique benefit to the class." *Rodriguez v. Disner*, 688 F.3d at 658-59 (citations omitted). That McCain later applied Ratner's calculations to the *Equifax* settlement amounts did not confer a benefit on the class.

**2.**  We are likewise not persuaded that the district court abused its discretion by concluding that McCain's objections did not increase the fund or substantially benefit the class.  Rather than relying on McCain's objections, the district court referenced inconsistencies in Professor Miller's declaration and facts from the *Equifax* settlement that were in the record to determine the appropriate amount of fees for class counsel.  In that circumstance, there was no "*unique* benefit" conferred upon the class by McCain's objections.  *Id.* at 659 (emphasis added).

**AFFIRMED.**